FILED
JUL 23 2010
7-23-10
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 10 C 4603 |
| ) | Judge Ruben Castillo |
| PARTHA GHOSH,M.D.;WILLARD ELYEA; ) | Magistrate Judge Morton Denlow |
| JOSEPH SsENFUMA;TAMMY GARCIA; ) | |
| TERRY McCANN;MELODY FORD,and ) | |
| ROGER WALKER Jr. ) | |
| Defendants. ) | |

### COMPLAINT

Plaintiff DON LIPPERT, by pro se, complains against Defendants as follows:

### INTRODUCTION

1. In this civil rights action, Plaintiff seeks damages and injunction relief for Defendants' deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. Plaintiff suffers from Type 1 Diabetes. Defendants-the medical director and chief administratvie officer at the state facility at which Plaintiff is incarcerated and certain medical officials, and certain Stateville officials and certine Department of Corrections (IDOC) officials working in Plaintiff's prison or working for IDOC-have on numerous and continuous occasions denied Plaintiff access to adequate medical care, and knowingly disregarded excessive risks to Plaintiff's health by, among other things,(a) refusing to provide Plaintiff with a routine, healthy, nutritional, and wholesome diet to help treat and manage his chronic Type 1 Diabetes medical condition. This failure, and Defendants' actions, were indifferent and contrary to medical policy at Stateville, sound medical and dietary principles for treating Type 1 Diabetes, and Plaintiff's treatment plan. Defendant Ghosh the medical director at Stateville who was responsible for Plaintiff's treatment plan, knew of and failed to take steps to adress the inadequate medical/dietary care, to comply with proper medical procedures, medical policy, and Plaintiff' treatment plan. Defendant Willard Elyea, the Agency Medical Director for the Department of Corrections, had knowleged of and consented to the inadequate medical/dietary care provided to Plaintiff. As a result of Defendant's actions

Defendants' actions and failures to act, Plaintiff suffered and still suffers serious harm / injuries.

### JURISDICTION, VENUE, and EXHAUSTION of REMEDIES

2. This action is brought pursuant to 42 U.S.C.§ 1983. This Court has jurisdiction pursuant to 28 U.S.C.§ 1331. On belief, more than one Defendant resides in this judicial district, and all the Defendants reside in Illinios. Moreover, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Accordingly, venue is proper under 42 U.S.C.§ 1391 (b) (1) and (2).

3. Prior to filing this Complaint, Plaintiff had exhausted any necessary administrative grievance procedures and administrative remedies.

### PARTIES

4. Plaintiff Don Lippert is and has at all relevant times been a citizen of the United States. He is and was at all relevant times an inmate at Stateville Correction Center (Stateville) in Joliet, Illinios. On April 20, 2008, Plaintiff was housed at Stateville Correctional Center.

5. On information and belief, Defendant Dr. Partha Ghosh is a contractor for, Stateville. Defendant Ghosh was at all relevant times the medical director at Stateville. At all relevant times, he acted under color of state law, as a state official acting on behalf of the state. Dr. Ghosh was the medical professional responsible for Plaintiff's medical treatment and care at Stateville.

6. On information and belief, Defendant Willard Elyea is a physician licensed to practice in Illinois. Defendant Elyea is either an employee of, or a contractor for, IDOC. Defendant Elyea was at all relevant times the Agency Medical Director for IDOC. At all relevant times, he acted under color of state law, as a state official acting on behalf of the state. Dr. Elyea was the IDOC medical professional responsible for Plaintiff's medical treatment and care while in IDOC.

7. On information and belief, Defendant Joseph Ssenfuma is a nurse licensed to practice in Illinois. Defendant Ssenfuma is a contractor for, Stateville. Defendant Ssenfuma was at all relevant times a registered nurse at Stateville. At all relevant times, he acted under color of state law, as a state official acting on behalf of the state. On the days of April 20, 2008,

2

and May 19, 2008, he was the RN Supervisor at Stateville were Plaintiff is incarcerated at.

