IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-cv-4603 |
| ) | |
| SALVADOR GODINEZ, et al., ) | Judge Sara Ellis |
| ) | Magistrate Judge Daniel Martin |
| Defendants. ) | |

## AGREED ORDER APPOINTING EXPERT

This Court, with the agreement of the plaintiffs and the state defendants ("parties"), enters this order appointing Dr. Ronald Shansky as an expert ("Expert") in this case pursuant to Rule 706 of the Federal Rules of Evidence.

**Scope of the Expert's Duties**

1a. The Expert will assist the Court in determining whether the Illinois Department of Corrections ("IDOC") is providing health care services to the offenders in its custody that meet the minimum constitutional standards of adequacy. The Expert will investigate all relevant components of the health care system except for programs, services and protocols that relate exclusively to mental health. If systemic deficiencies in IDOC health care are identified by the Expert, he will propose solutions for consideration by the parties and the Court. These proposed solutions (if any) will form the bases for future negotiations between the parties in an effort to craft a final settlement of this matter, or,

alternatively, may be offered into evidence in the trial of this matter. The Expert will not recommend specific treatment for individual offenders unless those recommendations relate to systemic deficiencies in the health care provided to offenders in IDOC custody.

1b. The Expert, his consultants and assistants shall not provide opinions and/or testimony in unrelated cases based on knowledge and/or information gained in the course of performing their services in this matter.

**Retention of Consultants and Assistants**

2a. The Expert may retain consultants and assistants as he deems necessary to conduct the assessment required herein. Before doing so, the Expert shall provide written notice to the parties identifying the proposed consultants and/or assistants as well as their fees and relevant experiences. If any party objects, that party shall submit a written statement describing the objection to the other party and the Expert within seven calendar days of receipt of the notice. Within seven calendar days of receipt of the objection, the parties and the Expert shall meet and confer. If an agreement is not reached, any party or the Expert may file a motion with the Court within seven calendar days of the meeting; otherwise any objection is waived.

2b. The Expert shall provide each retained consultant and assistant with a copy of this Order and the Protective Order entered by the Court on April 11, 2012.

**Initial Meeting of the Expert with the Parties**

3a. Within 21 days of the entry of this Order, and before the Expert begins his investigation, the Expert shall meet with the parties to discuss how the investigation will be conducted.

3b. If the Expert resigns or otherwise becomes unavailable, the parties will attempt to agree on the selection of a replacement. If the parties are unable to reach agreement, each party will nominate one person to serve as the replacement and present the issue to the Court for resolution.

**Investigation**

4a. The Expert shall have the discretion to plan and conduct the investigation in accordance with his professional judgment, subject to this Order. The Expert shall base his opinions on facts and data reasonably relied upon by experts in the field of correctional health care.

4b. The Expert will review IDOC policies, procedures and forms related to the provision of health care at its correctional facilities.

4c. The Expert, his consultants and assistants will have the authority to perform on-site tours of all IDOC facilities, subject to any security concerns and with at least 12 hours' notice to the IDOC General Counsel's office. During his visits to IDOC facilities, the Expert and his consultants and assistants may observe the delivery of treatment and services.

4d. The parties tentatively recommend that the Expert and/or his consultants and assistants visit Stateville Correctional Center/Northern Reception Center, Dixon

Correctional Center, Logan Correctional Center/Reception Center, Hill Correctional Center, and Western Correctional Center. However, the Expert may elect to visit other facilities or decline to visit any of the recommended facilities at his discretion.

4e. The Expert and his consultants and assistants shall have timely access to all files, reports or other records which are not privileged under the attorney-client or work product privileges, and documents relevant to IDOC health care within the control of or subject to access by IDOC. In the event the Expert seeks access to a document relevant to his investigation that is not within the control of or subject to access by IDOC, the parties will assist the Expert in obtaining access to the document, including by serving a subpoena or bringing the matter to the attention of the Court. The Expert and his consultants and assistants will have access to health care staff, inmates and other persons having information relevant to the assessment of the adequacy of health care provided to offenders in IDOC custody.

