UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, et al., | ) |
| | ) |
| Plaintiffs, | ) No. 10-cv-4603 |
| v. | ) |
| | ) Judge Sara Ellis |
| SALVADOR GODINEZ, et al., | ) Magistrate Judge Daniel Martin |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT ILLINOIS DEPARTMENT OF CORRECTIONS TO RESPOND TO REQUEST FOR PRODUCTION**

Plaintiffs, pursuant to Rule 37(a), respectfully move this Court to compel Defendant Illinois Department of Corrections ("IDOC") to respond to Plaintiffs' Fourth Request for Production. In support of this motion, Plaintiffs state the following:

1. On December 19, 2013 this Court, following the negotiation and agreement of the Plaintiffs and state Defendants, entered an order appointing Dr. Ronald Shansky as an expert ("Expert") in this case. Dkt. 244 ("Agreed Order"). Pursuant to the Agreed Order and with the consent of the parties, the Expert selected several additional experts in medicine, nursing and dentistry to assist in his investigation. Beginning in February 2014, the Expert and his team spent several months conducting a detailed investigation of relevant components of the IDOC health care system. On August 31, 2014 the Expert distributed to the parties a Confidential Draft Report. On November 3, 2014, IDOC sent the Expert and Plaintiffs a 41-page letter which flatly rejected most of the Expert's key findings. Ex. 1, App. C (IDOC's Comment Letter).[1]

---

[1] The Expert's report remains confidential at this stage of the proceedings, pursuant to Paragraph 5(c) of the Agreed Order. A copy of the Final Confidential Report, including Appendices, has been delivered to this Court under seal pursuant to Paragraph 14 of the Stipulated Protective Order entered by this Court on April 11, 2012. Dkt. 111.

1

2. After reviewing the parties' comments, the Expert on December 15, 2014 submitted a Final Confidential Report describing his findings and recommendations. Ex. 1 (Final Confidential Report). Per the Agreed Order, the Expert's Report is to form the basis for future settlement negotiations and, in the absence of a settlement, may be offered into evidence at trial. Dkt. 244 at 1-2.

3. On November 21, 2014, Plaintiffs served their fourth request for production on IDOC, requesting that IDOC produce documents relating to specific factual claims and assertions made in the IDOC Comment Letter disagreeing with the Expert's findings. Ex. 2 (Plaintiffs' Fourth Request for Production). Specifically, plaintiffs requested that IDOC produce the following:

   a. Documents relating to IDOC's repeated assertion that it has a robust peer review and oversight mechanism in place to vet and explore issues relating to a medical professional's job performance;

   b. Documents relating to mortality reviews conducted by IDOC or its contractor, Wexford Health Services ("WHS"), including reviews conducted after receiving the Expert's Confidential Draft Report on August 31, 2014;

   c. Documents relating to IDOC's assertions about the certifications, qualifications, and professional experience of its employed physicians;

   d. Log books or records for off-site services maintained by IDOC at the facilities investigated by the Expert;

   e. Documents relating to IDOC's assertion that it is common to wait 60 days or more for scheduled appointments in non-prison settings.

4. On November 21, 2014, counsel for IDOC sent Plaintiffs an email making clear that it would not respond to discovery requests while settlement negotiations were ongoing. Ex. 3 at 2 (counsels' emails). Plaintiffs responded on December 1, 2014 that the Agreed Order imposes no restrictions on discovery. *Id*.

5. On December 1, 2014, IDOC stated that it "will either go forward with settlement negotiations or discovery, not both" and it "will not be responding to any discovery requests that the Plaintiffs have sent in this matter until after the parties have discussed settlement matters." *Id*. IDOC's counsel reiterated its refusal to respond to Plaintiffs' discovery requests via email on December 3, 2014, *id*. at 1, and again in a telephone call on January 13, 2015. IDOC has produced no documents or other written response although far more than 30 days have passed since it was served with this discovery request. See Fed. R. Civ. P. 34(b)(2)(A).

