UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT,<br><br>                Plaintiff,<br><br>v.<br><br>PARTHA GHOSH, M.D., et al.<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 10-CV-4603<br>)<br>)   Honorable Jorge L. Alonso<br>)<br>) |

## INITIAL JOINT STATUS REPORT FOR REASSIGNED CASE

Pursuant to this Court's Order of January 23, 2015 (Dkt. 294), the parties, by and through their respective counsel on the individual claims asserted, hereby respectfully submit the following joint status report for this reassigned case.

    A.    Nature of the Case

        1.    Attorneys of Record

- Plaintiff Don Lippert: Seyfarth Shaw LLP (Jason Stiehl, Kristine Argentine, Robyn Marsh); Edwards Wildman (David Van Der Laan, Ebony Green, and William Andrichik); Roger Baldwin Foundation of ACLU, Inc. (Ben Wolf, Harvey Grossman, Lindsey Miller); Uptown People's Law Center (Alan Mills)

- Defendants Martha Maldonado and Alfonso Norman: Lisa Madigan, Attorney General of Illinois (Kevin Lovellette, Jennifer Lutzke)

- Defendant Athena Rossiter: Cassiday Schade LLP (Matthew H. Weller, Matthew A. Eliaser)

        2.    Jurisdiction

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because the matters in controversy arise under the Constitution and laws of the United States.

    2.    <u>Nature of the Claims</u>

This case involves both individual and class allegations. Although Lippert's individual claims and the class plaintiffs' class action claims have not been bifurcated, they have been treated as separate for purposes of discovery and motion practice. A separate joint status report on class claims will be submitted by the parties. The individual claims involve Section 1983 allegations of deliberate indifference toward Lippert's acute medical needs stemming from an incident on May 1, 2010. The claims are outlined in the Plaintiffs' Third Amended Complaint (Dkt. 145.)

    3.    <u>Nature of Relief</u>

Individual Plaintiff Lippert seeks the following relief from this Court:

a) Award Lippert actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendants; and

b) Award Lippert his costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988;

    4.    <u>Status of Service of Parties</u>

All Parties have been served and appeared through counsel.

II.    <u>Discovery and Pending Motions</u>

    A. On December 19, 2014, Defendant Athena Rossiter moved for summary judgment on Lippert's individual claims under Fed. R. Civ. P. 56. (Dkt. 277, 279.) Defendants Norman and Maldonado similarly moved for summary judgment on Lippert's individual claims. (Dkt. 281.) Per Judge Ellis' standing order, the parties submitted a Joint Statement of Undisputed Facts under Rule 56.1. (Dkt. 278.) Plaintiff Lippert's response to the pending motions for summary judgment is due February 20, 2015. (Dkt. 270.) Defendants' reply briefs in support are due March 20, 2015. Judge Ellis set this matter for ruling on June 24, 2015 at 9:30 a.m. (*Id.*)

    B. The parties have exchanged and completed extensive written fact discovery. The discovery depositions of the named parties and fact witnesses were completed. No discovery closure date has been set. The parties have not engaged in expert discovery pending disposition on the Defendants' Motions for Summary Judgment.

    C. Defendants moved to dismiss certain claims advanced in the Second Amended Complaint. (Dkt. 89, 94, 95, 96 and 97). The Court granted the motions to dismiss and granted plaintiff leave to file a Third Amended Complaint. All motions to dismiss against the Third Amended Complaint were denied. (Dkt. 171.)

III.    Trial

    A. A jury demand has been made.

    B. A trial date has not yet been set. Pending resolution of the motions for summary judgment, the parties anticipate being ready for trial on the individual claims in February, 2016.

    C. A final pretrial order for the individual claims has not been filed. The parties anticipate a deadline of December 1, 2015 for such an order.

    D. The trial on the individual claims should last approximately one week.

IV.    Settlement and Referrals

    A.    With respect to individual claims, the parties engaged in multiple settlement discussions, but they were not fruitful.

    B.    The class claims are pending before Magistrate Judge Daniel Martin for settlement purposes, but the individual claims are not currently part of any settlement discussions in this matter.

    C.    The parties have discussed consenting to proceed before the assigned Magistrate Judge, and at this time the parties have declined to do so.

**DATED: February 2, 2015**        Respectfully submitted,

                                                          DON LIPPERT

                                                          By: /s/ Robyn E. Marsh_____
                                                                 One of His Attorneys

                                                        Respectfully submitted,

                                                        ATHENA ROSSITER, LPN

                                                       By: /s/ Matthew A. Eliasar_____
                                                                 One of Her Attorneys

18896714v.1

                                                              Respectfully submitted,

                                                              MARTHA MALDONADO and ALPHONSO NORMAN


                                                              By: /s/ Kevin Lovellette
                                                                              One of Their Attorneys

Jason P. Stiehl (6276001)
Kristine Argentine (6302850)
Robyn E. Marsh (6303901)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Phone: (312) 460-5000
Fax: (312) 460-7000

18896714v.1

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney, does hereby certify that she caused a true and correct copy of the foregoing to be served on all counsel of record through the ECF Filing System.

              /s/ Robyn E. Marsh
              Robyn E. Marsh

18896714v.1