# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DON LIPPERT, CARL MICHAELS, MICHAEL CLARK, WILLIAM EARL BASSETT, OZELL GRAYER, LEWIS RICE, and MILAM MARTIN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 10 C 4603 |
| v. | ) ) ) | Judge Jorge L. Alonso |
| SALVADOR GODINEZ, LOUIS SHICKER, PATRICK QUINN, ALPHONSO NORMAN, MARTHA MALDONADO, ATHENA ROSSITER, and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In Count II of the third amended complaint, plaintiff Lippert alleges that defendants Alphonso Norman, Martha Maldonado, and Athena Rossiter were deliberately indifferent to his serious medical need. Norman, Maldonado, and Rossiter have filed Federal Rule of Civil Procedure 56 motions for summary judgment. For the reasons set forth below, the Court denies the motions.

## Facts

In May 2010, plaintiff Lippert was an inmate in and defendants Maldonado and Norman were correctional officers working at the Illinois Department of Corrections' ("IDOC's") Stateville facility. (Jt. Stmt. Facts ¶¶ 1, 3-4.) Defendant Rossiter was a licensed practical nurse who worked for Wexford Health Sources, Inc., which provides medical care to Stateville inmates. (*Id.* ¶ 2.)

Lippert has Type I Diabetes and, in May 2010, he received two shots of insulin daily, one in the morning and one in the afternoon/evening, to regulate his blood sugar. (*Id.* ¶¶ 7, 11.) The insulin was administered by a nurse or a medical technician. (*Id.* ¶ 11.)

On the morning of May 1, 2010, a non-party medical technician refused to give Lippert his morning insulin shot. (*Id.* ¶ 14.) Later that morning, Lippert complained to defendant Norman about the missing shot. (*Id.* ¶ 16.) Lippert testified that Norman responded by "laughing, ignoring me, waving me off." (*Id.*) Norman does not recall any such incident. (*Id.* ¶ 17.)

Lippert says that he also complained to defendant Maldonado and asked her to take him to get his insulin. (*Id.* ¶ 18.) In response, Lippert testified, Maldonado "said nothing, did not look at him and just kept on with her duties." (*Id.*) Maldonado, on the other hand, testified that she went downstairs to tell her sergeant that Lippert had not received his shot, heard her sergeant tell the health care unit that Lippert needed a shot, and then went back upstairs to Lippert's gallery to resume her duties. (*Id.* ¶ 20.)

When Maldonado returned to Lippert's gallery and passed his cell, he told her that he was dizzy and was going to pass out. (*Id.* ¶ 21.) After she had passed his cell, she heard a thump and laughter. (*Id.*) She turned back toward Lippert's cell and saw him lying on his side on the floor with his eyes open. (*Id.*) Given Lippert's alertness and laughter, Maldonado says she did not think that he was having a medical emergency. (*Id.*)

At some point thereafter, Lippert heard Norman call for the sergeant to come up to Lippert's cell because Lippert was on the ground. (*Id.* ¶ 23.) Lippert was then taken to the health care unit. (*Id.*)

At noon, Dr. Zhang ordered insulin for Lippert, which brought his blood sugar under control. (*Id.* ¶ 27.) At 2:50 p.m., Dr. Zhang noted that Lippert's blood sugar was at a "very steady level of 125," and ordered that he be discharged after his afternoon/evening insulin shot and meal. (*Id.* ¶ 29.)

At 4:30 p.m., non-party Nurse Breske noted that Lippert's blood sugar was 115 and told him that because his blood sugar was stable, he was not going to get more insulin at that time. (*Id.* ¶¶ 32-33.)

On his way out of the health care unit, Lippert saw defendant Rossiter, who was packaging medication for distribution, and told her he needed his insulin shot. (*Id.* ¶ 36.) Lippert says that, on instructions from Breske, Rossiter told Lippert he did not need another shot. (*Id.* ¶ 37.) Rossiter does not recall any such interaction. (*Id.* ¶ 38.)

At 9:00 or 10:00 p.m., when Rossiter was passing out medication on his gallery, Lippert told her he felt weak and dizzy and needed his insulin shot. (*Id.* ¶ 40.) Lippert says she told him she would come back to test his blood sugar after passing out the medication, but she did not return. (*Id.*) Rossiter does not recall this incident. (*Id.* ¶ 41.)

Sometime between 11:00 p.m. and 12:00 a.m., someone named Gary tested Lippert's blood sugar and gave him an insulin shot. (*Id.* ¶¶ 43-44.) "Lippert testified that he felt fine after Gary gave him his insulin that evening, but continued to have muscle tightness and headaches for a few days thereafter . . . ." (*Id.* ¶ 45.)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

3

Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In Count II of the third amended complaint, Lippert alleges that Norman, Maldonado, and Rossiter violated his Eighth Amendment right to adequate medical care. To defeat defendants' motions, plaintiff must offer evidence that suggests they were deliberately indifferent to his objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (per curiam) (quotations omitted). A defendant acted with deliberate indifference if "[he] was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Id.*

Defendants do not dispute that Type I Diabetes is an objectively serious medical condition, but they contend that the record does not suggest that they were deliberately indifferent. The Court disagrees. Viewed favorably to Lippert, the record suggests that all three defendants knew he was an insulin-dependent diabetic but ignored his requests for his insulin, even, in the case of Maldonado, after seeing Lippert lying on the floor of his cell. This evidence is sufficient to support the inference that defendants Norman, Maldonado, and Rossiter were deliberately indifferent to Lippert's serious medical need.

4

## **Conclusion**

For the reasons set forth above, the Court denies Norman, Maldonado, and Rossiter's motions for summary judgment on Count II [277 & 281].

**SO ORDERED.**                  **ENTERED:** June 16, 2015

_____
**HON. JORGE ALONSO**
**United States District Judge**