IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DON LIPPERT, et al.,

Plaintiffs,

vs.

SALVADOR GODINEZ, et al.,

Defendants.

FILED
NOV 16 2015
11-16-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NO. 10-CV-4603

RAYMOND SERIO'S MOTION TO INTERVENE AND FOR ORDER ALLOWING ACCESS TO REPORT SUBMITTED BY DR. RONALD SHANSKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24.

NOW COMES, the Intervener, RAYMOND SERIO, by and through himself, pursuant to Federal Rule of Civil Procedure 24, and requests this Court enter an order allowing him to intervene in the instant case for the limited purpose of obtaining the report submitted by Dr. Ronald Shansky in or about December 2014 ("The Shansky Report") and using The Shansky Report in the matter entitled Raymond Serio v. Patrick Quinn, et al., Case No. 15 CV 6262, and in support states:

1. RAYMOND SERIO, is a prisoner of the State of Illinois, confined to the Illinois Department of Corrections ("IDOC") and is currently being housed at the Menard Correctional Center ("Menard") and who is also the

Plaintiff in a civil rights lawsuit filed against Wexford Health Sources, Inc., Latonya Williams, Salvador Godinez, and various other Stateville Correctional Center ("Stateville") employees and State employees and contracted employees.

2. In RAYMOND SERIO'S §1983 Complaint he alleges violations of his rights under the Eighth Amendment to the United States Constitution, violation of the Americans with Disabilities Act. Specifcly, that these defendants have shown deliberate indifference to his serious medical needs and have in place unconstitutional policies and practices.

3. RAYMOND SERIO'S case is captioned Raymond Serio v. Patrick Quinn, et al., Case No. <u>15 CV 6262</u>, pending in this Court and is currently assigned to The Honorable Judge Ruben Castillo. (hereinafter "The Serio Lawsuit").

4. The Third Amended Complaint in Lippert provides significant factual detail concerning claims regarding the lack of Medical care very similar to those made by RAYMOND SERIO in The Serio Lawsuit. Specifically, the similarities between the two cases can be summarized as follows:

> allegations that Defendants repeated ongoing interruptions in the dispensing of ordered treatment medications, failure

2.

to timely approve and implement required medical treatment and/or surgies, failure to allow patients to obtain medical treatment from the appropriate outside medical specialists, failure to provide prisoners with an adequate supply of medical supplies, failure to maintain required staffing levels, and failure to make required housing accommodations with the prison(s) for patients and their various medical conditions.

5. On December 16, 2013, an agreed order was entered in the instant case appointing Ronald Shansky as an expert to conduct a review of 300 files of prisoners who died while in the custody of IDOC, as well as the nature of the care being provided by Wexford Health Sources Inc., ("Wexford"), to determine whether there is a pattern of deliberate indifference, and to propose changes.

6. Prior to the agreed order appointing Dr. Shansky, the commonly entered protective order was entered in the instant case on April 11, 2012. The stipulated protective order entered on April 11, 2012 was not specifically related or applicable to The Shansky Report.

7. Upon information and belief, The Shansky Report was submitted in December 2014. Here RAYMOND SERIO, seeks permission to intervene in the instant case and to be permitted access to The Shansky Report because The Shansky Report is believed to address many of the very issues being litigated in The Serio Lawsuit are being litigated in the Lippert case and addressed in the sought Report, and may provide a more efficient manner in which to address those issues.

8. If there is a question of keeping the report confidential RAYMOND SERIO request it be given to his counsel in his case for the limited purpose of use in his lawsuit.

Mr. Manuel J. Placencia, JR.
Miller, Canfield, Paddock and Stone, P.L.C.
225 W. Washington St. Ste 2600
Chicago, Ill. 60606

4.

## MANDATORY INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)

At all times relevant hereto, courts look to Federal Rule of Civil Procedure ("FRCP") 24, in deciding whether to grant motions to intervene. Univ. of Notre Dame v. Sebelius, 743 F.3d 547, 558 (7th Cir. 2014); (citing Automobile Worker v. Scofield, 382 U.S. 205, 217 n.10 (1965); Sierra Club, Inc. v. EPA, 358 F.3d 516, 517-18 (7th Cir. 2004)). Here, the issues to consider for mandatory intervention pursuant to FRCP 24(a) are as follows:

> (1) the motion be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

See Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011) (quoting Sierra Club v. U.S. EPA, 995 F.2d

1478, 1481 (9th Cir. 1993)); see also FRCP 24(a). This test is applied "liberally in favor of potential interveners," and a Court's analysis "is 'guided primarily by practical considerations,' not technical distinctions." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001)(quoting United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir. 1986)). When ruling on a motion to intervene, "[C]ourts are to take all well-pleded, non-conclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declartions supporting the motion as true..." Id at 820. Here, RAYMOND SERIO, asserts that he satisfies the requirements of FRCP 24(a), which states that this Court "must" permit him to intervene for the limited purpose of protecting their intevests. See FRCP 24(a); see also Security Ins. Co. of Hartford v. Shipporeit, Inc., 69 F.3d 1377, 1380 (7th Cir. 1995)(intervener must meet all four requirements of Rule 24(a)).

