UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, LEWIS RICE, MILAM MARTIN, DEBRA PATTISON, JOHN RUFFIN, and EZELL THOMAS, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN BALDWIN, LOUIS SHICKER, and BRUCE RAUNER<br><br>Defendants. | No. 10-cv-4603<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Daniel Martin |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, on behalf of themselves and all persons similarly situated, by their attorneys, pursuant to Rules 23(a), (b)(2) and (g) of the Federal Rules of Civil Procedure, respectfully move this Court to certify the class of plaintiffs and appoint their counsel as class counsel. In support of this motion, Plaintiffs state as follows:

1. The proposed plaintiff class, to be represented by Benjamin Wolf, Camille Bennett, and Lindsay Miller of the Roger Baldwin Foundation of the ACLU; Jason Stiehl, Kristine Argentine, and Robyn Marsh of Seyfarth Shaw LLP; and Alan Mills of Uptown People's Law Center, consists of: all prisoners in the custody of the Illinois Department of Corrections ("IDOC") with serious medical or dental needs (the "Class").

2. The proposed Class satisfies the requirements of Rule 23(a):

   a. First, the proposed Class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The IDOC has an inmate population of approximately 47,000, and on any given day thousands suffer from a serious medical or dental care need identified by and requiring the care and attention of a healthcare professional.

1

b. Second, there are questions of law and fact common to the Class, satisfying the commonality requirement of Fed. R. Civ. P. 23(a)(2). These common questions include, but are not limited to: whether Defendants chronically fail to fill healthcare leadership and staff vacancies; whether Defendants routinely permit underqualified medical professionals to treat IDOC prisoners; whether IDOC lacks reliable clinical oversight and peer review processes; whether Defendants' reception and intrasystem transfer procedures fail to timely identify medical and dental problems, if at all; whether Defendants' policies and practices fail to adequately manage chronic diseases; whether Defendants fail to promulgate appropriate policies governing infirmary care; whether Defendants have a policy and practice of delaying or denying scheduled and unscheduled specialty care; whether Defendants' medical and dental recordkeeping practices result in inadequate and incomplete files; whether Defendants fail to implement or follow their own quality improvement programs; and whether Defendants fail to provide timely and adequate dental care. Fed. R. Civ. P. 23(a)(2).

c. Third, Plaintiffs' claims are typical of the claims of the Class because they arise from Defendants' system-wide, inadequate healthcare policies and practices. Each Plaintiff has suffered serious harm and is at unreasonable risk of further serious harm from the same systemic health care inadequacies as the proposed Class. Fed. R. Civ. P. 23(a)(3). Plaintiff Don Lippert is a diabetic whose condition has been mismanaged by Stateville Correctional Center healthcare staff, putting him at risk of further damage from his diabetes. Plaintiff Lewis Rice suffers from headaches and chest pains which Menard Correctional Center healthcare staff fail to treat. Rice has also been told that he requires surgery for a painful shoulder injury, but this surgery has yet to be provided. Plaintiff Milam Martin was forced to use a defective wheelchair by Big Muddy River Correctional Center healthcare staff, resulting in injuries, including broken

ribs, which went untreated. Martin also has a painful jaw condition for which the Big Muddy dentist refuses to supply a simple brace. Plaintiff Debra Pattison suffers from painful severe degenerative knee arthrosis which has left her largely wheelchair dependent. She has been told by an off-site surgeon that she requires a knee replacement, yet three-and-a-half years later she has yet to receive this procedure. Plaintiff John Ruffin suffers from severe, chronic spinal pain which can only be treated by specialists outside of Dixon Correctional Center, but delays in scheduling treatments have caused him to be in constant pain for most of the past five years. Ruffin has also been refused a colonoscopy despite a family history of early cancer. Finally, Plaintiff Ezell Thomas suffers from several chronic conditions, including asthma, heart disease, hypertension, chronic obstructive pulmonary disease, and emphysema, which have been grossly mismanaged. Thomas also has a history of prostate cancer and renal and kidney failure, and despite recommendations that he receive a colonoscopy and a follow-up regarding possible cancer, no such appointments have been scheduled.

    d. Plaintiffs and their experienced counsel will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a)(4). Plaintiffs, who are currently and have been repeatedly subjected to Defendants' medical and dental care policies and practices, have interests that are coextensive with the class and an interest in the outcome of the case.

 3. The proposed Class satisfies the requirements of Rule 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Class, putting all Class members at unreasonable risk of serious harm, so final injunctive relief and corresponding declaratory relief is appropriate respecting the Class.

 4. The proposed Class also satisfies the requirements of Rule 23(g): Class counsel have ably identified and investigated the potential claims in this action; are well-experienced in

handling and are knowledgeable of the law applicable to class actions, complex civil rights litigation, and Eighth Amendment claims, including claims of deliberate indifference; and they can commit the resources needed to represent the class.

WHEREFORE, for the reasons stated herein and in the memorandum of law filed herewith, Plaintiffs respectfully move this Court to certify the plaintiff Class defined herein and appoint Plaintiffs' counsel as Class counsel.

DATED: December 7, 2015

Respectfully submitted,

/s/ Benjamin S. Wolf
*One of Plaintiffs' attorneys*

Alan Mills
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640

Benjamin S. Wolf
Camille E. Bennett
Lindsay S. Miller
Roger Baldwin Foundation of ACLU, Inc.
180 N. Michigan Ave., Ste. 2300
Chicago, IL 60601

Jason P. Stiehl
Kristine Argentine
Robyn Marsh
Seyfarth Shaw LLP
131 South Dearborn Street, Ste. 2400
Chicago, IL 60603

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, certifies that on December 7, 2015, he caused a copy of the above and foregoing PLAINTIFFS' MOTION FOR CLASS CERTIFICATION to be served on all counsel of record via the Court's electronic filing system (CM/ECF).


                                                   /s/ Benjamin S. Wolf