**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
DON LIPPERT, WILLIAM EARL BASSETT,  )  Docket No. 10 C 4603
LEWIS RICE and MILAM MARTIN,        )
                                    )
              Plaintiffs,           )
                                    )
         vs.                        )
                                    )
PARTHA GHOSH, M.D., et al.          )  Chicago, Illinois
                                    )  January 6, 2016
              Defendants.           )  9:37 o'clock a.m.
```

TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTION
BEFORE THE HONORABLE DANIEL G. MARTIN, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:    UPTOWN PEOPLE'S LAW CENTER
                       BY:  MR. ALAN S. MILLS
                       4413 N. Sheridan Road
                       Chicago, Illinois  60640


                       ROGER BALDWIN FOUNDATION OF ACLU, INC.
                       BY:  MS. CAMILLE E. BENNETT
                            MS. LINDSAY S. MILLER
                       180 N. Michigan Avenue, Suite 2300
                       Chicago, Illinois  60601


For the Defendants:    CASSIDAY SCHADE LLP
                       BY:  MR. MATTHEW A. ELIASER
                       20 N. Wacker Dr., Suite 1000
                       Chicago, Illinois  60606


**\*\*\* PLEASE NOTIFY OF CORRECT SPEAKER IDENTIFICATION \*\*\***
**NOTE:  FAILURE TO STAND NEAR THE MICROPHONE MAKES PORTIONS
UNINTELLIGIBLE AND INAUDIBLE**

```
 1   APPEARANCES   (Continued)

 2
     For the Defendants:      MR. THOR Y. INOUYE
 3                            Illinois Attorney General's Office
                              100 W. Randolph Street
 4                            Chicago, Illinois   60601

 5
     Transcriber:             MS. JOENE HANHARDT
 6                            Official Court Reporter
                              219 S. Dearborn Street, Suite 1744-A
 7                            Chicago, Illinois   60604
                              (312) 435-6874
 8
                 * * * * * * * * * * * * * * * * *
 9
                       PROCEEDINGS RECORDED BY
10                        DIGITAL RECORDING
                     TRANSCRIPT PRODUCED BY COMPUTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           THE CLERK:  10 C 4603, Lippert vs. Ghosh.
2           THE COURT:  All right.  Good morning, folks.
3           Would everyone please spell your last name when you
4   step up to the bench.
5           MR. MILLS:  Alan Mills, for the Uptown People's Law
6   Center -- M-i-l-l-s -- one of the attorneys for the
7   plaintiffs.
8           THE COURT:  Good morning, Mr. Mills.
9           MR. MILLS:  Good morning, Judge.
10          MS. BENNETT:  Good morning, your Honor, Camille
11  Bennett -- B-e-n-n-e-t-t -- for the plaintiffs.
12          THE COURT:  Ms. Bennett, good morning.
13          MS. MILLER:  Good morning, your Honor, Lindsay Miller
14  for the plaintiffs -- M-i-l-l-e-r.
15          THE COURT:  Ms. Miller, good morning to you.
16          MR. ELIASER:  Matthew Eliaser -- E-l-i-a-s-e-r -- for
17  Athena Rossiter.  Good morning.
18          THE COURT:  Mr. Eliaser, good morning.
19          MR. INOUYE:  Good morning, your Honor, Thor Inouye --
20  I-n-o-u-y-e -- for the State defendants.
21          THE COURT:  Mr. Inouye.
22          Okay.  Good morning one and all.
23          All right.  I am going to make Miller take the whole
24  day today, okay?  Because she never says anything.
25          (Laughter.)

1          THE COURT:  I am just kidding.  I am just kidding.  I
2   am a kidder.  I am kidder.
3          (Laughter.)
4          MS. MILLER:  Okay.
5          THE COURT:  At our last hearing on December 22nd, I
6   ordered the Relatively system, as described in the Skinner
7   declaration, to be used for all future electronic productions
8   by the defense in the case.
9          I directed the defendants to focus on producing the
10  outstanding responsive documents with respect to the categories
11  we discussed -- 3, 5, 8 and 9 of the "twelve category" list --
12  that was contained in my November 5th order.
13         The plaintiffs' reply brief in support of the motion
14  for class certification is now due on February 24th of 2016,
15  unless that changed in front of Judge Alonso this morning.
16         Is that still the date?
17         MS. BENNETT:  Yes, your Honor, it is.
18         There, in fact, was no status in front of Judge Alonso
19  this morning.
20         THE COURT:  Oh.
21         MS. BENNETT:  That date seemed to have pertained to a
22  proceeding in the individual damages case --
23         THE COURT:  Oh, okay.
24         MS. BENNETT:  -- which was vacated some time ago.
25         THE COURT:  All right.

