UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DON LIPPERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 10-cv-4603 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| JOHN BALDWIN, et al., | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUPPLEMENT TO MOTION FOR REAPPOINTMENT OF EXPERT**

Plaintiffs, by their attorneys, as ordered by the Court, hereby submit this supplement to their Motion for Reappointment of Expert (Dkt. 567):

1. Plaintiffs' Motion seeks the reappointment of Dr. Ronald Shansky as a court-appointed expert pursuant to Federal Rule of Evidence 706 for purposes of performing an update to his 2014 investigation and report on medical and dental care within the Illinois Department of Corrections (IDOC). The Final Report of the Court-Appointed Expert in this case was issued almost three years ago, in December 2014. Dkt. 339.

2. At the hearing on Plaintiffs' Motion on September 21, 2017, the Court asked how Dr. Shansky's update could be limited "to make sure it's just an update?" (Transcript of 9/21/17 Proceedings, attached as Exhibit 1, at 7:10-13). Plaintiffs' counsel indicated that they could likely obtain a work plan from Dr. Shansky as to what would be a "reasonable limited update" of the 2014 report, along with a cost estimate. (*Id*. at 7:14-18.) The Court then directed Plaintiffs to supplement their motion one week before the next court date. (*Id*. at 10:6-8.)

3. Plaintiffs' counsel have now consulted Dr. Shansky as to what he believes an update would require. The most time-consuming work involved in any investigation of prison conditions is site visits to prisons; Dr. Shansky believes that an update could be limited to re-

1

review of five of the eight prisons surveyed in 2014.[1] As in 2014, Dr. Shansky would assemble a team to assist him, but as before, this would expedite the work. Dr. Shansky's current opinion is that the core work—involving site visits of 3-4 days per prison—*could* be completed in as little as 4-6 weeks. However, Dr. Shansky said, a more realistic estimate for that part of the project is three months, which would also enable the reports on the five individual facilities to be completed within that three-month period. Thereafter, it would likely take an additional month to complete an overall report on findings; in addition, at the outset, it would likely take a month from the date of reappointment to assemble a team. Thus the total estimated time for the update—on the more "realistic" schedule—would be five months total (1+3+1).

4. Therefore, if the order of reappointment were entered before November 1, the project could be completed by the current close of fact discovery, March 2, 2018. Dr. Shansky's best current estimate of the cost of such an update was approximately $390,000.[2]

5. In addition to the value to the case of having a non-party expert take another look at conditions that were previously assessed almost three years ago, Plaintiffs also believe that the reappointment of Dr. Shansky would expedite the case. As Plaintiffs have already told the Court, they have been engaged in an effort, started in *May*, to find out what Defendants say they have changed in the IDOC healthcare system since 2014 in the areas criticized by the Final Report. The last deposition in that series is now finally scheduled for November 3. That it has taken almost six months for Defendants to present witnesses competent to testify *merely to what IDOC says it has changed* in the wake of the 2014 Final Report illustrates how difficult it is to establish

---

[1] The prisons to be re-reviewed would be: Northern Reception Center; Stateville Correctional Center; Logan Correctional Center; Dixon Correctional Center; and Menard Correctional Center. (Pontiac Correctional Center, Hill Correctional Center, and Illinois River Correctional Center would be omitted.)
[2] This might prove to be a "high end" estimate, since it is based off the cost of the original work (essentially, it is 5/8ths of that cost), and Plaintiffs do not believe that every aspect of IDOC medical and dental care has materially changed since 2014.

2

even the most basic information in this case through routine discovery.[3] A new report by an independent expert—even if it takes five months to produce—would not only be inestimably valuable to the case, it would expedite the case.

For these reasons and those stated in their Motion for Reappointment of Expert (Dkt. 567), Plaintiffs respectfully request that the Court reappoint Dr. Ronald Shansky as a court-appointed expert pursuant to Federal Rule of Evidence 706 for purposes of performing an update to his 2014 investigation and report in this matter.

|  |  |
|---|---|
| DATED: October 18, 2017 | Respectfully submitted,<br>DON LIPPERT, et al.<br><br>By: /s/ Camille E. Bennett<br>*One of their attorneys* |
| Alan Mills<br>Uptown People's Law Center<br>4413 North Sheridan<br>Chicago, IL 60640 | Benjamin S. Wolf<br>Camille E. Bennett<br>Lindsay S. Miller<br>Roger Baldwin Foundation of ACLU, Inc.<br>150 N. Michigan Ave., Ste. 600<br>Chicago, IL 60601 |
| Harold C. Hirshman<br>Dentons US LLP<br>233 S. Wacker Dr., Ste. 5900<br>Chicago, IL 60606 | Jason P. Stiehl<br>Ryan C. Williams<br>Akerman LLP<br>71 S. Wacker Drive, 46th Floor<br>Chicago, IL 60606 |

---

[3] Even now, the picture of what Defendants say has changed is scarcely clear. As noted in Plaintiffs' Motion, the first witness Defendants offered, in July, who was the IDOC medical director, was largely unable to testify as to what had changed (Dkt. 567, p. 3); subsequent witnesses have been able to testify only as to parts of the system.

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on October 18, 2017, she caused a copy of the above and foregoing PLAINTIFFS' SUPPLEMENT TO MOTION FOR REAPPOINTMENT OF EXPERT to be served on all counsel of record via the Court's electronic filing system (CM/ECF).

                                        /s/ Camille E. Bennett