<u>**TRANSCRIBED FROM DIGITAL RECORDING**</u>

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DON LIPPERT, et al.,                    )  Docket No. 10 C 4603
                                        )
                      Plaintiffs,       )
                                        )
            vs.                         )
                                        )
PARTHA GHOSH, et al.,                   )  Chicago, Illinois
                                        )  October 10, 2017
                      Defendants.       )  10:08 o'clock a.m.


      TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTION HEARING
      BEFORE THE HONORABLE DANIEL G. MARTIN, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:      MS. CAMILLE E. BENNETT
                         Roger Baldwin Foundation of ACLU, Inc.
                         150 N. Michigan Avenue, Suite 600
                         Chicago, Illinois  60601

For the Defendants:      MR. JAMES DORAN
                         MR. MATTHEW ELIASER
                         Office of the Attorney General
                         100 W. Randolph St., 13th Floor
                         Chicago, Illinois  60601


            * * * * * * * * * * * * * * * * *

                   PROCEEDINGS RECORDED BY
                     DIGITAL RECORDING
            TRANSCRIPT PRODUCED BY COMPUTER


      **\*\*\* PLEASE NOTIFY OF CORRECT SPEAKER IDENTIFICATION \*\*\***
      **NOTE:   FAILURE TO STAND NEAR THE MICROPHONE MAKES PORTIONS**
                   **UNINTELLIGIBLE AND INAUDIBLE**

```
 1   APPEARANCES (Continued):

 2
     Also Present:            MICHAEL P. MAZZA, LLC
 3                            BY:  MR. PAUL HALE
                              686 Crescent Boulevard
 4                            Glen Ellyn, Illinois  60137

 5
                              CASSIDAY SCHADE, LLP
 6                            BY:  MR. JOSEPH LOMBARDO
                              111 W. Monroe Street
 7                            Chicago, Illinois  60603

 8
     Transcriber:             MS. JOENE HANHARDT
 9                            Official Court Reporter
                              219 S. Dearborn Street, Suite 1744-A
10                            Chicago, Illinois  60604
                              (312) 435-6874
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          THE CLERK:  10 C 4603, Lippert vs. Ghosh.

2          THE COURT:  All right.  Hang on.  Hold on one second

3     here.

4          (Brief pause.)

5          THE COURT:  Lippert vs. Ghosh.  You say, "Ghosh," I

6     say, "Godinez."  You say, "Tomato," I say, "Tomato."

7          Everybody, welcome.

8          MR. HALE:  Good morning, your Honor, Paul Hale --

9     H-a-l-e -- for intervenor Kenneth Burks, originating from Case

10    No. 15 CV 55.

11         THE COURT:  Mr. Hale, on behalf of the intervenor

12    Kenneth Burks, good morning to you.

13         MR. HALE:  Thank you, your Honor.

14         MS. BENNETT:  Good morning, your Honor, Camille

15    Bennett -- B-e-n-n-e-t-t -- for the plaintiffs.

16         THE COURT:  Ms. Bennett, good morning.

17         MR. ELIASER:  Matthew Eliaser -- E-l-i-a-s-e-r -- on

18    behalf of Athena Rossiter.

19         THE COURT:  Mr. Eliaser.

20         MR. DORAN:  Good morning, your Honor, James Doran --

21    D-o-r-a-n -- on behalf of the State defendants.

22         THE COURT:  We are like -- we are like -- surrogate

23    blood brothers by now because we have had done settlement

24    conferences, we have done status hearings.

25         Good morning, Mr. Doran.  How are you?

```
1            MR. LOMBARDO:  Good morning, your Honor, Joe Lombardo
2    -- L-o-m-b-a-r-d-o.  I am the counsel for the Wexford
3    defendants in the Kenneth Burks case.
4            THE COURT:  Okay.
5            Likewise, Mr. Lombardo.
6            Good morning, one and all.
7            Okay.  Let's see.  August 15, 2017 --
8            (Brief interruption.)
9            THE COURT:  We are in a new chambers.  Something fell.
10   It was just a fire extinguisher or something.
11           No, I am not kidding.  There is a fire extinguisher
12   right here.  I just want to make sure it doesn't fall.
13           I don't know why it's here.  I don't plan on setting a
14   fire here.
15           (Laughter.)
16           MS. BENNETT:  We might light a fire, your Honor.
17           (Laughter.)
18           THE COURT:  I am not kidding.  There is a fire
19   extinguisher right here.  I don't know why it's here and I
20   can't wait to get back down to the lucky 13th Floor.
21           But, anyway.
22           MR. DORAN:  Obviously, it is there to spray at the
23   parties when you get --
24           (Laughter.)
25           THE COURT:  No, I would never dare -- I would never
```

