**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DON LIPPERT, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 10-cv-4603 |
| v. ) | |
| ) | Judge Jorge Luis Alonso |
| JOHN BALDWIN, et al., ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF FEES AND COSTS**

Plaintiffs, by their attorneys, pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), respectfully move this Court for an award of $1,750,000 in attorneys' fees and $600,000 in costs and expenses for all work in this class action case to date, and in support state as follows:

1. This case was originally filed in July 2010 by plaintiff Don Lippert on his own behalf and pro se. Dkt. 1. In August 2010, the Court appointed counsel for Mr. Lippert. Dkt. 5. All subsequent complaints in this case sought awards of attorneys' fees and costs. Dkt. 10 p. 12; Dkt. 39 pp. 21, 23, 29, 31; Dkt. 146 pp. 31, 34; Dkt. 449 pp. 53, 56.

2. The Court certified this case as a class action in April 2017. Dkt. 534.

3. In December 2018, this case was settled and a proposed Consent Decree submitted to the Court. Dkt. 803-1. The Court granted preliminary approval of the settlement on January 10, 2019. Dkt. 806. Attorneys' fees, costs and expenses were not negotiated until after the proposed settlement had been signed and submitted to the Court.

4. The proposed Decree provided that the parties would use best efforts to agree upon the amount of fees, costs, and expenses to which Plaintiffs would be entitled for prosecuting the case; in the event the parties could not agree, the issue would be determined by the Court. Dkt. 803-1 pp. 23-24.

1

5. Plaintiffs and Defendants thereafter opened discussions as to attorneys' fees, costs, and expenses. Defendants requested, and Plaintiffs provided, the detailed time records and expense records available for this long-running case.[1]

6. Calculated at the fee rates as capped by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)(3), the total time reflected in the records (over 9500 hours) came to slightly over $2,000,000. Plaintiffs informed Defendants of that number. PLRA rates are not market rates and are very substantially lower than market rates. Had the number of hours reflected in the available records been multiplied by the usual rates of counsel involved in the case, the fee due would have been nearly $4,000,000.

7. After Defendants had concluded their review of Plaintiffs' time records, the parties engaged in arms-length negotiations as to the fees over a period of several days (February 27-March 5). Defendants ultimately offered, and Plaintiffs accepted, an agreed amount of $1,750,000 in attorneys' fees for all work on the case to date.

8. The parties thereafter opened negotiations as to costs and expenses. Plaintiffs provided Defendants with records of some $673,000 in costs and expenses; after review and negotiation, Defendants offered, and Plaintiffs accepted, an agreed amount of $600,000 for costs and expenses.

9. Pursuant to Rule 23(h), a certified class is entitled to notice of any application by class counsel for an award of fees so that any class member may object. Fed. R. Civ. P. 23(h)(1), (2).[2] On March 13, after the parties had reached agreement on the fee amount, the Court

---

[1] Due to the many years during which this case was being investigated and thereafter was pending, some time and expense records could not be located. Plaintiffs' counsel relinquished their claim to those fees and expenditures.

[2] Rule 23(h) also provides that class members are entitled to notice of applications for non-taxable costs. The vast majority of Plaintiffs' expenses in this case were taxable costs under 28 U.S.C. § 1920 (in particular, over $475,000 of Plaintiffs' expenses were solely attributable to compensation for half of the

2

approved a supplemental notice of this agreement which was thereafter posted by Defendants in the common areas of the facilities housing class members. Dkt. 953-1; Dkt. 978.

10. A small number of class members did object to the fees as a result of this notice. These objections stated in essence that it was unfair that lawyers received fees while class members were not receiving any compensation. Dkt. 1080, 1117, 1133, 1158. Since this class action suit was never for money damages, and federal law provides for attorneys' fees for successful prosecution of civil rights cases, these objections, while understandable, are not well founded. In addition, the fees recovered are not going to individual attorneys or to any of the law firms who have worked on the case pro bono; rather, they are going to the not-for-profit public interest organizations involved in the case.

11. A few class members expressed the position that attorneys should be paid for their time (though they likewise felt that class members deserved financial compensation). Dkt. 1129, 1145.

12. The parties' agreement to the combined total of $2,375,000 in fees and costs supports a finding under Rule 23(h) that this sum is reasonable. By way of comparison, in *Holmes v. Baldwin*, No. 11-cv-2961, a case brought in this court on behalf of a much smaller class of deaf and hard of hearing prisoners in IDOC, the parties agreed to, and the court approved, an award of $1,500,000 in fees. (*Holmes* Dkt. 436-2, p. 38; Dkt. 454.)

13. One unusual feature of the proposed Consent Decree is that it substantially limits the amount of fees or expenses Plaintiffs may obtain during the first years of the Decree.

---

fees for the court-appointed experts). *See* 28 U.S.C. § 1920(6); *see also* Dkt. 244 ¶ 8.c; Dkt. 593 ¶ 8(c) (orders appointing experts). As a result, after the total reflected in the records was reduced by the parties' agreement after negotiation, the amount attributable to any non-taxable expense was *de minimis*.

Plaintiffs' counsel agreed to this provision in the interest of settling the case and hastening some relief to the class. Specifically, the proposed Decree provides that Plaintiffs shall not seek fees or expenses for the first thirty months after final approval of the Decree (the "Effective Date") unless Defendants move pursuant to the PLRA to vacate the Decree. Dkt. 803-1 p. 24. After the first thirty months, and up to and until the fourth year after the Effective Date, any award of fees and expenses sought by Plaintiffs for this period is capped at $300,000 (unless, once again, Defendants move to vacate the Decree). *Id.* Only from the fourth year forward does the proposed Decree provide that Plaintiffs shall be entitled to any fees and expenses awarded by the Court. *Id*.

14. Should the Court wish to examine Plaintiffs' fee or expense records, Plaintiffs will promptly provide them for review.

15. Defendants do not oppose this motion.

For these reasons, Plaintiffs respectfully request that the Court award Plaintiffs' counsel $1,750,000 in attorneys' fees and $600,000 in costs and expenses for all work in this class action case to date.

DATED: April 26, 2019

Respectfully submitted,
DON LIPPERT, et al.

By: /s/ Camille E. Bennett
*One of their attorneys*

Alan Mills
Elizabeth Mazur
Nicole Schult
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640

Camille E. Bennett
Benjamin S. Wolf
Lindsay S. Miller
Katie Reineck
Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601

Harold C. Hirshman
Dentons US LLP
233 S. Wacker Dr., Ste. 5900
Chicago, IL 60606

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on April 26, 2019, she caused a copy of the above and foregoing PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF FEES AND COSTS to be served on all counsel of record via the Court's electronic filing system (CM/ECF).

                                        /s/ Camille E. Bennett