# Ex. 2

047782/19344/TPD/RCW

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LENNISHA REED and LENN REED JR., as
Co-Administrators of the Estate of LENN
REED, SR., #B28789,

        Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
VIPIN SHAH, STEPHEN RITZ, and FAIYAZ
AHMED,

        Defendants.

Case Number  3:20-cv-01139-SPM

District Judge Stephen P. McGlynn

## RESPONSES TO REQUESTS FOR PRODUCTION

COME NOW Defendants, WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Responses to Requests for Production propounded by Plaintiffs, LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR., state as follows:

## INSTRUCTIONS AND DEFINITIONS

Defendants object to Plaintiffs' definitions and instructions to the extent that they impose any greater burden on Defendants than that imposed under the Federal Rules of Civil Procedure.

## RESPONSES TO REQUESTS FOR PRODUCTION

47.    Produce all Documents in your possession relating to the following persons identified in the 2014 *Lippert* Report, including any Documents or Communications relating to medical care for each such person and any Documents or Communications relating to Complaints relating to each such person:

    a.    Page 7 (Person described in the passage beginning: "At the same facility, Patient 08044 presented with classic signs and symptoms of lung cancer from the time he arrived in IDOC, yet these were ignored by health care staff for three months. . . .")

b.    Page 15 (Person described in the passage beginning: "Finally, in one of the Dixon death reviews, a patient was identified who was diagnosed with early prostate cancer at Cook County Jail. . . .")

c.    Page 30: (Person described in the passage beginning: "Hill Death Review. Patient #N41619 entered IDOC in 1984 and arrived at Hill Correctional Center in 2009, having stopped smoking two years earlier. . . .")

d.    Page 30. (Person described in the passage beginning: "This is the case of a patient from Dixon whose is a 65-year-old male with hypertension, asthma, GERD and a positive TB skin test. . . .")

e.    Page 30: (Person described in the passage beginning: "Pontiac Death Review. The patient, #B33741 Delay in Obtaining Timely Appointment . . . . A two-month delay in the neurosurgery consult is excessive, given the nature of the patient's diagnosis. . . .")

**RESPONSE:    Defendants object that the information sought in this request for production is irrelevant to this case, that its disclosure could violate HIPAA and HITECH, and that this request could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.   Without waiving those objections, Defendants respond that they are not in possession, custody, or control of documents that identify the persons described in Request for Production No. 47(a) through (e).**

48.    Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of the medical care provided to each person identified in Request No. 47.

**RESPONSE:    Defendants object that the information sought in this request for production is irrelevant to this case, and that this request could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101. Without waiving those objections, Defendants respond that they are not in possession, custody, or control of documents that identify the persons described in Request for Production No. 47(a) through (e), and so cannot supply the information sought in this request.**

49.    Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of medical care provided to persons with cancer.

**RESPONSE:    Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case.   Defendants further object that the information sought in this request for production could be**

2

**interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

50.     Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of purported delay in providing medical care.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

51.     Produce all Documents or Communications discussing or relating to the 2014 *Lippert* Report's descriptions of the medical care provided to IDOC prisoners.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

52.     Produce all Documents and Communications discussing or relating to any actual or potential changes in policies, practices, rules, protocols, procedures, budgeting, recruiting, training, retention, or discipline, in light of the information contained in the 2014 *Lippert* Report.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

53.     Produce all documents relating to any reprimands, sanctions, discipline, demotion, or any other sanction imposed on any person in whole or in part because of medical care described in the 2014 Lippert Report for each person identified in Request No. 47.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the**

3

**information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101. Without waiving those objections, Defendants respond that they are not in possession, custody, or control of documents that identify the persons described in Request for Production No. 47(a) through (e).**

54. Produce all Documents in your possession relating to the following persons identified in the 2018 *Lippert* Report, including any Documents or Communications relating to medical care and any Documents or Communications relating to Complaints:

a. PageID #:11709: (Person described in the passage beginning: "We found in four of six hospitalized patients that there were delays in diagnosis because of untimely referral for higher level care. Two of these delays were extended (10.5 and 11 months). One likely resulted in dissemination of colon cancer.")

b. PageID #:11730: (The two persons described in the passage and bullets: "In the six hospital records we evaluated, we noted delayed diagnosis in four of the six patients. These delays included: . . . .

- A three-month delay in evaluation of pancreatic cancer . . . .

