# Ex. 6

Case: 1:10-cv-04603 Document #: 1484-6 Filed: 11/29/21 Page 2 of 17 PageID #:22113

 Gmail

Steve Weil <weil@loevy.com>

## Re: Reed et al v. Wexford Health Sources, Inc. et al. 3:20-cv-01139 (S.D. Ill) SUBPOENA TO UPLC
1 message

**Alan Mills** <alan@uplcchicago.org>                                        Mon, Nov 29, 2021 at 4:30 PM
To: Steve Weil <weil@loevy.com>
Cc: Sarah Grady <sarah@loevy.com>, "Wallis, Ryan C." <rwallis@cassiday.com>, "Dugan, Timothy"
<tdugan@cassiday.com>, "Keith B. Hill" <khill@heylroyster.com>

I am responding to the subpoena served upon UPLC by the plaintiff in this case. The subpoena called for the production of
"All documents sufficient to identify by name and IDOC # all patients discussed in the 2014 (Shansky) and 2018
(Puisis) court-appointed expert reports submitted in Lippert v. Godinez, No. 1:10-cv-04603 (N.D. Ill.)."

Please be advised that while UPLC has possession of various documents which appear to be responsive to the subpoena,
we are barred from producing those documents by an order entered in the Lippert case. A copy of the relevant orders are
attached. I direct your attention specifically to paragraph 6(a) of the December 19th order (Doc. 244) and the nearly
identical Dec 8th order (Doc. 593), as well as the provision regarding identifying information in the minute order (Doc.
320). Unless and until these orders are modified, UPLC is unable to produce any documents in its possession responsive
to the subpoena.

Please let me know if you have any questions, or need any additional information.


Alan Mills
Pronouns: he/him/his
Executive Director
Uptown People's Law Center

t: (773) 769-1411
f: (773) 769-2224
4413 N. Sheridan, Chicago, IL 60640
Website | Facebook | Twitter
alan@uplcchicago.org


On Thu, Oct 21, 2021 at 2:11 PM Steve Weil <weil@loevy.com> wrote:
> Dear Alan,
>
> With this email I am serving a subpoena on the Uptown People's Law Center. The subpoena is attached. Pursuant
> to 45 C.F.R. § 164.512(e), I am also attaching a HIPAA-qualified protective order, which covers the documents sought
> in the subpoena.
>
> If you have any questions or are unable to accept service for any reason, please let me know.
>
> Thanks,
>
> - Steve
>   --
> Stephen H. Weil
> LOEVY & LOEVY
> 311 N. Aberdeen
> Chicago, IL 60607
> Tel: 312-243-5900
> Fax: 312-243-5902
> weil@loevy.com



**3 attachments**

 **Doc 244 Agreed Order Appointing Expert signed 12 19 13.pdf**
1721K

**Doc 320 Order releasing report.pdf**
17K

**Doc 593_Second order appointing expert.pdf**
68K

Case: 1:10-cv-04603 Document #: 1484-6 Filed: 11/29/21 Page 4 of 17 PageID #:22415
Case: 1:10-cv-04603 Document #: 244 Filed: 12/19/13 Page 1 of 7 PageID #:1636
Case: 1:10-cv-04603 Document #: 240-1 Filed: 12/16/13 Page 2 of 8 PageID #:1623

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DON LIPPERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-cv-4603 |
| | ) | |
| SALVADOR GODINEZ, et al., | ) | Judge Sara Ellis |
| | ) | Magistrate Judge Daniel Martin |
| Defendants. | ) | |
| | ) | |

## AGREED ORDER APPOINTING EXPERT

This Court, with the agreement of the plaintiffs and the state defendants ("parties"), enters this order appointing Dr. Ronald Shansky as an expert ("Expert") in this case pursuant to Rule 706 of the Federal Rules of Evidence.

