## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| DON LIPPERT, et al., | |
| Plaintiffs, | Case Number  10 cv 4603 |
| v. | District Judge Jorge L. Alonso |
| PARTHA GHOSH, et al., | |
| Defendants. | |

## EMERGENCY MOTION TO CONTINUE THE HEARING ON INTERVENORS', LENN REED, JR.'S AND LENNISHA REED'S, MOTION TO INTERVENE TO MODIFY PROTECTIVE ORDER

NOW COMES Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, Cassiday Schade, LLP, and for its Emergency Motion to Continue the Hearing on Intervenors', LENN REED JR.'s and LENNISHA REED's, Motion to Intervene and Motion to Modify the Protective Order (Court Doc. #1484) (the "Motion to Intervene"), states as follows:

## PROCEDURAL BACKGROUND

Intervenors, Lenn Reed, Jr. and Lennisha Reed, have brought a claim in a separate lawsuit pending in the Southern District of Illinois, *Reed et al. v. Wexford Health Sources, Inc., et al.*, Docket No. 20-cv-01139, against three physicians, Dr. Stephen Ritz, Dr. Vipin Shah, and Dr. Faiyaz Ahmed, and Wexford Health Sources, Inc. ("Wexford").  In their Motion to Intervene, Intervenors are asking that this Court modify the Protective Orders that were entered in this case in order to protect the anonymity of the inmate patients examined by the Court's appointed expert witnesses. *See* Motion to Intervene, Doc. 1484.

Intervenor's Motion to Intervene arises in the context of Intervenors' discovery requests in the underlying *Reed* litigation.  Intervenors issued discovery to Wexford and other defendants in *Reed* seeking documents related to preparation of the 2014 and 2018 expert reports in this case

which were subject to extensive protections under the Protective Orders issued in this matter. Doc. 1484-2. Defendants in *Reed* objected to those discovery requests. Intervenors then issued two subpoenas to third parties to the *Reed* matter that also sought production of information of several types that was ordered to be confidential in the *Lippert* matter; one to the Uptown People's Law Center ("UPLC") (Doc. 1484-3), and one to the Illinois Department of Corrections ("IDOC"). *See* Subpoena issued to IDOC in *Reed*, sans exhibits, attached as Exhibit "A".

The subpoena Intervenors issued to UPLC requests production of: "All documents sufficient to identify by name and IDOC # all patients discussed in the 2014 (Shansky) and 2018 (Puisis) court-appointed expert reports submitted in Lippert v. Godinez, No. 1:10-cv-04603 (N.D. Ill.)" There is no limitation on this request in definitions or instructions attached to that request that corresponds to the terms of this Court's Protective Orders. *See* Doc. 1484-3.

The subpoena that Intervenors issued to the IDOC is significantly more extensive than that issued to UPLC, incorporating 34 numbered requests, and numerous sub-parts. *See* Ex. A. The subpoena requests the disclosure of documents subject to Protective Orders issued in this case. For example, in item No. 8 Intervenors request the IDOC "Produce documents sufficient to identify, by name and IDOC Number, each prisoner whose medical care is discussed in the 2014 Lippert Report," and Item No. 13 requests "documents sufficient to identify, by name and IDOC Number, each prisoner whose medical care is discussed in the 2018 Lippert Report." *See* Ex. A, pp. 4-5.

Both the UPLC and the IDOC responded to Plaintiff's subpoena with objections, including objecting to producing documents when doing so would violate this Court's Protective Orders. (*See* UPLC Objections, Doc. 1484-6; November 3, 2021, Correspondence from Eric Rieckenberg stating objections of IDOC to Subpoena, attached as Exhibit "B".)

Before receiving UPLC's objection to Intervenors' subpoena, Wexford and co-defendants in *Reed* opened a miscellaneous action in the Northern District of Illinois and filed their Motion to Quash the subpoena. *See Reed v. Wexford*, No. 1:21-cv-05954-SJC (N.D. Ill.) (Coleman, J.).

