UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DON LIPPERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 10-cv-4603 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| ROB JEFFREYS, et al., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

## Response of Uptown People's Law Center to Reed Subpoena and Motion to Modify Protective Order

Uptown People's Law Center ("UPLC") responds to the subpoena served upon it by the plaintiffs in *Reed v. Wexford Health Sources, Inc.* and to the Motion to Intervene and Motion to Modify Protective Order filed by the *Reed* counsel (Doc. 1484) as follows:

1. On October 21, 2021, Uptown People's Law Center was served with a subpoena by the attorneys representing the plaintiffs in *Reed v. Wexford Health Sources, Inc.* That subpoena called for UPLC to produce "All documents sufficient to identify by name and IDOC # all patients discussed in the 2014 (Shansky) and 2018 (Puisis) court-appointed expert reports submitted in *Lippert v. Godinez*, No. 1:10-cv-04603 (N.D. Ill.).

2. UPLC responded to the subpoena by advising the *Reed* counsel that the documents they had requested were covered by the orders entered by this court

1

which required that the information requested not be disclosed (with certain exceptions not relevant to the current dispute). The *Reed* plaintiffs thereafter moved to intervene in this case, for the purpose of modifying the various orders at issue to permit UPLC to provide the subpoenaed documents.

3. UPLC has no objection to the modification requested by the *Reed* plaintiffs. Unlike earlier requests, the *Reed* plaintiffs are not seeking any underlying documents provided to the Court-appointed experts, are not seeking to depose the Court-appointed experts, or making any other request which would require production of documents not contained in the final report of the Court's experts. Rather, they simply seek the names of the individual patients which were redacted from the version of the reports which were filed on the public docket.

4. The sole reason for these redactions was to protect the private medical information of the patients—all of whom are class members and UPLC's clients.

5. While the privacy of medical records is, of course, important to UPLC and its clients, the District Court in *Reed* has already determined that some or all of these records may be relevant to the issues in that case, and has entered a protective order ensuring that the private patient information produced will enjoy the same protection as it does in this case. Based on these findings and the protections put in place by the *Reed* court, UPLC is satisfied that the privacy of its

clients will be properly protected, and thus sees no reason why the unredacted versions of the final reports should not be provided to the *Reed* plaintiffs' counsel.

6. In its response to the *Reed* plaintiffs' motion to intervene, Wexford has made a number of arguments about relevance, burden, and other matters, including a lengthy discussion of the import of the *Dean* case. UPLC takes no position on those issues, and suggests that those are all issues for the District Court overseeing the *Reed* litigation to decide.

7. Wexford further suggests that the *Reed* plaintiffs are seeking medical records and other documents. To be clear, that is not what the *Reed* plaintiffs are seeking in this motion. They are ***only*** seeking the names of patients discussed in the reports. Presumably, they will use those names to request medical records in the *Reed* case, and Wexford can assert any concerns it has regarding burden and relevance should the *Reed* plaintiffs make such a request. But all they are requesting in this Court are the redacted names.

8. Wexford also raises the specter of hundreds of prisoners in Illinois seeking the same information. UPLC does not share this concern. Plaintiffs in *Reed* only brought this motion after obtaining a ruling in their own case that the medical records of third parties were relevant and discoverable, and after obtaining entry of a protective order which provides the same degree of protection for patient

3

privacy as do the orders in this case. UPLC presumes that every judge in Illinois will carefully consider these issues, as did the District Court in *Reed*, and that there will therefore not be a flood of similar requests.

9. The only issue before this Court is whether the subpoena properly protects the privacy interests of UPLC's clients. The *Reed* plaintiffs have ensured that those privacy interests are protected. The remaining issues raised by Wexford are properly addressed to the *Reed* court, not this Court. Therefore, this Court should decline Wexford's invitation to insert itself into disputes regarding the proper scope of discovery in the *Reed* case.

THEREFORE, for the reasons stated above, the Uptown People's Law Center has no objection to the *Reed* plaintiffs' Motion to Intervene and Motion to Modify Protective Order (Doc. 1484).

Respectfully submitted,

/s/ Nicole Schult
On behalf of the Uptown People's Law Center

| | |
|---|---|
| Alan Mills | Camille E. Bennett |
| Nicole R. Schult | Roger Baldwin Foundation of ACLU, Inc. |
| Uptown People's Law Center | 150 N. Michigan Ave., Ste. 600 |
| 4413 North Sheridan | Chicago, IL 60601 |
| Chicago, IL 60640 | |

Harold C. Hirshman
Samantha R. Reed
Dentons US LLP
233 S. Wacker Drive, Ste. 5900
Chicago, IL 60606

4

## Certificate of Service

I, Nicole Schult, an attorney, hereby certify that on December 17, 2021, I caused a copy of the foregoing document to be served on all counsel of record via the CM/ECF system.

s/Nicole Schult