**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DON LIPPERT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 10-cv-4603 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | Magistrate Judge Susan E. Cox |
| PARTHA GHOSH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons set for the in the Court's February 24, 2022 Order [dkt. 1534], the Court's April 11, 2012 Stipulated Protective Order [dkt. 111] is hereby modified as follows: the Uptown People's Law Center ("UPLC") is permitted to produce to parties in *Reed et al. v. Wexford Health Sources, Inc., et al.,* Case No. 3:20-cv-1139 (S.D. Ill.) the unredacted reports and any keys (referred to herein collectively as "unredacted reports") which identify the names and identification numbers of the people discussed in the respective reports, submitted in the instant case to the UPLC. The individual pages of these documents shall bear the designation "ATTORNEYS' EYES ONLY: CONFIDENTIAL DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 3:20-cv-01139-SPM" or "ATTORNEYS' EYES ONLY."

The parties receiving the unredacted reports pursuant to this Order will do so subject to the following terms:

(1) The parties shall treat the unredacted reports and the information contained therein as "Attorney's Eyes Only" as that term is defined in the Court's Agreed Order Appointing Expert. [*See* dkt. 244, ¶¶ 6a-b];

(2) The parties receiving the unredacted reports are subject to the terms of this Court's April 11, 2012 Stipulated Protective Order [dkt. 111] with respect to the unredacted reports as if they were "attorneys of record in this case" except that:

a. Where that order permits disclosure of the documents only to the "Court, its officers, and any jury seated to hear this case," that term shall be modified to refer to the Court presiding over the *Reed* litigation;

b. The parties receiving documents pursuant to this Order "shall use such information [received pursuant to this Order] solely for the purposes of [the *Reed*] litigation;" and

c. The parties receiving documents pursuant to this Order may disclose the documents to "Experts, who shall use such information solely for the purposes of [the *Reed*] litigation" provided that the parties and their experts comply with Paragraph 2(c) of the Stipulated Protective Order [dkt. 111].

(3) The unredacted reports shall be treated as "PHI," as that term is defined in the HIPAA-qualified protective order entered in the *Reed* litigation, and shall be subject to said protective order. [*See* dkt. 1484-4 in the instant matter; dkt 41 in *Reed et al. v. Wexford Health Sources, Inc., et al.*, Case No. 3:20-cv-1139 (S.D. Ill.).]

It is so ORDERED.

ENTERED: March 9, 2022

United States Magistrate Judge
Susan E. Cox