**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DON LIPPERT, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 10-cv-4603 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| ROB JEFFREYS, et al., ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO AMEND SECTION IX.V.5
OF THE CONSENT DECREE OR, IN THE ALTERNATIVE,
MOTION (OPPOSED) FOR EXPEDITED DISCOVERY**

By the terms of Section IX.B.5 of the Consent Decree, the Decree and this Court's jurisdiction over the Decree and underlying case will terminate on May 9, 2022, unless the Court determines that Defendants are not in substantial compliance with the provisions of the Decree prior to that date. Dkt. 1238 at 26. Plaintiffs, by their attorneys, hereby move the Court for an order amending Section IX.B.5 of the Consent Decree so that the time by which the Court must make these determinations is extended by two years, until May 9, 2024. The proposed amendment is a modest readjustment of internal deadlines within Section IX.B.5. The proposed amendment leaves unchanged Section IX.B.5's overall ten-year time limit for the Decree. *See id*.

Defendants have had seven weeks to ponder the proposed amendment, which is much to their benefit. Defendants do not oppose the request for the amendment, but for unexplained reasons are not willing to join a motion requesting it.[1] Consequently, should the Court not grant the motion to amend although it is unopposed, Plaintiffs move in the alternative for expedited discovery as to any provisions of the Decree as to which Defendants contend they are in

---

[1] To be completely clear, the only portion of this Motion that Defendants do not oppose is the request that the Section IX.B.5 of the Decree be amended with the language in paragraph 6, *below*.

1

substantial compliance. With one minor and partial exception, the Monitor's four reports to date have not found Defendants in substantial compliance with any provision of the Decree; nevertheless, Defendants have from time to time asserted they are in compliance with certain provisions.

In further support, Plaintiffs state as follows:

1. Section IX.B.5 of the Consent Decree contains a series of deadlines associated with determinations by the Court of substantial compliance which, if made, cause the termination in whole or in part of the Decree, within an overall time limit of ten years. Dkt. 1238 at 26. The first of these deadlines arrives on May 9, 2022, the three-year anniversary of the Decree. Section IX.B.5 provides:

> This Decree and the Court's jurisdiction over the Decree and underlying case shall terminate three years after the Approval Date, with respect to any provisions of the Decree for which there is no outstanding determination that Defendants are not in substantial compliance. If the Court determines that Defendants are not in substantial compliance with any provisions of the Decree at any time during the three (3) year period of the Decree, the Court's jurisdiction with respect to such provisions shall continue for the remainder of the three (3) year period or for a period to be determined by the Court of not more than five (5) years from the date of the Court's finding the Defendants are not in substantial compliance. . .

*Id*. As indicated, this provision requires findings from the Court of "not in substantial compliance" in order for the Court's jurisdiction and any provisions of the Decree to continue past the three-year date which runs on May 9, 2022.

2. The Decree charges the Monitor with the duty to "evaluate Defendants' compliance with this Decree," identifying "areas of substantial compliance, partial compliance and non-compliance," and provides that "[t]wice yearly, the Monitor will report to the parties and the Court regarding compliance with the Decree." Dkt. 1238 at 20 (§ V.E).

3. The Monitor has issued four reports to date. Dkt. 1276, 1335, 1403, and 1463. Over the course of these four reports, the Monitor has not found that Defendants are in substantial compliance with any provision of the Decree. The only element of the Decree with which the reports have found consistent compliance is one part of one provision, Section III.A.1 (Dkt. 1238 at 8), regarding the board certification of the Chief of Health Services.

4. Given the Monitor's reports, it seems that the Court's job under Section IX.B.5 would be a simple one—no determinations of substantial compliance—but from time to time Defendants have, despite the Monitor's evaluations, claimed compliance with some provisions of the Decree.[2] Accordingly, early this year, Plaintiffs' counsel, thinking that it might be necessary to open a dispute resolution process as to the determinations required by Section IX.B.5, sent Defendants' counsel a letter noting the upcoming Section IX.B.5 deadline. (January 10, 2022 letter from Camille Bennett, attached as Exhibit A.) Plaintiffs suggested that, in light of the Monitor's findings, "the parties agree at this time that jurisdiction be extended by an agreed amendment to Section IX.B.5 of the Decree which would also move the date by which the Court must make the 'triggering' determinations of 'not in substantial compliance' to May 9, 2024." (*Id.*)

5. Defendants responded by email on January 18, 2022 that they did not believe that this was "an issue that falls under the dispute resolution section of the Decree." (January 18 and January 25, 2022 email chain attached as Exhibit B.) They further stated that they were considering the proposal of an extension by amendment and requested that Plaintiffs provide proposed language for an amendment to Section IX.B.5 to accomplish this, and renewed the request a week later. (*Id.*)

---

[2] *See*, *e.g.*, Dkt. 1463 at 27 [Fourth Monitor Report] (noting Defendants' assertions of compliance "without provision of any evidence").