8. Defendant Tammy Garcia was at all relevant times employed at Stateville as the prison 'Grievance Officer' of inmate issues. At all relevant times, she acted under color of state law, as a state official acting on behalf of the state. Garcia was responsible as a 'G.O.' to investigate complaints in grievances filed by inmates and make recommendations to the Warden based on his/her findings. Furthermore, upon receipt of a grievance, the Grievance Officer (G.O.) will assemble any other information, interview the grievant, if necessary, and make recommendations to the IDOC Director. On the day of June 6, 2008, she was responsible for the inmate issues being grieved were Plaintiff is incarcerated at.

9. Defendant Terry McCann was at all relevant times employed at Stateville as the 'Chief Administrative Officer'. At all relevant times, he acted under color of state law, as a state official acting on behalf of the state. McCann is responsible for the overall operations of the facility, the supervision, and protection of offenders assigned to his Institution, the supervision of it's staff members, and ultimately for overseeing both program and operational services of the facility, as well as ensuring compliance with all Departmental Directives and Rules. He is to advise the comitted person of the grievance disposition, in writing, within two (2) months or as resonable amount of time after receipt of the written grievance. On June 18, 2008, he was the warden at Stateville were Plaintiff is incarcerated at.

10. Defendant Melody Ford was at all relevant times employed by the IDOC as the Administrative Review Board member of Inmate Issues. At all relevant times she acted under color of state law, as a state official acting on behalf of the state. Ford was directly responsible for the reviews the appeals of grievances and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for a two-person 'A.R.B.' hearing involving an interview of the grieving inmate, examining relevant documents and at the A.R.B.'s discretion, calling witnesses. The A.R.B. submits a written report of its findings and recommendations to the Director or the Director's designee, who then reviews the report and makes a final determination on the grievances. On the day of July 14, 2008, she was directly responsible for the reviews of my grievance appeal to the Director.

11. Defendant Roger Walker Jr. was at all relevant times employed by the Illinois Department of Corrections (IDOC) as the Director. At all relevant

3

times, he acted under color of state law, as a state official acting on behalf of the State. Walker was directly resposible for reviewing inmate grievances of persons' committed to IDOC, the responses of the Grievance Officers, and Chief Administrative Officers in connection with these grievances, while making determinations of whether these grievances require a hearing before the A.R.B., if so then advising the committed persons of these dispositions in writing. On the day of December 8, 2008, he was directly responsible for the functioning of all of IDOC Prisons as the chief overseer. Defendant Walker had knowledge of Plaintiff's inadequate medical care through, among other things, the grievance filed by Plaintiff, and he consented to that inadequate care.

12. At all relevant times, Defendants acted in their individual and official capacities in their positions as medical director, agency medical director, IDOC director, registered nurse supervisor, grievance officer, administrative review board member for Stateville and IDOC.

13. As of and prior to April 20, 2008, Plaintiff required a routine and healthy diet& frequent visits to medical specialists in Nutrition of two (2) times a year or as needed for the purpose of treating and managing the medical complications and providing other medical care as needed, necessary to keep Plaintiff healthy and safe from serious injury to control his Type 1 Diabetes condition.

### DEFENDANTS' FAILURE TO PROVIDE ADEQUATE AND NECESSARY MEDICAL CARE

14. Plaintiff has been diagnosed with Type 1 Diabetes. At all relevant times hereto each of the Defendants' knew of and were aware of Plaintiff's serious medical condition.

15. Prior to April 20, 2008, Defendant Ghosh had prescribed treatment for Plaintiff's diabetes, including but not limited to a routine and healthy diet under American Diabetes Association (ADA) Standards, and providing other medical care as needed.

16. A routine and healthy diet under ADA Standards were critical to Plaintiff's safety and health. as an incarcerated prisoner, Plaintiff was dependant on the Defendant to provide him with a routine and healthy diet to keep him healthy and safe from serious harm/injury.