**Report**

5a. Within 210 calendar days of the initial meeting between the Expert and the parties detailed in Paragraph 3a of this Order, the Expert shall deliver to the parties a Confidential Draft Report addressing the issues described in Paragraph 1a of this Order.

5b. Within forty-five calendar days of receipt of the Confidential Draft Report, any party may submit to the Expert written comments regarding the Confidential Draft Report, with notice and a copy to the other party.

5c. Within thirty calendar days of the receipt of any written comments, the Expert shall conclude his investigation and submit a Final Confidential Report to the parties, which shall be treated as if marked "Attorneys Eyes Only" pursuant to the Protective Order entered by this Court on April 11, 2012 until either the plaintiffs and state defendants move for approval of a proposed settlement, or there is mutual agreement or a determination by the Court that there has not been reasonable progress toward a settlement in this matter.

5d. Pursuant to Rule 706(b) of the Federal Rules of Evidence, the Expert may be deposed by any party only following either mutual agreement of the parties or a determination by the Court that there has not been reasonable progress toward settlement in this matter. The Expert may, also, be called as a witness at trial or hearing by any party or the Court. No party shall be bound by any of the opinions contained in the Final Report.

**Documents**

6a. The Expert and his consultants and assistants, and counsel for any party, shall maintain the confidentiality of all material obtained and reviewed pursuant to this Order, as if all material was marked "Attorneys Eyes Only" as set forth in the Protective Order entered by this Court on April 11, 2012.

6b. All drafts of and comments to any drafts of the Expert's Reports required by or produced pursuant to this Order and/or future Court Orders shall be treated as "Attorneys Eyes Only" material under the April 11, 2012, Protective Order.

**Ex Parte Communications**

7. The Expert and his consultants and assistants may communicate ex parte (without other parties or counsel) with any party or counsel for any party. If the Expert or his consultants or assistants communicate in writing with the Court, they must simultaneously serve copies on the parties. The Expert and his consultants and assistants shall not communicate orally with the Court without affording the parties prior notice and an opportunity to be present.

**Compensation of the Expert**

8a. Until such time as costs would be awardable under Rule 54(d) of the Federal Rules of Civil Procedure, the plaintiffs and defendants shall jointly compensate and finance in equal shares the work of the Expert and his consultants and assistants. The Expert and his consultants and assistants shall charge the parties at the rate and for the costs which the parties agree, in advance, to pay. The Expert and his consultants and assistants shall invoice the parties every 30 days, and the plaintiffs and state defendants each shall be obligated to pay for half of the services provided in the preceding 30-day period.

8b. The Expert, his consultants and assistants and the Illinois Department of Corrections will enter into a contract pursuant to Illinois law, with the terms to be consistent with this Order. This contract will not affect the plaintiffs' payment of their portion of the Expert's fees and shall encompass the limitations articulated in Paragraph 1b of this Order.

8c. At such time as costs become awardable under Rule 54(d), either party may request that the Court, in accordance with applicable rules, order that all or a portion of the

compensation provided by the party to the Expert under this Order be charged against the opposing party as costs pursuant to Rule 706(c)(2) of the Federal Rules of Evidence.

**Wexford Health Sources**

9. Wexford Health Sources shall have the opportunity to participate in the meeting with the Expert described in Paragraph 3a of this Order, shall receive a copy of and have the opportunity to submit written comments regarding the Confidential Draft Report described in Paragraphs 5a and 5b of this Order, and shall receive a copy of the Final Confidential Report described in Paragraph 5c of this Order.

Enter:

_____
United States District Judge

DEC 19 2013

Approved by:

/s/ Benjamin S. Wolf
_____
Attorney for Plaintiffs


/s/ Kevin Lovellette
_____
Attorney for Defendants