6. Plaintiffs are suffering and dying because of systemic inadequacies in the health care provided by IDOC. Although Plaintiffs plan to participate in good faith in settlement negotiations, the tone of IDOC's Comment Letter suggests a high probability that those negotiations will not succeed. Plaintiffs need the requested documents both to take informed positions during the settlement negotiations and to prepare for trial. Neither the Federal Rules of Civil Procedure nor the Agreed Order negotiated by the parties imposes any restrictions on discovery during settlement talks. While Plaintiffs made no discovery requests during the Experts' facility investigations, recognizing that IDOC should focus its energy during those months on cooperating with the Experts, that process has concluded.

WHEREFORE, the undersigned attorneys respectfully request that this Court order that discovery in this matter continue and compel Defendant IDOC to respond to Plaintiffs' Fourth Request for Production.

| | |
|---|---|
| DATED: January 16, 2015 | Respectfully submitted, |
| | |
| | DON LIPPERT, et al. |
| | |
| | By: /s/ Benjamin S. Wolf |
| | *One of their attorneys* |

| | |
|---|---|
| Alan Mills | Benjamin S. Wolf |
| Uptown People's Law Center | Harvey M. Grossman |
| 4413 North Sheridan | Lindsay S. Miller |
| Chicago, IL 60640 | Roger Baldwin Foundation of ACLU, Inc. |
| | 180 N. Michigan Ave., Ste. 2300 |
| | Chicago, IL 60601 |
| | |
| David T. Van Der Laan | Jason P. Stiehl |
| Ebony Hope Green | Robyn Marsh |
| William Robert Andrichik | Kristine Argentine |
| Edwards Wildman Palmer LLP | Seyfarth Shaw LLP |
| 225 West Wacker Drive, Ste. 3000 | 131 South Dearborn Street, Ste. 2400 |
| Chicago, IL 60603 | Chicago, IL 60603 |
| | |
| John R. Seber | Teresa A. Sullivan |
| R. John Street | Schopf & Weiss LLP |
| Eimer Stahl LLP | One South Wacker Dr., 28th Floor |
| 224 S. Michigan Ave., Ste. 1100 | Chicago, IL 60606 |
| Chicago, IL 60604 | |

**LOCAL RULE 37.2 STATEMENT**

The undersigned counsel states that, pursuant to Local Rule 37.2, counsel's attempts to engage in consultation with counsel for defendant on the above-discussed matters were unsuccessful due to no fault of counsel's. Counsel for plaintiffs, Benjamin Wolf, conferred with IDOC counsel, Kevin Lovellette, via email between November 21, 2014 and December 4, 2014 and again by phone on January 13, 2015. Despite good faith attempts to resolve differences the parties are unable to reach an accord.

/s/ Benjamin S. Wolf

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused a copy of the above and foregoing PLAINTIFFS' MOTION TO COMPEL DEFENDANT ILLINOIS DEPARTMENT OF CORRECTIONS TO RESPOND TO REQUEST FOR PRODUCTION to be served on the following via email and by depositing the same in the U.S. Mail, postage prepaid, on this 16th day of January, 2015:

Kevin Lovellette
Agnes A. Ptasznik
Jennifer Marie Lutzke
Illinois Attorney General's Office
100 West Randolph Street
13th Floor
Chicago, IL 60601
klovellette@atg.state.il.us
aptasznik@atg.state.il.us
jlutzke@atg.state.il.us

Matthew H. Weller
Matthew A. Eliaser
Cassiday Schade LLP
20 N. Wacker Dr., Ste. 1000
Chicago, IL 60606
mweller@ciassday.com
mae@cassiday.com

Saira Janine Alikhan
Amin Talati, LLC
55 W. Monroe St., Ste. 3400
Chicago, IL 60603
saira@amintalati.com

/s/ Benjamin S. Wolf