 First, this motion is timely filed because there will be no delay to the procedings. Here, Raymond SERIO's, intervention in the instant case is for a very limited purpose and will not affect any

trial, briefing or discovery schedule in place. In this regard, RAYMOND SERIO, seeks to intervene only to have the protective orders entered concerning The Shansky Report modified to allow him or his attorney access to the report. RAYMOND SERIO, has his own lawsuit against IDOC and Wexford and their employees, and is not seeking to join the instant lawsuit as a party. As such, RAYMOND SERIO's involvement in this lawsuit will end once this Court allows him access to and he received The Shansky Report. Based on the above, RAYMOND SERIO's, motion to intervene and his underlying request for access to The Shansky Report are timely because it will not cause any delay to the proceedings in the instant case.

    Second, RAYMOND SERIO claims "direct, significant, legally protectable interests" in his lawsuit which requires access to The Shansky Report. <u>Security Ins. Co. of Hartford v. Schipporeit, Inc.</u>, 69 F.3d 1377, 1380 (7th Cir. 1995) (quoting <u>American Nat'l Bank v. Chicago</u>, 865 F.2d 144, 146 (7th Cir. 1989)). Here the Serio lawsuit contains the identical issue as at least one of those addressed in The Shansky Report (i.e. whether there exists a patern of deliberate indifference by Wexford in the treatment

or lack thereof, of its patients who are all inmates in IDOC). As such denied access to the conclusions, bases therefore, and data relied on in The Shansky Report may, as a practical matter impact RAYMOND SERIO's ability to protect his interests in his pending lawsuit.

Third, RAYMOND SERIO, is not a party to the instant case, is not part of any settlement negotiations in the instant case, and his present lawsuit will not benefit from any verdict or injunctive relief accomplished in the instant case. As such, RAYMOND SERIO's, interests are not adequately protected in the instant case. Therefore, RAYMOND SERIO, seeks to intervene only for the limited purpose of modifying the protective orders relating to The Shansky Report, and obtaining a copy of The Shansky Report to use in his pending lawsuit. See, e.g., Securities & Exchange Commission v. Heartland Group, Inc., No. 01-C-1984, 2003 WL 1089366, at *1 (N.D. Ill. Sept. 24, 2010)(granting intervention as of a right for a limited purpose); Gautreaux v. Pierce, 548 F. Supp. 1284, 1287 (N.D. Ill. 1982)(granting intervention under Rule 24(a) for a limited purpose).

8.

## PERMISSIVE INTERVENTION PURSUANT TO FRCP 24(b).

In the event that the Court determines that RAYMOND SERIO, should not be permitted to intervene under FRCP 24(a), it should permit him to intervene pursuant to FRCP 24(b). E.g. Reynolds v. LaSalle County, 607 F. Supp. 482, 483 (N.D. Ill. 1985)(granting motion to intervene under FRCP 24(b) after determining that intervener failed to satisfy FRCP 24(a). Under FRCP 24(b), the Court may permit intervention based on a timely motion to anyone who "has a claim or defense that shares with the main action a common question of law or fact." FRCP 24(b)(1)(B). Thus, timely intervention is proper when a party shows "that there is (1) a common question of law or fact, and (2) independent jurisdiction." Security, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995)(citation omitted). As discussed above, this motion is timely.

In his pending lawsuit RAYMOND SERIO, alleges Wexford and its employee co-defendants showed deliberate indifference by their failure to properly treat him in a timely manner and this failure caused him to suffer needlessly. And that Wexford maintains

9.

inadequate staffing levels that resulted in the delays. That Wexford failed to properly manage medications and medical supplies and keep records and has refused to refer him to a specialist. That Wexford puts budgetary concerns above providing adequate medical treatment and state defendants were aware of these practices and failed to correct them and even went as far as to renew the contract with Wexford.

The nature of RAYMOND SERIO, claims and injuries are on-going. His injury started at Stateville but has continued even after his transfer to Menard. Both Stateville and Menard are part of the Illinois Department of Corrections, and Wexford was responsible for providing adequate medical treatment to prisoners at both Stateville and Menard. One of the proofs that RAYMOND SERIO must address in his lawsuit is that the defendants were aware of the problems and have failed to take corrective action to prevent or remedy the issues.

The issues and cause of injuries are similar in both cases, the various allegations in the present case that: Wexford [and IDOC]: failed to comply with ordered treatment, repeated an on-going

interruptions in the dispensing of ordered medications, failure to timely approve required medical treatment failure to allow patients to obtain medical treatment from the appropriate "outside" medical specialists, failure to provide patients with an adequate supply of medical supplies, failure to maintain required staffing levels, and failure to make required housing accommodations with the prison(s) for patients and their various medical conditions. [see Lippert Third Amended Complaint (Doc. # 142 at par's. 4-10, 12, 16-75].