1                Last night I received the parties' joint status
2    report.  It seems as if the defendants have made some very good
3    progress in the outstanding production.
4                The defendants have also indicated they will complete
5    further productions by January 15th, 2016.
6                Accordingly, I am satisfied with the defense's recent
7    efforts and I will deny the plaintiffs' motion to compel,
8    without prejudice to re-assert it if and when that may be
9    necessary.
10               One disagreement.  I understand the parties are in
11   disagreement about whether the production and review of
12   Dr. Shicker's e-mails, in response to the remaining 61 search
13   terms on plaintiffs' original list, should occur through the
14   Relativity platform.
15               It was my intention, as I thought I explained at the
16   December 22nd hearing, that all of the remaining Dr. Shicker
17   e-mails collected as a result of search term queries would be
18   sorted as described in the Skinner declaration.
19               Is there still an issue with respect to this,
20   Defendants?
21               MR. INOUYE:  Your Honor, the only reason why we are
22   saying that it shouldn't be -- one is that the cost in getting
23   it approved and getting it.  I don't want to delay it any
24   further.
25               I have all of the first ten search terms, which is

1   over 9,000 of the e-mails -- nearly half of the e-mails.  And
2   we are just going to produce those as soon as I can get them in
3   an order that -- because they had to be reviewed by 10
4   different people.  So, they are not in any kind of order right
5   now.
6           So, I can produce them; but, then, they will be a
7   mess.
8           THE COURT:  What is the harm of going through the
9   Relativity platform?
10          MR. INOUYE:  I don't want to delay the process at all,
11  your Honor.
12          THE COURT:  Will it delay the process?
13          Do your opponents think it will delay it?
14          MS. BENNETT:  Your Honor, since we were last here on
15  Christmas Eve, the defendants produced another 1100 or so of
16  pages of Dr. Shicker's e-mails.
17          I don't mean to be petty, but I will point out that
18  one of those things was a 400-page attachment.
19          They cannot, on the schedule that they are adhering
20  to, produce these e-mails in a reasonable time.
21          And your Honor was very clear last time -- and I am
22  going to read from the transcript -- "I am going to order that
23  the Relatively system, as described in some detail -- "
24          THE COURT:  Do you have a page reference?
25          MS. BENNETT:  That is at Page 9, your Honor.

1         "I am going to order that the Relatively system, as
2  described in some detail in the Skinner declaration, be used
3  for all future electronic productions in this case.
4         "As to Dr. Shicker's e-mails, the defense shall
5  provide all of the remaining e-mails collected as a result of
6  the search term query, to be sorted as described in the Skinner
7  declaration."
8         THE COURT:  All right.
9         I am there, Line 5 through 8.
10        MS. BENNETT:  If the defendants had an objection to
11 that ruling, there is a rule for that.  They should have filed
12 objections with the district court.
13        THE COURT:  Right.
14        MS. BENNETT:  And the time for doing that has run.
15        But, yesterday, when we had a conversation with
16 Mr. Inouye, he told me that it was no longer necessary to
17 comply with the Court's order.
18        The defendants need to be instructed to collect those
19 e-mails.
20        And we will send them a contact person.  And we will
21 get the Seyfarth Relatively program up and running.
22        THE COURT:  Okay.
23        MS. BENNETT:  Your Honor had ordered them to focus on
24 the other documents during the holiday season.  That is
25 understandable.  But it is time for them to comply with the

1   Court's order now.
2           And to be told yesterday that it was no longer
3   necessary for them to do that was just staggering.
4           THE COURT: Well, anything else, Mr. Inouye?
5           MR. INOUYE: Yes, your Honor.
6           In terms of what we have produced, I admit that I was
7   on vacation for last week. But in terms of what we produced,
8   it wasn't just the e-mails.
9           If you -- if the Court recalls, there was a status
10  that -- a status order or a joint status order -- that was
11  submitted. And we had -- I think at that point we were at
12  about 3,000 pages.
13          Since that time, we are at over 6,000 pages.
14          So, over the course of -- even though I was gone all
15  last week, over the course of -- one week, we have produced
16  over 3,000 pages of documents.
17          Now, we have all of the e-mails. So, it doesn't make
18  sense at this point to go back and try to put them on
19  Relativity. I have them all scanned in.
20          I can produce them today in bulk, but they are not
21  going to like the way they are produced because --
22          THE COURT: No, they are not.
23          And I ordered what I ordered, so that we could put an
24  end to this piecemeal, in-bulk attachment and all of the rest,
25  something that is finally systematic and that moves us forward