```
 1    dare.  But I might -- I don't know.  Who knows?  Maybe a
 2    spontaneous combustion issue will arise and I will be the hero.
 3            I just hope that I don't spontaneously combust.
 4            (Laughter.)
 5            THE COURT:  All right.  Judge Alonso set the following
 6    dates regarding class claims:  Fact discovery on the class
 7    claims closes March 2nd, 2018.
 8            It is -- well, not right around the corner, but -- no,
 9    it is a while from now, actually.  That is a generous date,
10    right?
11            Plaintiffs' Rule 26(a)(2) disclosures and reports
12    served by March 2nd, 2018.
13            Depositions of plaintiffs' experts completed by April
14    2nd, 2018.
15            Defendants' Rule 26(a)(2) disclosures and reports by
16    April 16th, 2018.
17            Depositions of defendants' experts, April 30th, 2018.
18            All expert discovery completed by April 30th, 2018.
19            And dispositive motions, with supporting memoranda,
20    due by May 30th.
21            Status hearing May 2nd, 9:30 a.m.
22            That is the schedule.  I read it as much for my own
23    benefit, as for all of you, which I am sure you have all
24    committed it to memory.
25            There are several issues to discuss today.
```

```
 1              First, at our last status hearing way back on
 2   September 7th, 2017, the parties reported that the State
 3   defendants have completed their e-mail production, with the
 4   exception of a few e-mails the tech people later discovered.
 5              Plaintiffs were still waiting for the State
 6   defendants' privilege log.
 7              State defendants, what is the status of that privilege
 8   log?
 9              (No response.)
10              THE COURT:  Don't everybody speak at once.
11              (No response.)
12              THE COURT:  The privilege log?
13              MR. DORAN:  My colleagues are working on it.
14              We have -- actually, there was a different class
15   action case that our reviewers were going on and using the
16   platform that the State has created.
17              So, I do have a colleague -- Mike Stephenson is
18   working on it -- and we should have it done.
19              THE COURT:  When?  Give me a date certain and I will
20   hold you to it.
21              MR. DORAN:  Twenty-one days.
22              THE COURT:  Twenty-one days.
23              Where does that take us?
24              THE CLERK:  October 31st.
25              THE COURT:  October 31st the privilege log will be
```

1    delivered to the plaintiffs.  Okay?  The 31st.

2            If there is an issue with respect to it, I want you to

3    get in here beforehand.  I don't want to see you all on a

4    status and have you say, "Oops, we need more time."

5            Ms. Bennett, go ahead.

6            MS. BENNETT:  Judge, could you please add to that the

7    remaining e-mails, as well -- the ones that the tech

8    people discovered.

9            THE COURT:  A few stragglers -- three legal stragglers

10   -- or something.

11           MR. DORAN:  No, it is more than three.  And I don't

12   know how many it is.  And --

13           THE COURT:  We will make it due by the 31st.

14           MR. DORAN:  You know, it might take more time than the

15   31st.

16           I think we can have them reviewed, but I don't know if

17   we can have them produced by that time.

18           THE COURT:  Try to have them produced and -- reviewed

19   and produced.  And if you run into difficulties, I will put you

20   on a short extension.  But let's get that going.  Okay?

21           MR. DORAN:  Okay.

22           THE COURT:  So, the remaining e-mails and the

23   privilege log due October 31st.

24           And I am really hopeful that we can accomplish that or

25   be almost at the closure of that by that date.

1           Second, the parties reported at our last status

2    hearing that they had been discussing dates for the State

3    defendants to update their entire discovery production,

4    including e-mails; and, agreeing to create a dataset of five to

5    ten prisons from which the State defendants would update hard

6    documents kept at each separate prison location.

7           Have the parties made any progress on these issues?

8           MR. DORAN:  I think we have, your Honor.

9           We are in agreement that we are going to use at least

10   the original eight prisons, I believe, it was.

11          THE COURT:  Was it eight?  I don't remember it being

12   that many, but I will defer to your --

13          MR. DORAN:  It might have been seven.

14          MS. BENNETT:  No, it was eight.

15          THE COURT:  Eight?  Okay.

16          MR. DORAN:  So, we are going to use those prisons.

17          THE COURT:  All right.  That is a good start.

18          MR. DORAN:  And we have -- the Department of

19   Corrections has been updating their records.

20          THE COURT:  Okay.

21          MR. DORAN:  We haven't produced them yet, but they are

22   updating them.

23          They haven't been produced to me yet from the

24   Department.  So --

25          THE COURT:  Okay.