- An 11-month delay in identification of colon cancer which likely resulted in dissemination of the cancer.")

c. PageID #:11731: (Person described in the passage beginning: "The first patient was incarcerated at LCC on 1/11/17    ")

d. PageID #:12067: (Person described in the passage beginning: "In summary, the failure to deliver his Crohn's medications in July 2017 triggered a flare-up of his disease which persisted intermittently for the next six months. . . .")

e. PageID #:11738: (Person described in the passage beginning: "Another patient was 50 years old")

f. PageID #:11853: (Person described in the passage beginning: "The patient weighed 208 pounds in a chronic clinic visit on 5/5/15. . . .")

g. PageID #:12079: (Person described in the passage beginning: "Another patient was 56 years old and was incarcerated at Graham on 9/15/15 before being transferred to SCC.")

h. PageID #:11754: (Person described in the passage beginning: "The first example is a patient who had complaints of persistent lower abdominal pain, intermittent episodes of passing bright red blood from her rectum, and progressive weight loss for almost a year without timely work up. . . .")

4

     i.       PageID #:11864. (Person described in the passage beginning: "Another patient initially complained to a nurse of neck pain in March of 2016, and the nurse did not refer to a provider, but gave the patient ibuprofen by protocol. . . .")

     j.       PageID #:11641: (Person described in the passage beginning: "Another patient had an annual physical examination on 2/15/16 and weighed 345 lbs.")

     k.       PageID #:11647: (Person described in the passage beginning: "Another example was a 48-year-old man who was transferred to DCC in February of 2015 with a diagnosis of metastatic colon cancer.")

     l.       PageID #:11527 (Person described in the passage beginning: "A 45-year-old mentally ill man developed a firm neck mass.")

     m.       PageID #:11529 (Person described in the passage beginning: "Another 72-year-old patient was inadequately evaluated over an eight-month period for abdominal pain, but eventually was sent to an emergency room, where a CT scan showed a large retroperitoneal mass consistent with cancer.")

     n.       PageID #:12138 (Person identified as: Patient #1 Danville.)

     o.       PageID #:12145 (Person identified as: Patient #8 Dixon.)

     p.       PageID #:12147 (Person identified as: Patient #9 Stateville.)

     q.       PageID #:12169 (Person identified as: Patient #20 Logan.)

     r.       PageID #:12171 (Person identified as: Patient #21 Menard.)

     s.       PageID #:12175 (Person identified as: Patient #23 Menard.)

**RESPONSE:** **Defendants object that the information sought in this request for production is irrelevant to this case, that its disclosure could violate HIPAA and HITECH, and that this request could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101. Without waiving those objections, Defendants respond that they are not in possession, custody, or control of documents that identify the persons described in Request for Production No. 54(a) through (s).**

55.     Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of the medical care provided to each person identified in Request No. 54.

**RESPONSE:** **Defendants object that the information sought in this request for production is irrelevant to this case, and that this request could be interpreted to include communications protected by attorney-client privilege, attorney work**

**product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101. Without waiving those objections, Defendants respond that they are not in possession, custody, or control of documents that identify the persons described in Request for Production No. 54(a) through (s).**

56. Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of medical care provided to persons with cancer.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

57. Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of delay in providing medical care.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

58. Produce all Documents or Communications discussing or relating to the 2018 *Lippert* Report's descriptions of the medical care provided to IDOC prisoners.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

59. Produce all Documents and Communications discussing or relating to any actual or potential changes in policies, practices, rules, protocols, procedures, budgeting recruiting, training, retention, or discipline, in light of the information contained in the 2018 *Lippert* Report.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the**

**information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101.**

60. Produce all documents relating to any reprimands, sanctions, discipline, demotion, or any other sanction imposed on any person in whole or in part because of medical care described in the 2014 Lippert Report for each person identified in Request No. 54.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, and that even interpreting those terms and phrase relatively narrowly, the information sought would be irrelevant to this case. Defendants further object that the information sought in this request for production could be interpreted to include communications protected by attorney-client privilege, attorney work product privilege, insurer-insured privilege, HIPAA, HITECH, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101. Without waiving those objections, Defendants respond that they are not in possession, custody, or control of documents that identify the persons described in Request for Production No. 54(a) through (s).**

CASSIDAY SCHADE LLP

By: s/Ryan C. Wallis

One of the Attorneys for Defendants, WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O.

Ryan C. Wallis
ARDC No. 6288689
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
rwallis@cassiday.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Response to Request for Production was served via email to the following participants on August 13, 2021.  Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

ATTORNEYS FOR PLAINTIFFS, LENNISHA REED and LENN REED JR.
Sarah Copeland Grady, Esq.
Jon I. Loevy
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
sarah@loevy.com
jon@loevy.com
weil@loevy.com


ATTORNEYS FOR DEFENDANT, FAIYAZ AHMED, M.D.:
Keith Hill
Martha Ravenhill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 618.656.7940
khill@heylroyster.com
mravenhill@heylroyster.com


s/Ryan C. Wallis _____

9911844 RWALLIS;DWALLACE

8