**Scope of the Expert's Duties**

1a. The Expert will assist the Court in determining whether the Illinois Department of Corrections ("IDOC") is providing health care services to the offenders in its custody that meet the minimum constitutional standards of adequacy. The Expert will investigate all relevant components of the health care system except for programs, services and protocols that relate exclusively to mental health. If systemic deficiencies in IDOC health care are identified by the Expert, he will propose solutions for consideration by the parties and the Court. These proposed solutions (if any) will form the bases for future negotiations between the parties in an effort to craft a final settlement of this matter, or,

1

Case: 1:10-cv-04603 Document #: 1484-6 Filed: 11/29/21 Page 5 of 17 PageID #:23116
Case: 1:10-cv-04603 Document #: 244 Filed: 12/19/13 Page 2 of 7 PageID #:1637
Case: 1:10-cv-04603 Document #: 240-1 Filed: 12/16/13 Page 3 of 8 PageID #:1624

alternatively, may be offered into evidence in the trial of this matter. The Expert will not recommend specific treatment for individual offenders unless those recommendations relate to systemic deficiencies in the health care provided to offenders in IDOC custody.

1b. The Expert, his consultants and assistants shall not provide opinions and/or testimony in unrelated cases based on knowledge and/or information gained in the course of performing their services in this matter.

**Retention of Consultants and Assistants**

2a. The Expert may retain consultants and assistants as he deems necessary to conduct the assessment required herein. Before doing so, the Expert shall provide written notice to the parties identifying the proposed consultants and/or assistants as well as their fees and relevant experiences. If any party objects, that party shall submit a written statement describing the objection to the other party and the Expert within seven calendar days of receipt of the notice. Within seven calendar days of receipt of the objection, the parties and the Expert shall meet and confer. If an agreement is not reached, any party or the Expert may file a motion with the Court within seven calendar days of the meeting; otherwise any objection is waived.

2b. The Expert shall provide each retained consultant and assistant with a copy of this Order and the Protective Order entered by the Court on April 11, 2012.

**Initial Meeting of the Expert with the Parties**

2

3a. Within 21 days of the entry of this Order, and before the Expert begins his investigation, the Expert shall meet with the parties to discuss how the investigation will be conducted.

3b. If the Expert resigns or otherwise becomes unavailable, the parties will attempt to agree on the selection of a replacement. If the parties are unable to reach agreement, each party will nominate one person to serve as the replacement and present the issue to the Court for resolution.

**Investigation**

4a. The Expert shall have the discretion to plan and conduct the investigation in accordance with his professional judgment, subject to this Order. The Expert shall base his opinions on facts and data reasonably relied upon by experts in the field of correctional health care.

4b. The Expert will review IDOC policies, procedures and forms related to the provision of health care at its correctional facilities.

4c. The Expert, his consultants and assistants will have the authority to perform on-site tours of all IDOC facilities, subject to any security concerns and with at least 12 hours' notice to the IDOC General Counsel's office. During his visits to IDOC facilities, the Expert and his consultants and assistants may observe the delivery of treatment and services.

4d. The parties tentatively recommend that the Expert and/or his consultants and assistants visit Stateville Correctional Center/Northern Reception Center, Dixon

3

Case: 1:10-cv-04603 Document #: 484-6 Filed: 11/29/21 Page 7 of 17 PageID #:22118
Case: 1:10-cv-04603 Document #: 244 Filed: 12/19/13 Page 4 of 7 PageID #:1639
Case: 1:10-cv-04603 Document #: 240-1 Filed: 12/16/13 Page 5 of 8 PageID #:1626

Correctional Center, Logan Correctional Center/Reception Center, Hill Correctional Center, and Western Correctional Center. However, the Expert may elect to visit other facilities or decline to visit any of the recommended facilities at his discretion.

4e. The Expert and his consultants and assistants shall have timely access to all files, reports or other records which are not privileged under the attorney-client or work product privileges, and documents relevant to IDOC health care within the control of or subject to access by IDOC. In the event the Expert seeks access to a document relevant to his investigation that is not within the control of or subject to access by IDOC, the parties will assist the Expert in obtaining access to the document, including by serving a subpoena or bringing the matter to the attention of the Court. The Expert and his consultants and assistants will have access to health care staff, inmates and other persons having information relevant to the assessment of the adequacy of health care provided to offenders in IDOC custody.

**Report**

5a. Within 210 calendar days of the initial meeting between the Expert and the parties detailed in Paragraph 3a of this Order, the Expert shall deliver to the parties a Confidential Draft Report addressing the issues described in Paragraph 1a of this Order.

5b. Within forty-five calendar days of receipt of the Confidential Draft Report, any party may submit to the Expert written comments regarding the Confidential Draft Report, with notice and a copy to the other party.