Judge Coleman conducted a telephonic hearing on Defendants' Motion to Quash on November 12, 2021. *See Reed v. Wexford,* No. 1:21-cv-05954-SJC, Doc. 8 (N.D. Ill.). In the Motion to Quash and at the hearing on the Motion to Quash, Defendants' counsel informed Judge Coleman of the Protective Orders issued in this matter. Intervenors then disclosed that UPLC had responded to Intervenors' subpoena by stating that they could not produce the requested documents. Judge Coleman continued the motion to quash pending resolution of Movants' present motion to intervene in this case and scheduled a status conference for November 29, 2021. *See id.* Doc. 8 (Nov. 12, 2021).

Two days ago, on the night of Monday, November 28, 2021, Intervenors filed their Motion to Intervene in this matter to request modification of the Protective Orders issued in this matter. *See* Doc. 1484.

Yesterday, Intervenors circulated their Notice of Motion giving notice that their Motion to Intervene is scheduled for hearing in two days, on December 3, 2021. *See* Doc. 1485. This was a surprise to counsel for the movants—counsel for Intervenors did not discuss the hearing date with counsel for Defendants.

## REQUEST FOR ADDITIONAL TIME FOR BRIEFING THIS ISSUE

The issues raised by Intervenors' Motion to Intervene merit affording Defendants additional time for briefing. Intervenors are requesting a change in the Protective Orders in this case that could spawn similar requests for the documents at issue in litigation across the state that involves medical services rendered in correctional institutions. The issue of whether the

documents that were used by the experts in preparing those reports—including those that protect the anonymity of the inmates who were publicly analyzed without their consent—would reasonably be anticipated to potentially affect thousands of other cases currently pending and to be filed in the future.

The question of whether the reports of the experts in the 2014 and 2018 reports in this case can be properly used in other litigation was a primary topic addressed very recently by the U.S. Seventh Circuit in a detailed opinion issued on November 10, 2021, in *William Dean v. Wexford Health Sources, Inc., et al.*, 2021 U.S. App. LEXIS 33423, __ F.4th __, 2021 WL 5230855 (7th Cir. 2021). The Seventh Circuit opinion addresses the use of the expert reports for the very purpose that Intervenors have stated they seek use the reports in the *Reed* matter—to demonstrate notice of issues raised in the reports in support of a *Monell* claim. *See id.* Although Intervenors mention *Monell* eleven times in their Motion to Intervene in the context of describing why they require modification of the Protective Orders in this matter to allow production of confidential documents, they did not address the *Dean v. Wexford* opinion once in their Motion. Defendants request time to prepare briefing that addresses the *Dean v. Wexford* matter in the context of the Motion to Intervene and otherwise properly respond. Given the magnitude of the issue before the Court, three days is insufficient.

Intervenors' contention that other jurisprudence of this Court that permitted production of certain information should persuade this Court to amend its orders merits briefing on each of the cases. Defendants request adequate time to submit briefing that includes a concise examination of that jurisprudence.

4

Counsel for Defendants anticipates that continuing the hearing to December 14, 2021, or to a suitable date thereafter, would provide them sufficient time for Defendants in *Reed* to brief the issues raised in the Motion to Intervene.

WHEREFORE, Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests that the Court grant this motion and continue the hearing on Intervenors' Motion to Intervene until December 14, 2021, or a suitable date thereafter.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ Timothy P. Dugan
　　　One of the Attorneys for Defendant,
　　　WEXFORD HEALTH SOURCES, INC.

Timothy P. Dugan
ARDC No. 6271610
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
tdugan@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all counsel of record in the instant matter. Additionally, I served the foregoing on the following counsel on December 1, 2021, via electronic mail.

ATTORNEYS FOR DEFENDANT, FAIYAZ AHMED, M.D.:
Keith Hill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville IL 62025
khill@heylroyster.com


ATTORNEYS FOR INTERVENORS, LENN REED JR. and LENNISHA REED
Sarah Copeland Grady
Jon I. Loevy
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
sarah@loevy.com
jon@loevy.com
weil@loevy.com

Uptown People's Law Center
ATTN: Alan Mills
4413 N. Sheridan Rd.
Chicago, Illinois 60640
alan@uplcchicago.org

The Illinois Department of Corrections
ATTN: Robert Fanning
1301 Concordia Ct.
P.O. Box 19277
Springfield, IL 62794-9277
Robert.Fanning@illinois.gov


/s/ Timothy P. Dugan