3

6. Plaintiffs' counsel provided this proposed language by letter on February 11, 2022. (February 11, 2022 letter from Camille Bennett, attached as Exhibit C.) The proposed amendment (with any and all changes to paragraph Section IX.B.5 indicated in bold) is:

> This Decree and the Court's jurisdiction over the Decree and underlying case shall terminate **five (5)** years after the **Effective** Date,[3] with respect to any provisions of the Decree for which there is no outstanding determination that Defendants are not in substantial compliance. If the Court determines that Defendants are not in substantial compliance with any provisions of the Decree at any time during the **five (5)** year period of the Decree, the Court's jurisdiction with respect to such provisions shall continue for the remainder of the **five (5)** year period or for a period to be determined by the Court of not more than **three (3)** years from the date of the Court's finding the Defendants are not in substantial compliance. If after eight (8) years, the Court determines that the Defendants have failed to come into substantial compliance with respect to one or all provisions of the Decree, the Court's jurisdiction with respect to such provisions shall continue for a period of not more than two (2) additional years for that particular provision(s). In any event, this Decree shall terminate no later than ten (10) years after its Effective Date.

Plaintiffs' February 11, 2022 letter stated in conclusion, "Please let us know whether Defendants agree that Section IX.B.5 should be amended as indicated, and we can draft a brief joint motion to present this to the Court." (Ex. C.)

7. Plaintiffs received no response. On March 9 and March 16, 2022, Plaintiffs' counsel sent reminders but still received no response. (March 9 and March 16 emails attached as Exhibits D and E.)

8. Given Defendants' silence, Plaintiffs anticipated that it might be necessary after all to move the Court for the determinations of no substantial compliance required by Section IX.B.5, and that Defendants might oppose some of those determinations, though on what basis

---

[3] As Plaintiffs' February 11, 2022 letter noted, the proposed amendment also changed the phrase "Approval Date" in Section IX.V.B to "Effective Date" since "Approval Date" is not a defined term in the Decree and the parties had previously agreed that "Approval Date" in this paragraph means "Effective Date" as that term is defined in the Decree.

4

Plaintiffs did not know. Therefore, on March 18, 2022, Plaintiffs' counsel served the Request for Production attached as Exhibit F on Defendants' counsel. The Request seeks:

> For every provision of the Consent Decree (Dkt. 1238) with which Defendants assert they are currently in "substantial compliance" as that term is defined in the Decree (*id.* at 4 [§ I.C.16]), documents showing and sufficient to prove that Defendants are in "substantial compliance" with that provision.

(Ex. F.) Together with the Request, Plaintiffs' counsel asked Defendants' counsel if they would agree to respond to the Request by April 8, 2022, given the shortness of time remaining until May 9 and the likelihood that Plaintiffs would also need one or more depositions after documents were received. (March 18, 2022 email attached as Exhibit G.)

9. In response, Defendants insisted that the discovery sought in the Request was not needed because they would not "oppose" a motion to amend the Decree. (March 21-23, 2022 email chain attached as Exhibit H.) Although Plaintiffs' counsel again stated that they felt that the proposed amendment would be better presented by joint motion, Defendants' counsel insisted that it be presented as an "unopposed" motion by Plaintiffs.

10. The requested amendment benefits all concerned: it admittedly saves Plaintiffs the labor of having to seek the Court's ratification of the Monitor's uniform findings of Defendants' failures of substantial compliance with the Decree; it saves Defendants the embarrassment of the Court making such findings; and it saves the Court's time and energy, at least for another two years. However, it benefits Defendants the most, since it ensures Defendants an opportunity in two years to have provisions dropped from the Decree if substantial compliance is established for any provisions within that period, whereas if the Court is required now to make the determinations required by Section IX.B.5, pursuant to that Section, the Court can extend the Decree by a full **five** years, with the result that no provisions can be dropped from the Decree until eight years have passed. Dkt. 1238 at 26.

11. There is, in short, no reason why the Court should not grant the motion to amend with the language set forth in paragraph 6, *above*, especially since Defendants do not oppose this request.

12. However, if the Court is unwilling to grant this request and amend the Decree accordingly, Plaintiffs request that the Court order Defendants to respond to Plaintiffs' Request for Production (Ex. F), which was served on Defendants on March 18, 2022, on or before April 8, 2022.

Dated: March 28, 2022

Respectfully submitted,

By: /s/ Camille E. Bennett
*One of Plaintiffs' attorneys*

Alan Mills
Nicole R. Schult
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640

Camille E. Bennett
Joshua Blecher-Cohen
Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601

Harold C. Hirshman
Samantha Reed
Dentons US LLP
233 S. Wacker Drive, Ste. 5900
Chicago, IL 60606