17. On February 18, 2005, Defendant Ghosh, M.D. had sent me a MEMO/letter stating that,'Effectiv immediately, the diet used to treat diabetes will be a "Low Concentrated Sweets" or LCS Diet. Calorie controlled diets (1800cal,

4

2500cal, 2800cal,ect.) will no longer be used. The LCS diet restricts concertrated sweets suchas sugar, candy, honey, jelly, jam, syrup, pies, cakes, puddings and sweetened soft drinks, ect.'.

18. After I had received this MEMO/Letter I had complained verbally to Dr. Ghosh, and other medical officials of how I'm still being served and forced to eat the same exact foods/meals plus deserts that are being served to the entire prison population for their meals.

19. After verbally stressing my MEDICAL DIETARY concerns to Dr. Ghosh, no medical official acted to take corrective measures to place an end to the heinous medical mistreatment.

20. As a result of Defendant actions and failures to act, Plaintiff suffered and still suffers injuries of Diabetic Neuropathy, severe headaches, weight lost, pooer eye vision, severe fluctuating blood sugar levels, and pain/numbness in hands, feet, and legs.

21. On May 19, 2008, Defendant Ssenfuma had knowledge of Plaintiff's inadequate medical care/treatment through, among other things, the inmate greivance that Plaintiff filed on 'MEDICAL TREATMENT' dated: April 20, 2008, which he had received on April 21, 2008, and wrote his medical 'RESPONSE' on May 19, 2008, stating in brief, " I strongly believe offender Lippert diet is very appropriate for his medical condition we have not had any problems with other diabetic patients", and consented to that inadequate medical care/treatment, giving rise to the Claim against him.

22. Defendant Ssenfuma denied Plaintiff's access to adequate medical care/treatment, and knowingly disregarded excessive risks to Plaintiff's health and well-being by, among other things, (a) refusing to take corrective action measures,(b) refusing to provide Plaintiff with a routine and healthy diet, (c) allowing and condoning the actions of the medical department to provide inadequate medical care/treatment for my dietary needs,(d) knowingly and deliberately making false statements and reports to cover up the gross misconduct of the medical departments failure to enforce the American Diabetes Association (ADA) Nutritional Guidelines for Diabetics.

23. All of these failures, and Defendants actions, were contrary to sound medical care for treating and managing Plaintiff's chronic medical condition.

24. Defendant Ssenfuma acted at all relevant times with evil motive or intent, or recklessly or with callous indifference to Plaintiff's constitutional rights.

25. As a result of Defendant actions and failures to act, Plaintiff suffered and still suffers injuries of Diabetic Neuropathy, severe headaches, weight lost, pooer eye vision, severe fluctuating blood sugar levels, and pain/numbness in hands, feet, and legs.

26. ON April 22, 2008, Defendant Garcia had knowledge of Plaintiff's inadequate medical care/treatment when she had received my 'MEDICAL TREATMENT' grievance; On June 5, 2008, she had received RN Supervisor, Joseph Ssenfumas' 'MEDICAL RESPONSE', and on June 6, 2008, she arbitrarily denied my grievance stating, " This Grievane Officer has no medical expertise or authority to contradict the doctor's recommendations/diagnosis", and consented to that inadequate medcare/treatment, giving rise to the Claim against her.

27. Defend Garcia denied Plaintiff's acess to adequate medical care/treatment and knowingly disregarded excessive risks to Plaintiff's health and well-being by, among other things,(a) refusing to take appropriate corrective action measures,(b) knowingly and deliberately refusing to use sound decision making by not trying to obtain relevant medical/dietary treatment documents on Nutrition Guidelines on how to treat/manage Type 1 Diabetes, or even to investigate/inquire with an outside indepedent Nutritionist for relevant medical information about the grieved matter for her final conclusion,(c) allowing and condoning the actions of the medical department to provide inadequate medical care/treatment,(d) knowingly and deliberately alowing the gross misconduct of the medical departments failure to enforce the American Diabetes Associations (ADA) Nutritional Guidelines for Diabetes.

28. All of these failures, and Defendants actions, were contrary to sound medical care for treating and managing Plaintiff's chronic medical condition.

29. Defendant Garcia acted at all relevant times with evil motive or intent, or recklessly or with callous indifference to Plaintiff's constitutional rights.