It is clear from the above, that the allegations in Lippert case that frame the scope of Dr. Shansky's investigation and report are nearly identical to those raised in RAYMOND SERIO's lawsuit. Therefore, permissive intervention under Rule 24(b) should be granted.

## ACCESS TO THE SHANSKY REPORT

At all times relevant hereto, FRCP 26(b)(1) provides for liberal discovery. <u>St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.</u>, 198 F.R.D. 508, 512 (N.D. Iowa 2000)(citations omitted). In part, it provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the

11.

pending action, whether it relates to the claim or defense or the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if information sought appears reasonably calculated to lead to the discovery of admissible evidence.

FRCP 26(B)(1).

Consistent thereto, courts have interpreted FRCP 26 to provide for liberal discovery. St. Paul Reins. Co., 198 F.R.D. at 511 (citing cases). See also Liberty Mut. Fire Ins. Co. v. Centimark Corp., 08CV230-DJS, 2009 WL 539927, at *1 (E.D. Mo. Mar. 4, 2009)(holding that FRCPs 26(b) and 34 provide for broad discovery)(citations omitted). "Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." St. Paul Reins. Co., 198 F.R.D at 511 (citing M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984)). See also Liberty Mut. Fire Ins., 2009 WL 539927, at *1 (holding that requesting party

need only make a "threshold showing of relevance" under Rule 26(b)).

Next, the party resisting production bears the burden of establishing lack of relevance or undue burden. St. Paul Reins. Co. 198 F.R.D. at 511 (citations omitted). The objecting party "must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to FRCP 26 (b)(1) or else is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. (quoting Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D. N.Y. 1987)). Use of "boilerplate" objections such as: " the requested documents are neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence," "the request is overbroad," and "the request is oppressive, burdensome, and harassing," are insufficient and "are textbook examples of what Federal courts have routinely deemed to be improper objections." Id. at 512.

Instead, the party resisting discovery must show specifically how each request is overly broad, oppressive, irrelevant or unduly burdensom. Id. (citing Redland Soccer Club v. Dep't of Army, 55 F.3d 827, 856 (3d Cir. 1995); Mcleod, Alexander Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990); Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996); Burns v. Imagine Films Entert., Inc., 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996). Indeed, "[g]eneral objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections". Chubb Integrated Sys. Ltd v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984).

In this regard, RAYMOND SERIO, adopts his above-argument set forth in the discretionary intervention portion of this motion. It is clear from the above, that the allegations in the Lippert case that frame the scope of Dr. Shansky's Report and investigation are nearly identical to those raised in RAYMOND SERIO's lawsuit. As such, it is relevant or likely to lead the discovery of

14.

relevant information concerning the very allegations raised in the instant case.

Any issues confidentiality can be addressed by the appropriate confidentiality order.

WHEREFORE, and for the foregoing reasons, the Intervener, RAYMOND SERIO, requests this Court enter an order granting him leave to intervene in the instant case for the limited purpose of obtaining The Shansky Report, and for an order modifying the protective order entered in the instant case to him or his counsel access to The Shansky Report subject to an appropriate protective order; and/or for any such further relief as deemed appropriate.

I declare under penalty of perjury that the statements set forth above pursuant to 28 U.S.C. § 1746 are true and correct.

Executed: 11-1-15

Respectfully Submitted,

Raymond Serio # B70625

P.O. Box 1000

Menard, Ill. 62259

*Raymond Serio*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DON LIPPERT, et al.,

    Plaintiffs,

vs.

SALVADOR GODINEZ, et al.,

    Defendants.

NO. 10-CV-4603

PROOF/CERTIFICATE OF SERVICE

AND NOTICE OF HEARING

TO: Kristine Argentine

Seyfarth Shaw LLP

131 S. Dearborn St. Ste 2400

Chicago, Ill. 60603.

TO: Jennifer M. Lutzke

Asstant Attorney General

100 W. Randolph 13th fl.

Chicago, Ill. 60601

PLEASE TAKE NOTICE that on November 5, 2014, or as soon as thereafter as I may be heard, I shall file and present the attached Motion to Intervene which was mailed to the above parties through the U.S. mail at Menard on November , 2015. I requesit if there are any other attorney's of record they be served through the CEFS.

Subscribed and sworn to before me this 5 day of November, 2015

_____
NOTARY

OFFICIAL SEAL
MORGAN A. TEAS
Notary Public - State of Illinois
My Commission Expires 2/26/2019

Please return a filed stamped copy.

_____
Raymond Serio

Raymond Serio

# B70625

PO Box 1000

Menard, Ill. 62259