1 with respect to this discovery process, which has be so onerous
2 thus far. Okay? So, wrap it up because my order is my order.
3         The defense shall provide all of the remaining Shicker
4 e-mails collected as a result of the search term query, to be
5 sorted as described in the Skinner declaration.
6         That was the order. It stands. And I do not see any
7 reason to disturb it.
8         Despite your representation that you are giving it
9 your best efforts and there is something that might be
10 duplicative, we have really gone too far down that road for too
11 many statuses and we are going to stick to the plan now and
12 see, hopefully, that that produces better results.
13         That is it.
14         MR. INOUYE: Your Honor, can I ask whether or not we
15 have to put the ones that we have ordered reviewed on to
16 Relativity and, then, review them, again?
17         THE COURT: You have to comply with my order. Okay?
18         MR. INOUYE: Your Honor, unfortunately, that will --
19 it kind of --
20         THE COURT: If it delays it, it delays it.
21         MR. INOUYE: Understood.
22         THE COURT: I am really --
23         MR. INOUYE: Okay.
24         THE COURT: You know, I am sorry.
25         I don't like to see unnecessary delay. I know you

1  have made your best efforts.  I know the financial constraints
2  that have burdened the State throughout this litigation.  I am
3  well aware of it.  That is part of the consideration that went
4  into the drafting and the issuance of this order.
5          Full speed ahead.  Let's get it done and move on to
6  the next phase of this litigation.
7          MR. INOUYE:  Your Honor, on a separate note, we have
8  asked -- we have not yet received the medical records and the
9  grievances from the new named plaintiffs or any of the named
10 plaintiffs.  We have asked for that.
11         We are going to be taking the depositions of each of
12 the named plaintiffs.  And, so, we will be filing a motion for
13 an extension of time on the response to the motion for class
14 certification, just to let the Court know.
15         But we have not done that yet.  We plan to do it
16 today.
17         THE COURT:  As my dear father used to say, sufficient
18 unto today are today's troubles.
19         MR. INOUYE:  Yes, your Honor.
20         THE COURT:  If you anticipate that you are going to
21 need to file a motion, I will look forward to seeing it.
22         When is our next status?
23         (Brief pause.)
24         THE COURT:  When do you want to come back and say,
25 "Hey"?

```
 1              THE CLERK:  Before February 24th.
 2              THE COURT:  Before February 24th, let's get in a
 3   status.
 4              MR. ELIASER:  Your Honor, we have a status in front of
 5   Judge Alonso for that date, I believe.
 6              MS. BENNETT:  We have a status on February 15th --
 7   18th -- in front of Judge Alonso, I believe.
 8              THE COURT:  Okay.
 9              Come on in and see me that same day or is that too
10   late for our purposes?
11              MS. BENNETT:  Your Honor, I would suggest a date
12   before that --
13              THE COURT:  Okay.
14              MS. BENNETT:  -- given --
15              THE COURT:  All right.
16              MS. BENNETT:  -- how things have gone.
17              THE COURT:  The two judges to my right have also
18   indicated that they want an earlier date.
19              (Laughter.)
20              THE COURT:  The 11th?
21              THE CLERK:  Do you want to do it the 4th?
22              THE COURT:  The 4th?  Okay.
23              Let's see how this thing is going.
24              MS. BENNETT:  Thank you, Judge.
25              MR. MILLS:  Thank you, your Honor.
```

1      MS. MILLER:  Thank you, your Honor.

2      MR. INOUYE:  Thank you, your Honor.

3      MR. ELIASER:  Thank you, your Honor.

4                * * * * *

5  I certify that the foregoing is a correct transcript from the
   digital recording of proceedings in the above-entitled matter,
6  to the best of my ability, given the limitations of using a
   digital-recording system.

7

8  /s/ Joene Hanhardt                January 13, 2016
   Official Court Reporter