```
 1              I want the parties to propose a date when the State
 2    defendants will have updated their discovery production,
 3    because I want to set that as a date.
 4              Are the parties prepared to propose a date for me?
 5              (No response.)
 6              THE COURT:  I will put you on October 31st unless you
 7    want to propose something else.  That might be a little soon.
 8              MR. DORAN:  I think we -- probably a little longer
 9    than that.
10              THE COURT:  Okay.
11              MR. DORAN:  Maybe forty-five days until we can produce
12    the documents from those eight prisons.
13              THE COURT:  Give them forty-five days, Ms. Santiago.
14              THE CLERK:  That's Thanksgiving weekend, Friday,
15    November 24th.
16              THE COURT:  Okay.
17              So, then, let's go to following Monday.
18              THE CLERK:  November 27th.
19              THE COURT:  By November 27th, because usually that
20    Friday is a time for post-Thanksgiving peace and contemplation.
21              Okay.  By November 27th.
22              Yes, Ms. Bennett?  I am calling on you.
23              MS. BENNETT:  For clarity sake, your Honor --
24              THE COURT:  Pardon?
25              MS. BENNETT:  For clarity sake, your Honor, is
```

1   Mr. Doran only talking about the documents that -- on the list

2   in the e-mail I sent him on September 6th?

3           THE COURT:  Mr. Doran, are you talking about the

4   documents referenced in the e-mail that Ms. Bennett sent to you

5   on --

6           When was it?

7           MS. BENNETT:  September 6th.

8           THE COURT:  -- September 6th?

9           MR. DORAN:  I don't recall the documents that were in

10  that e-mail, but --

11          THE COURT:  Okay.

12          MR. DORAN:  -- we can talk about it.  And if that is

13  an issue, we will let you know.

14          THE COURT:  How does that sound?  Is that

15  satisfactory?

16          MS. BENNETT:  Thank you, Judge.

17          THE COURT:  All right.

18          The date is November 27th -- that is the update -- on

19  the discovery production from the eight prisons that were in

20  the original sampling we contemplated long ago, when I sat down

21  with everyone and we tried to settle this class suit and obtain

22  a consent decree.

23          What is the status of the dismissal order regarding

24  Plaintiff Lippert's individual claims?

25          MR. DORAN:  I just got an e-mail from Mr. Stiehl.  He

1  regrets he can't be here, but he said that he has forwarded

2  both releases to Mr. Lippert.

3          Mr. Lippert is in the process of reviewing them.

4          And Mr. Stiehl has asked that we enter and continue, I

5  guess, the possibility of filing a stipulation of dismissal for

6  a couple of weeks.

7          THE COURT:  Well, a possibility?  I thought it was an

8  inevitability?

9          MR. DORAN:  Well, I think -- I thought it should have

10 been filed months ago, but Mr. Lippert -- or Mr. Stiehl --

11 wants his client to see and review the settlement agreements

12 and releases before he enters a stipulation of dismissal.

13         THE COURT:  All right.

14         Mr. Stiehl needs to get moving and visit his client,

15 then.  Okay?

16         Has he visited him; do you know?

17         MR. DORAN:  I don't know, but he said in his e-mail

18 that he is going to be reviewing the release and settlement

19 agreement with him shortly.

20         I am just asking for two weeks.

21         THE COURT:  I will give him two weeks.  And if I don't

22 have it by then, I am going to order Mr. Stiehl to come in and

23 talk to me and explain why it has taken so long.  Okay?

24         And he said two weeks.  That is Mr. Stiehl's proposal?

25         MR. DORAN:  Correct, in his e-mail today.