Case: 1:10-cv-04603 Document #: 484-6 Filed: 11/29/21 Page 8 of 17 PageID #:2219
Case: 1:10-cv-04603 Document #: 244 Filed: 12/19/13 Page 5 of 7 PageID #:1640
Case: 1:10-cv-04603 Document #: 240-1 Filed: 12/16/13 Page 6 of 8 PageID #:1627

5c. Within thirty calendar days of the receipt of any written comments, the Expert shall conclude his investigation and submit a Final Confidential Report to the parties, which shall be treated as if marked "Attorneys Eyes Only" pursuant to the Protective Order entered by this Court on April 11, 2012 until either the plaintiffs and state defendants move for approval of a proposed settlement , or there is mutual agreement or a determination by the Court that there has not been reasonable progress toward a settlement in this matter.

5d. Pursuant to Rule 706(b) of the Federal Rules of Evidence, the Expert may be deposed by any party only following either mutual agreement of the parties or a determination by the Court that there has not been reasonable progress toward settlement in this matter. The Expert may, also, be called as a witness at trial or hearing by any party or the Court. No party shall be bound by any of the opinions contained in the Final Report.

**Documents**

6a. The Expert and his consultants and assistants, and counsel for any party, shall maintain the confidentiality of all material obtained and reviewed pursuant to this Order, as if all material was marked "Attorneys Eyes Only" as set forth in the Protective Order entered by this Court on April 11, 2012.

6b. All drafts of and comments to any drafts of the Expert's Reports required by or produced pursuant to this Order and/or future Court Orders shall be treated as "Attorneys Eyes Only" material under the April 11, 2012, Protective Order.

**Ex Parte Communications**

7. The Expert and his consultants and assistants may communicate ex parte (without other parties or counsel) with any party or counsel for any party. If the Expert or his consultants or assistants communicate in writing with the Court, they must simultaneously serve copies on the parties. The Expert and his consultants and assistants shall not communicate orally with the Court without affording the parties prior notice and an opportunity to be present.

**Compensation of the Expert**

8a. Until such time as costs would be awardable under Rule 54(d) of the Federal Rules of Civil Procedure, the plaintiffs and defendants shall jointly compensate and finance in equal shares the work of the Expert and his consultants and assistants. The Expert and his consultants and assistants shall charge the parties at the rate and for the costs which the parties agree, in advance, to pay. The Expert and his consultants and assistants shall invoice the parties every 30 days, and the plaintiffs and state defendants each shall be obligated to pay for half of the services provided in the preceding 30-day period.

8b. The Expert, his consultants and assistants and the Illinois Department of Corrections will enter into a contract pursuant to Illinois law, with the terms to be consistent with this Order. This contract will not affect the plaintiffs' payment of their portion of the Expert's fees and shall encompass the limitations articulated in Paragraph 1b of this Order.

8c. At such time as costs become awardable under Rule 54(d), either party may request that the Court, in accordance with applicable rules, order that all or a portion of the

6

compensation provided by the party to the Expert under this Order be charged against the opposing party as costs pursuant to Rule 706(c)(2) of the Federal Rules of Evidence.

**Wexford Health Sources**

9. Wexford Health Sources shall have the opportunity to participate in the meeting with the Expert described in Paragraph 3a of this Order, shall receive a copy of and have the opportunity to submit written comments regarding the Confidential Draft Report described in Paragraphs 5a and 5b of this Order, and shall receive a copy of the Final Confidential Report described in Paragraph 5c of this Order.

Enter:

_____

United States District Judge

DEC 19 2013

Approved by:

/s/ Benjamin S. Wolf

Attorney for Plaintiffs

/s/ Kevin Lovellette

Attorney for Defendants

7

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Don Lippert, et al.

                    Plaintiff,

v.

                                   Case No.: 1:10–cv–04603
                                   Honorable Jorge L. Alonso

Partha Ghosh, et al.