30. As a result of Defendant actions and failure to act, Plaintiff suffered and still suffers injuries of Diabetic Neuropathy, severe headaches, weight lost, pooer eye vision, severe fluctuating blood sugar levels, and pain/numbness in hands, feet, and legs.

31. On June 18, 2008, Defendant McCann, had knowledge of Plaintiff's inadequate medical care/treatment when he had received my 'MEDICAL TREATMENT' greivance dated April 20, 2008; On June 18, 2008, he arbitrarily denied my greivance concuring with the medical department and the Greivance Officers deliberate indifferrnce towards my health, giving rise to the Claim against him.

32. Defendant McCann denied Plaintiff access to adequate medical care/

treatment and knowingly disregarded excessive risks to Plaintiff's health and well-being by, among other things,(a) refusing to take corrective action measures,(b) knowingly and deliberately refusing to use sound decision making by not trying to obtain relevant medical/dietary treatment documents on Nutrition Guidelines on how to treat/manage Type 1 Diabetes, or even to investigate/inquire with an outside independent Nutritionist for relevant medical information about the greived matter for his final 'RESPONSE',(c) allowing and condoning the actions of the medical department to provide inadequate medical care/treatment,(d) knowingly and deliberately allowing the gross misconduct of the medical departments failure to enforce the American Diabetes Associations (ADA) Nutritional Guidelines for Diabetes.

33. All of these failures, and Defendant actions, were contrary to sound medical care for treating and managing Plaintiff's chronic medical condition.

34. Defendant McCann acted at all relevant times with evil motive or intent, or recklessly or with callous indifference to Plaintiff's constitutional rights.

35. As a result of Defendant actions and failure to act, Plaintiff suffered and still suffers injuries of Diabetic Nueropathy, severe headaches, weight lost, pooer eye vision, severe fluctuating blood sugar levels, and pain/numbness in hands, feet, and legs.

36. On July 14, 2008, Defendant Ford, had knowledge of Plaintiff's inadequate medical care/treatment when she had received my 'MEDICAL TREATMENT' greivance; On July 14, 2008, or on November 17, 2008, she arbitrarily denided my greivance stating in brief," Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the greivance denied.". and consentec to that inadequate medical care/treatment, giving rise to the Claim against her.

37. Defendant Ford denied Plaintiff's access to adequate medical care/treatment and knowingly disregarded excessive risks to Plaintiff's health and well-being by, among other things,(a) refusing to take corrective action measures, (b) knowingly and deliberately refusing to use sound fact finding decision making by not trying to obtain relevant medical/dietary treatment documents on Nutrition Guidelines on how to treat/manage Type 1 Diabetes, or even to investigate/inquire with an outside independent Nutritionist for relevant medical information about the greived matter for her final'RESPONSE',(c) allowing and condoning the actions of the medical department to provide inadequate medical care/treatment,(d) knowingly and deliberately allowing the gross misconduct of the medical departments failure to enforce the American Diabetes Associations

7

(ADA) Nutritional Guidelines for Diabetes.

38. All of these failures, and Defendant actions, were contrary to sound medical care for treating and managing Plaintiff's chronic medical condition.

39. Defendant Ford acted at all relevant times with evil motive or intent, or recklessly or with callous indifference to Plaintiff's constitutional rights.

40. As a result of Defendant actions and failure to act, Plaintiff suffered and still suffers injuries of Diabetic Nueropathy, severe headaches, weight loss, pooer eye vision, severe fluctuating blood sugar levels, and pain/numbness in hands, feet, and legs.

41. On December 8, 2008, Defendant Walker, had knowledge of Plaintiff's inadequate medical care/treatment when he had received my 'MEDICAL TREATMENT' grievance; On December 8, 2008, he arbitrarily denied my grievance by 'CONCRRING' with the Administrative Review Board deliberate indifference towards my health, giving rise to the Claim against him.