```
 1              THE COURT:  All right.  Okay.

 2              So, it is due -- that is, the dismissal order

 3    regarding Plaintiff Lippert's individual claims, which was

 4    settled long ago -- that will be due two weeks from today.

 5              So, we will put that in our order.  Okay?

 6              Now, let's see.

 7              Now, it is time for Mr. Hale to step in.

 8              Judge Alonso expanded my referral in this case to

 9    include resolution of Intervenor Kenneth Burks' motion to

10    compel production of the sealed Lippert Report documents.

11              From my initial reading, Intervenor Burks seeks to

12    compel production of documents and information that comprise

13    the basis of the findings and opinions in the final report of

14    the purported appointed expert -- that is Dr. Ron Shansky -- in

15    this case regarding, No. 1, deficiencies in medical record-

16    keeping; and, 2, deficiencies in the off-site referral process

17    for medial treatment of IDOC prisoners for use in his case, 15

18    C 55.

19              That is pending before Judge Andrea Wood.

20              I understand that the parties in this case object to

21    Burks' subpoena to Dr. Shansky, based on the confidentiality

22    provisions in the Agreed Order appoint experts.

23              He directed the parties and Intervenor Burks to meet

24    and confer in good faith before today's hearing, in an attempt

25    to resolve the motion without any judicial intervention.
```

1          Did the parties and Intervenor Burks make any progress
2    as a result of the meet and confer?
3          MR. HALE:  And, your Honor, on October 5th, all of the
4    parties here before you today did have a meet and confer by
5    phone.  There are universal objections to Mr. Burks' motion to
6    compel the production of the documents.  And I do not --
7          THE COURT:  Universal objections?  Everybody objects
8    to everybody else's positions?
9          MR. ELIASER:  Your Honor, all parties in the Lippert
10   case object --
11         THE COURT:  All right.
12         MR. ELIASER:  -- to the intervenor's motion.
13         THE COURT:  Well, you can file one brief.  Let's brief
14   this -- we will set a schedule -- because I can't decide this
15   based upon the motion to compel.
16         So, I am going to give your opponents the universal
17   chance to respond to the motion to compel; and, then, a short
18   reply; and, I will make a ruling.
19         Does that sound like the way we should do it if there
20   is no hope of resolving it?
21         I always like to turn it over to the parties because
22   you always know more about the case than I do.  But that is all
23   right.
24         (No response.)
25         THE COURT:  All right.

1          Let's get a little schedule for that, Ms. Santiago.

2          THE CLERK:  What do the parties want?

3          THE COURT:  What do you want?

4          (No response.)

5          THE COURT:  Your response?

6          MR. LOMBARDO:  Do we have to file one between all of

7    the Lippert defendants?

8          THE COURT:  Yes.  He said it is a universal objection.

9    I mean, do you each need to respond yourselves?

10          MR. ELIASER:  Yes, we will just file a joint response.

11    How about that?

12          MR. LOMBARDO:  Could we have twenty-one days, then,

13    just to be able to confer with each other and make sure we are

14    all on the same page?

15          THE COURT:  Sure.

16          THE CLERK:  October 31st.

17          THE COURT:  October 31st is the response.

18          The reply, seven days later.

19          MR. ELIASER:  Thank you, your Honor.

20          What would that date be?  I am sorry.

21          THE CLERK:  November 7th.

22          THE COURT:  November 7th.

23          And I will rule on this in as expeditious a fashion as

24    I can.

25          How does that sound?  It's the best I can offer you.

```
 1              MR. ELIASER:  Thank you, your Honor.

 2              THE COURT:  All right.

 3              Are we all set on our October 31st; our November 27;

 4   our Mr. Stiehl, two weeks; and, the dates on the response and

 5   reply?

 6              All right?  We're all good?

 7              MR. ELIASER:  Yes.

 8              THE COURT:  Let's set a status date to come on in and

 9   hang out, again.  Let's say mid-November.  Does that sound

10   good?  Because by then -- by then -- the October 31st privilege

11   log issues and the remaining e-mails should be just about

12   tidied up, right, if not clearer?