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 16, 2015:

        MINUTE entry before the Honorable Jorge L. Alonso: Rossiter's motion to strike [313] is granted. The parties are to finish summary judgment briefing according to the protocol set forth in Judge Ellis' standing order. The Court also orders the parties to file the Court–appointed expert's report, after redacting identifying information about prisoners, on or before April 30, 2015. Therefore, Cordell Williams' motion to intervene [306] to obtain a copy of that report is stricken as moot. Notice mailed by judge's staff (ntf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 10-cv-4603 |
| | ) |
| JOHN BALDWIN, et al., | ) Judge Jorge L. Alonso |
| | ) Magistrate Judge Daniel G. Martin |
| Defendants. | ) |
| | ) |

## SECOND ORDER APPOINTING EXPERT

This Court, after hearings on September 21 and October 25, 2017 on Plaintiffs' Motion for Reappointment of Expert (Dkt. 567), and having considered, in addition to the Motion, Plaintiffs' Supplement to Motion for Reappointment of Expert (Dkt. 576), and the parties' Joint Status Report on Plaintiffs' Motion for Reappointment of Expert (Dkt. 580), hereby enters this order appointing Dr. Michael Puisis as an expert ("Expert") in this case pursuant to Rule 706 of the Federal Rules of Evidence. Dr. Puisis's resume is attached as Exhibit 1.

### 1. Scope of the Expert's Duties

1(a). The Expert will assist the Court in determining whether the Illinois Department of Corrections ("IDOC") is providing health care services to the offenders in its custody that meet the minimum constitutional standards of adequacy. Specifically, the Expert will investigate the IDOC health care[1] system as it currently exists and determine whether any of the systemic deficiencies identified by the first court-appointed expert in this matter, Dr. Ronald Shansky, and set forth in the Final Report of the Court-Appointed Expert issued in December 2014 (Dkt. 339; the "Shansky Final Report") currently exist within IDOC. If, in the course of his investigation,

---

[1] As used herein, "health care" does not include programs, services and protocols that relate exclusively to mental health. *See* Dkt. 244 (Agreed Order Appointing Expert), ¶ 1a.

1

the Expert identifies any additional systemic deficiencies not discussed in the Shansky Final Report, he will report on those deficiencies as well, but he will focus primarily on the deficiencies within IDOC health care reported in the Shansky Final Report.

1(b). If the Expert determines that the IDOC health care system has some or all of the systemic deficiencies identified in the Shansky Final Report, he will propose solutions for consideration by the parties and the Court. The Expert may adopt and endorse the solutions previously set forth in the Shansky Final Report and/or, as he sees fit, propose additional or other solutions. The Expert will also propose solutions for any additional deficiencies identified in the course of his investigation as described in paragraph 1(a), *above*. The Expert's investigation and proposed solutions may be offered into evidence in the trial of this matter or, alternatively, may form the basis for future negotiations between the parties in an effort to craft a final settlement of this matter. The Expert will not recommend specific treatment for individual offenders unless those recommendations relate to systemic deficiencies in the health care provided to offenders in IDOC custody.

1(c). The Expert, his consultants or assistants shall not provide opinions and/or testimony in unrelated cases based on knowledge and/or information gained in the course of performing their services in this matter.

## 2. Retention of Consultants and Assistants

2(a). The Expert may retain consultants or assistants as he deems necessary to conduct the assessment required herein. Before doing so, the Expert shall provide written notice to the parties identifying the proposed consultants or assistants as well as their fees and relevant experience. If any party objects, that party shall submit a written statement describing the objection to the other party and the Expert within seven calendar days of receipt of the notice. Within seven calendar

days of receipt of the objection, the parties and the Expert shall meet and confer. If an agreement is not reached, any party or the Expert may file a motion with the Court within seven calendar days of the meeting; otherwise any objection is waived.

2(b). The Expert shall provide each retained consultant and assistant with a copy of this Order and the Protective Order entered by the Court on April 11, 2012 (Dkt. 111).

### 3. Meetings Between the Expert and the Parties

3(a). Within 21 days of the entry of this Order, and before the Expert begins his visit to facilities operated by IDOC, the Expert shall meet with the parties to discuss how the Expert's investigation will be conducted, including a discussion of the initial facilities to be visited and the scope of the investigation.

3(b). Within 21 calendar days of the conclusion of the first 120 days of the Expert's investigation, the Expert shall meet with the parties to discuss his preliminary findings and to establish a plan and timeline for concluding the review in a timely and cost-effective fashion.

3(c). If the Expert resigns or otherwise becomes unavailable, the parties will attempt to agree on the selection of a replacement to propose to the Court. If the parties are unable to reach agreement, each party will nominate one person to serve as the replacement and present the issue to the Court for resolution.

### 4. Investigation

4(a). The Expert shall have the discretion to plan and conduct the investigation in accordance with his professional judgment, subject to this Order. The Expert shall base his opinions on facts and data reasonably relied upon by experts in the field of correctional health care.