42. Defendant Walker denided Plaintiff's access to adequate medical care/treatment and knowingly disregarded excessive risks to Plaintiff's health and well-being by, among other things,(a) refusing to take corrective action measures,(b) allowing and condoning the actions of the medical department, grievance officer, chief administrative officer and administrative review board to provide inadequate medical care/treatment,(c) knowingly and deliberately refusing to use sound fact finding decision making by not trying to obtain relevant medical/dietary treatment documents on Nutrition Guidelines on how to treat/manage Type 1 Diabetes, or even to inquire with an outside independent Nutritionist for relevant medical information about the grieved matter for his final 'DECISION',(d) knowingly and deliberately allowing the gross misconduct of the medical departments failure to enforce the American Diabetes Associations (ADA) Nutritional Guidelines for Diabetes.

43. All of these failures, and Defendant actions, were contrary to sound medical care for treating and managing Plaintiff's chronic medical condition.

44. Defendant Walker acted at all relevant times with evil motive or intent, or recklessly or with callous indifference to Plaintiff's constitutional right

45. As a result of Defendant actions and failure to act, Plaintiff suffered and still suffers injuries of Diabetic Nueropathy, severe headaches, weight loss, pooer eye vision, severe fluctuating blood sugar levels, and pain/numbness in hands, feet, and legs.

46. April 20, 2008, was not the first time Defendants had displayed deliberate indifference to Plaintiff's serious medical condition. On numerous occasions prior to April 20, 2008, Defendants had failed to provide Plaintiff with the treatment that was necessary and part of his treatment plan for his Type 1 Diabetes. Among other things, Plaintiff had on numerous occasions not received his 2800cal. ADA DIABETIC DIET. Defendants Elyea, Ghosh, and Ssenfuma were aware of this systematic inadequate diet and repeated failures to follow Plaintiff's treatment plan, and they failed to take steps to ensure that that treatment plan was properly carried out and that Plaintiff was provided with a routine and healthy diet.

## COUNT 1
### DEFENDANTS McCANN, GARCIA, FORD, WALKER

47. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-46 for this paragraph 47 of Count 1.

48. Defendants McCann, Garcia, Ford, and Walker were deliberately indifferent to Plaintiff's serious medical/dietary needs.

49. Plaintiff's medical condition was objectively serious.

50. Defendants McCann, Garcia, Ford, and Walker were aware of and disregarded an excessive risk to Plaintiff's health.

51. Defendants acted with evil motive or intent, or recklessly or with callous indifference to Plaintiff's rights.

52. As a result of Defendants' deliberate indifference, Plaintiff suffered and still suffers serious harm.

53. By their actions, Defendants subjected Plaintiff or caused him to be subjected to a deprivation of his rights, privileges, or immunities secured by the Eighth Amendment to the Constitution, as made applicable to the states through the Fourteenth Amendment to the Constitution. By their actions, Defendants violated 42 U.S.C. § 1983.

## COUNT II
### DEFENDANTS GHOSH, SSENFUMA and ELYEA

54. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-53 for this paragraph 54 of Count II.

55. Defendants Ghosh, Ssenfuma, and Elyea were aware of a systematic lapse in enforcement of Plaintiff's treatment plan, and Stateville's and the Department of Corrections' policies regarding medical care and treatment of prisoners suchas Plaintiff, by, among other things, a failure to provide Plaintiff with

a routine and healthy ADA Diet.

56. Defendants Ghosh, Ssenfuma, and Elyea failed to ensure that the policies of Stateville and the Department of Corrections and Plaintiff's treatment plan- including but not limited to the dietary needs- were carried out, and they failed to ensure that Plaintiff was provided with a proper routine and healthy diet.

57. Defendants Ghosh, Ssenfuma, and Elyea's failure to ensure that the the treatment plan and policies of Stateville and the Department of Corrections were carried out amounted to deliberate indifference to Plaintiff's serious medical needs.

58. Defendants Ghosh, Ssenfuma, and Elyea acted at all relevant times with evil motive or intent, or recklessly or with callous indifference to Plaintiff's rights.

59. As a result of Defendants Ghosh, Ssenfuma and Elea's deliberate indifference, Plaintiff suffered and still suffers serious harm.