13              MR. ELIASER:  Judge, could we ask for an additional

14   seven days to file the response?  Just because me and

15   Mr. Lombardo are going to be taking the lead on it and we have

16   quite a bit to accomplish --

17              THE COURT:  Do you want November 7th for your

18   response?

19              MR. ELIASER:  That would be very helpful, yes.

20              THE COURT:  And, then, what will our reply date be?

21   We have got to push that back seven days, Ms. Santiago.

22              THE CLERK:  The 14th.

23              THE COURT:  Okay.  The 14th for the reply.

24              How does that sound?  Better?

25              MR. ELIASER:  Yes.  Thank you, Judge.
```

16

1          THE COURT:  Sure.

2          Okay.  I will look forward to those filings, the

3   privilege log and all of the rest of the issues of which we

4   have spoken.

5          Remember, guys, I have got my marching orders, too.

6   So, I have got to keep in step with Judge Alonso, who still is

7   presiding over the case.

8          Hold on.  My people are in conference.

9          (Brief pause.)

10         THE COURT:  Okay.  Are we okay on this case?  Can I

11  dismiss our either Lippert v. either Ghosh or Godinez -- the

12  individuals?  I don't know yet because they are still talking.

13         You are the real judges here.

14         MR. ELIASER:  Oh, we are still waiting for a date.

15         THE COURT:  We are getting a date, that is right.

16  Okay?

17         THE CLERK:  November 9th at 9:30.

18         THE COURT:  November 9th at 9:30.

19         MS. BENNETT:  Your Honor, I am going to be out of the

20  country on that date.

21         THE COURT:  Well, is your colleague going to be

22  available?

23         MS. BENNETT:  I think Ms. Miller will be around; but,

24  since she is not here today, I would be reluctant to send her

25  on the 9th.

1          THE CLERK:  That date or that week?

2          MS. BENNETT:  That entire week.

3          THE CLERK:  That entire week?

4          THE COURT:  Yes, we can do it after.  It is okay.

5          But this means everything that we talked about today

6  has to be long gone.  All right?  Except for the reply.

7          THE CLERK:  November 16th, the following Thursday, at

8  9:30.

9          MS. BENNETT:  Thank you.

10          THE COURT:  Even the reply is going to come in.  So,

11  we are not going to have much to do, other than chat.  All

12  right?

13          MR. LOMBARDO:  All right.

14          THE COURT:  Everybody take it -- Mr. Lombardo, what is

15  going on?  I thought you were happy to be here, your know?

16          MR. LOMBARDO:  Not that happy, your Honor.

17          (Laughter.)

18          THE COURT:  I don't bite anybody.

19          MR. LOMBARDO:  I just think this motion is -- you

20  know, we are relying on privilege.  We are going to be here

21  every single day.  There is -- 55 percent of the prison

22  cases are -- 55 percent of the docket is prison cases, your

23  Honor.  So --

24          THE COURT:  Your response --

25          MR. LOMBARDO:  I know.

```
 1              THE COURT:  -- is in.

 2              MR. LOMBARDO:  I know.

 3              THE COURT:  You will have a chance to respond in full

 4  and in writing.  And I promise you I will read every juicy

 5  word.

 6              MR. LOMBARDO:  I have faith in that.

 7              Thank you, your Honor.

 8              THE COURT:  All right.

 9              I am sure your opponents don't agree with you.  So,

10  you need not reply.

11              MR. DORAN:  The plaintiff disagrees, your Honor.

12              (Laughter.)

13              THE COURT:  Enter your disagreement for the record.

14              All right.  We --

15              MR. LOMBARDO:  Thank you.

16              THE COURT:  -- will see you November 16th.

17              MR. LOMBARDO:  Thank you, your Honor.

18              MR. DORAN:  Thank you.

19              MR. ELIASER:  Thank you.

20              MS. BENNETT:  Thank you, your Honor.

21                              *   *   *   *   *

22  I certify that the foregoing is a correct transcript from the
    digital recording of proceedings in the above-entitled matter,
23  to the best of my ability, given the limitations of using a
    digital-recording system.
24

25  /s/ Joene Hanhardt               February 28, 2018
    Transcriber
```