4(b). The Expert will review IDOC policies, procedures and forms related to the provision of health care at its correctional facilities.

4(c). The Expert, his consultants or assistants will have the authority to perform on-site tours of those IDOC facilities inspected by Dr. Shansky, namely, Northern Reception Center, Stateville Correctional Center, Dixon Correctional Center, Logan Correctional Center/Reception Center, Hill Correctional Center, Menard Correctional Center, Pontiac Correctional Center, and Illinois River Correctional Center, subject to any security concerns and with at least 48 hours' notice to an attorney in the IDOC Legal Department. During his visits to IDOC facilities, the Expert and his consultants and assistants may observe the delivery of treatment and services.

4(d). The Expert may decline to visit any of the facilities identified in paragraph 4(c), above, at his discretion, should he determine that it is not necessary to perform the work contemplated by this Order.

4(e). The Expert and his consultants and assistants shall have timely access to all files, reports or other records which are not privileged under the attorney-client or work product privileges, and documents relevant to IDOC health care within the control of or subject to access by IDOC. In the event the Expert seeks access to a document relevant to his investigation that is not within the control of or subject to access by IDOC, the parties will assist the Expert in obtaining access to the document, including by serving a subpoena or bringing the matter to the attention of the Court. The Expert and his consultants and assistants will have access to health care staff, inmates and other persons having information relevant to the assessment of the adequacy of health care provided to offenders in IDOC custody.

## 5. Report

5(a). At the conclusion of the Expert's investigation, the Expert shall deliver to the parties a Confidential Draft Report addressing the issues described in Paragraphs 1(a) and 1(b) of this

Order.  This Confidential Draft Report shall remain confidential and shall not be filed with the Court, subject to further court order.

5(b). Within 10 calendar days of receipt of the Confidential Draft Report, any party may submit to the Expert written comments regarding the Confidential Draft Report, with notice and a copy to the other party.

5(c). Within 45 calendar days of the receipt of any written comments, the Expert shall conclude his investigation and submit a Final  Report to the parties.  After redacting identifying information about individual inmates, the parties shall file a copy of the Final Report with the clerk as part of the record in this case.

5(d). The Expert may be deposed by any party and called as a witness at trial or hearing by any party or the Court. No party shall be bound by any of the opinions contained in the Final Report.

## 6.  Documents

6(a). The Expert and his consultants and assistants, and counsel for any party, shall maintain the confidentiality of all material obtained and reviewed pursuant to this Order, as if all material was marked "Attorneys Eyes Only" as set forth in the Protective Order entered by this Court on April 11, 2012.

6(b). All drafts of and comments to any drafts of the Expert's Reports required by or produced pursuant to this Order and/or future Court Orders shall be treated as "Attorneys Eyes Only" material under the April 11, 2012, Protective Order.

## 7.  Ex Parte Communications

The Expert and his consultants and assistants may communicate ex parte (without other parties or counsel) with any party or counsel for any party. If the Expert or his consultants or assistants communicate in writing with the Court, they must simultaneously serve copies on the parties.

5

The Expert and his consultants and assistants shall not communicate orally with the Court without affording the parties prior notice and an opportunity to be present.

### 8. Compensation of the Expert

8(a). Until such time as costs would be awardable under Rule 54(d) of the Federal Rules of Civil Procedure, the plaintiffs and defendants shall jointly compensate and finance in equal shares the work of the Expert and his consultants and assistants. The Expert and his consultants or assistants shall charge the parties at their usual and customary rate. The Expert and his consultants or assistants shall invoice the parties every 30 days, and the plaintiffs and state defendants each shall be obligated to pay for half of the services provided in the preceding 30 days in a timely manner.

8(b). The Expert, his consultants and assistants and the Illinois Department of Corrections will enter into a contract pursuant to Illinois law, with the terms to be consistent with this Order. This contract will not affect the plaintiffs' payment of their portion of the Expert's fees and shall encompass the limitations articulated in Paragraph 1(c) of this Order.

8(c). At such time as costs become awardable under Rule 54(d), either party may request that the Court, in accordance with applicable rules, order that all or a portion of the compensation provided by the party to the Expert under this Order be charged against the opposing party as costs pursuant to Rule 706(c)(2) of the Federal Rules of Evidence.

ENTERD:

12/8/17          _____

                    Jorge L. Alonso
                    United States District Judge