60. By their actions, Defendants Ghosh, Ssenfuma and Elyea subjected Plaintiff or caused him to be subjected to a deprivation of his rights, privileges, or immunities secured by the Eighth Amendment to the Constitution, as made applicable to the states through the Fourteenth Amendment to the Constitution. By their actions, Defendants violated 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for entry of judgment in his favor and awarding the following relief against the Defendants:

(1) A declaration judgment that the Defendants' actions, as described above, constituted deliberate indifference, in violation of the Eighth Amendment to the Constitution, as made applicable to the states through the Fourteenth Amendment to the Constitution, and 42 U.S.C. § 1983;

(2) injunctive relief, in the form of an order(i) enjoining and prohibiting the individual Defendants and other current and future employees of Stateville and Department of Corrections from further deprivations of Plaintiff's Constitutional rights;(ii) requiring that the Defendants provide him with wholesome and nutritional foods under the American Diabetes Association Recommended Standard Diet for the medical treatment and management of Plaintiff's Type 1 Diabetes;(iii) requiring that the Defendants povide Plaintiff to be seen by a certifyed license nutritionist two (2) times a year as recommended under the ADA Guidelines for Plaintiff's Type 1 Diabetes chronic condiotion;(iv) requiring that the Defendants transfer Plaintiff to a State facility that that can

provide proper and necessary adequate med. care/treament for his chronic medical condition, such as Dixon Correctional Center.

(3) monetary compensation in the amount of $35,000 from Defendant Partha Ghosh in his individual/official capacity,

(4) monetary compensation in the amount of $35,000 from Defendant Willard Elyea in his individual/official capacity,

(5) monetary compensation in the amount of $25,000 from Defendant Terry McCann in his individual/official capacity,

(6) monetary compensation in the amount of $40,000 from Defendant Joseph Ssenfuma in his individual/official capacity,

(7) monetary compensation in the amount of $25,000 from Defendant Tammy Garcia in her individual/official capacity,

(8) monetary compensation in the amount of $25,000 from Defendant Melody Ford in her individual/official capacity,

(9) monetary compensation in the amount of $35,000 from Defendant Roger E. Walker in his individual/official capacity;

(10) punitive damages;

(11) mental and emotional injury damages; and

(12) such other relief as the Court deems just and proper.

Date:

Respectfully submitted,

/s/ Don Lippert

DON LIPPERT- Plaintiff

Don Lippert
#B-74054
P.O. Box 112
Joliet, Il. 60434

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

### Grievance Officer's Report

Date Received: April 22, 2008  Date of Review: June 6, 2008  Grievance # 0848

Committed Person: Don Lippert  Inmate #: B74054

Nature of Grievance: Medical Tx

Facts Reviewed: Grievant alleges he should be on a special diet because of his diabetes

Relief Requested: diabetic diet

Grievance written: 4-20-08

Sent to HCU: 4-21-08

Medical response received: 6-5-08

Per RN Supervisor, Joseph Ssenfuma: (summarized) According to the memo that Dr. Ghosh dated on 10-17-07, in reference to the Agency Medical Director, Stateville Correctional Center was giving a regular diet that was already low in cholesterol, fat, and concentrated carbohydrates as such it is already a therapeutic diet. I strongly believe offender Lippert diet is very appropriate for his medical condition we have not had any problems with other diabetic patients

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

Recommendation: No further action necessary at this time.

**Tammy Garcia**
Print Grievance Officer's Name   Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 6-18-08   ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:

T. McCann Jr.   6/18/08
Chief Administrative Officer's Signature   Date

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Don Lippert   B-74054   7-8-08
Committed Person's Signature   ID#   Date

EXH. 1

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 4-20-08 | Offender: (Please Print) Don Lippert | ID#: B-74054 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___  Date of Report  Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This is a grievance against Dr. Partha Ghosh, MD, Medical Director for being deliberate indiferent towards my health and life by taking away the Stateville ADA "Diabetic Diet" calorie controlled diets (1800 cal, 2500 cal, 2800 cal, etc.) to treat and help manage the prisons chronic Diabetic inmates illness.

This IDOC Employee, Partha Ghosh, MD, had made his own Diabetic Diet which he had enforced here in the prison Dietary Dept, which he calls "Low Concentrated Sweets" or LCS Diet. ———— OVER ————

**Relief Requested:** NOTE: Due to the long Relief Requested my Relief Request will be on the other side of this Grievance on page #2.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Offender's Signature  ID#  Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 4/21/08
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: this grievance cannot be resolved at counselor level so will be forwarded to HCU Administration for handling. A copy will also be sent to SIA Griev. Office to log in and ensure handling.

Rabideau C02 — Print Counselor's Name
Rabideau C02 — Counselor's Signature — 4/21/08

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____  ___/___/___
Chief Administrative Officer's Signature  Date

Distribution: Master File; Offender  Page 1  DOC 0046 (Rev. 3/2005)

EXH. 1a

This IDOC Employee, Dr. Partha Ghosh implementation medical order of this LCS Diet is to restrict concentrate sweets such as sugar, candy, honey, jelly, jam, pies, syrup, cakes, puddings and sweetened soft drinks, etc."

The facts of this grievance is that I have voiced my concerns to Dr. Partha Ghosh verbally and by written communications means regarding to his LCS Diet to which that I am still being served jelly, syrup, pies, cakes, cookies, puddings and ice cream for my meals of breakfast, lunch, and dinner.

Dr. Partha Ghoshs verbal medical response to me is that, "I shouldn't be getting these things with my meals, but I know not to eat them so what is my concern." I informed this IDOC Employee, Dr. Ghosh that my concern is that he knows that I'm still being served nothing but sugary and high carbohydrated containing foods for my meals and nothing nutritious or wholesome to help treat and manage my chronic diabete illness. I further stated to Dr. Partha Ghosh that due to his unconcerns for my diabetic dietary needs which is still non-existent is a big factor to why I have suffered severe diabetic complications of out of control blood sugar levels which has caused me to get sick and ER (Emergency Room) visits of severe low blood sugar levels. I have lost weight and have complications of bad/poor vision and circulation in my hands and feet.

This IDOC Employee, Dr. Partha Ghosh is well aware of my medical concerns regarding my dietary needs for the proper treatment/management of my Type 1 Diabetes illness. But this IDOC Employee, Dr. Ghosh refuses to fix and correct the Prison Dietary Departments poor and unhealthy and unnutritious foods being served to me and other diabetics.

RELIEF REQUESTED CON: ① To have a registered dietitian, knowledgeable and skilled in implementing proper nutrition into diabetes management here in S.C.C. ② To recieve a ADA Standard Recommended Diet referring to Fiber-Containing healthy foods such as (Fresh fruits, Fresh or Steamed beans and starchy vegetables and whole grains) ③ To be served unrefined carbohydrates such as (breads and other products made with whole wheat and other whole grains).

EXH. 1b

## MEMORANDUM

Date: May 19, 2008

To: Grievance Office

From: Joseph Ssenfuma
RN Supervisor

Subject: Medical Grievance for Lippert, Don B74054

The offender Lippert grievance on ADA diet, chart reviewed and grievance investigated.
According to the memo that Dr. Ghosh dated on 10/17/07, in reference to the Agency Medical Director, Stateville Correction center was giving a regular diet that was already low in cholesterol, fat, and concentrated carbohydrates As such it is a therapeutic diet.
The only special diets we have are as following:
1.) Dental – soft pureed diet, people with no teeth.
2.) Rend diet – people with end stage renal disease
3.) Vegan (Hebrew diet (only after approval from chaplain).

I strongly believe offender Lippert diet is very appropriate for his medical condition we have not had any problems with other diabetic patients.

EXH. 1c



**Illinois Department of Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

November 17, 2008

Don Lippert
Register No. B74054
Stateville Correctional Center

Dear Mr. Lippert:

This is in response to your grievance received on July 14, 2008, regarding medical treatment (requests special diet due to diabetes), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's report, 0848, and subsequent recommendation dated June 6, 2008 and approval by the Chief Administrative Officer on June 18, 2008 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc: Warden Terry McCann, Stateville Correctional Center
Don Lippert, Register No. B74054

EXH. 2

## Meal Plans for Diabetic Diets

| Breakfast: | 1800 cals | 2200 cals | 2500 cals | 2800 cals | 3000 cals |
|---|---|---|---|---|---|
| Fruit | 1 | 1 | 2 | 2 | 2 |
| Bread | 3 | 3 | 4 | 4 | 4 |
| Meat | 0 | 1 | 1 | 1 | 1 |
| Milk | 1 | 1 | 1 | 1 | 1 |
| Fat | 2 | 2 | 2 | 2 | 3 |

| Lunch: | 1800 cals | 2200 cals | 2500 cals | 2800 cals | 3000 cals |
|---|---|---|---|---|---|
| Meat | 3 | 3 | 3 | 3 | 3 |
| Bread | 2 | 4 | 4 | 4 | 4 |
| Vegetable | 1 | 1 | 2 | 2 | 2 |
| Fruit | 1 | 1 | 1 | 1 | 2 |
| Milk | 1 | 1 | 1 | 1 | 1 |
| Fat | 2 | 3 | 3 | 3 | 4 |

| Dinner: | 1800 cals | 2200 cals | 2500 cals | 2800 cals | 3000 cals |
|---|---|---|---|---|---|
| Meat | 3 | 3 | 3 | 3 | 4 |
| Bread | 3 | 4 | 4 | 4 | 4 |
| Vegetable | 2 | 2 | 2 | 2 | 2 |
| Fruit | 1 | 1 | 2 | 2 | 2 |
| Milk | 0 | 0 | 0 | 0 | 0 |
| Fat | 3 | 3 | 3 | 3 | 4 |

| HS snack | 1800 cals | 2200 cals | 2500 cals | 2800 cals | 3000 cals |
|---|---|---|---|---|---|
| Meat | 0 | 0 | 1 | 2 | 2 |
| Bread | 2 | 2 | 2 | 2 | 3 |
| Fruit | 1 | 1 | 1 | 1 | 2 |
| Fat | 0 | 0 | 2 | 2 | 2 |

EXH. 3



Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

TO: Lippert #B74054 F132 p64

FROM: Dr. Partha Ghosh, MD, Medical Director
Carol Jushkewich, RD, LDN Dietitian

DATE: 2/18/05

SUBJ: Diabetic Diet

Effective immediately, the diet used to treat diabetes will be a "Low Concentrated Sweets" or LCS Diet. Calorie controlled diets (1800 cal, 2500 cal, 2800 cal, etc.) will no longer be used. The LCS diet restricts concentrated sweets such as sugar, candy, honey, jelly, jam, syrup, pies, cakes, puddings and sweetened soft drinks, etc.

As a diabetic, it is important for you to eat a consistent amount of carbohydrate at each meal, while limiting your intake of sweets and sugar containing foods. If you are overweight, you should lose weight and focus on portion sizes. Overeating will increase your blood sugar levels. Engaging in physical exercise at least four or more times per week is recommended.

Cc: Mary Garbs, RN AHCUA
Florence Trotta, RN, Director of Nurses
Jimmy Dominguez, Asst Warden of Programs
Alex Jones, Asst. Warden of Operations
Quenton Tanner, Food Supervisor

EXH. 4

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

DON LIPPERT,

Plaintiff,

v. ) Case No. _____

PARTHA GHOSH, M.D., et al.

Defendants.

## PROOF/CERTIFICATE OF SERVICE

TO: Michael Dobbins,
U.S. DISTRICT CLERK
PRISIONER CORRESPONDENCE
219 South Dearborn Street
Chicago, IL. 60604

TO: _____

PLEASE TAKE NOTICE that on June 23, 20 10, I have placed the documents listed below in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: 9- Civil Rights Complaints 1983

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 6/23/2010

/s/ Don Lippert
NAME: Don Lippert
IDOC#: B-74054
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Jan 2002