## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DON LIPPERT, *et al.*,

        Plaintiffs,

    v.

J.B. PRITZKER, *et al.*,

        Defendants.

No. 10-C-4603

Honorable Jorge L. Alonso
Presiding Judge

### DEFENDANTS' COMBINED RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO PUBLICLY FILE THE FIFTH REPORT OF THE COURT-APPOINTED MONITOR AND MOTION FOR LEAVE TO FILE DEFENDANTS' RESPONSE TO THE MONITOR'S FIFTH REPORT ON THE PUBLIC DOCKET

Defendants, J.B. Pritzker, Rob Jeffreys, and Steven Bowman, by and through their counsel, Kwame Raoul, Illinois Attorney General, hereby respond to Plaintiffs' Motion for Leave to Publicly File the Monitor's Fifth Report and move this Court for leave to file their response to the Monitor's Fifth Report on the public docket. In support of this motion, Defendants state as follows.

The Consent Decree in this case directs the Monitor to submit a report on Defendants' compliance twice per year. *See* Dkt. 1238, § V.E. Either party may submit a response to the Monitor's report within 30 days, but these responses are not filed with the Court. *Id.* The Monitor's report is to be filed under seal at first, but after 30 days it is to be filed publicly unless a party can show good cause why some or all of it should not be made public. *Id.*

The Monitor submitted his Fifth Report to the parties on June 22, 2022. Counsel for Plaintiffs have filed each one of the Monitor's previous four reports under seal shortly after they have been provided to the parties. *See* Dkts. 1274, 1317, 1385, and 1447. For

reasons unknown, counsel for Plaintiffs chose not to file the Monitor's Fifth Report under seal at the time it was provided to the parties.

After the Monitor provided his initial report to the parties on June 22, 2022, Defendants provided the Monitor with a number of comments and requested a meet-and-confer. The Monitor obliged, and the parties met with the Monitor on July 21, 2022 to discuss various issues with the Fifth Report. During this meeting, after Defendants pointed out a number of inconsistencies, the Monitor agreed to make a number of changes to his report. The Monitor then provided a revised report to the Court and parties on July 27, 2022.

On July 28, 2022, counsel for Plaintiffs contacted the undersigned and indicated they intended to file the Monitor's Fifth Report on the public docket the following day. The undersigned subsequently asked that counsel wait until the following Monday (August 1, 2022) as Defendants had less than 24-hours to review the Monitor's revised report. Counsel for Plaintiffs agreed.

Subsequently, after realizing no version of the Monitor's Fifth Report had been filed under seal, the undersigned asked counsel for Plaintiffs for clarification on how they intended to file the Monitor's Fifth Report. The undersigned indicated that in order to comply with the Decree, Defendants believed the report should be filed under seal. The undersigned received no response from counsel for Plaintiffs. Instead, without any notice to Defendants, Plaintiffs filed their Motion for Leave to Publicly File the Fifth Report of the Court-Appointed Monitor. Dkt. 1570. Therein, counsel for Plaintiffs stated that the parties have a disagreement concerning the filing of the Fifth Report. This is incorrect. This confusion was likely caused by counsel for Plaintiffs' failure to confer with Defendants prior to filing their motion.

Defendants do not dispute that the "thirty-day under seal" provision of the Decree has been fully served. Had counsel for Plaintiffs responded to the undersigned's email, this would undoubtedly not have been an issue.

Defendants have no objection to the Monitor's Fifth Report being filed publicly. However, Defendants still take issue with several aspects of the Monitor's Fifth Report. Specifically, there are numerous instances where the Report contains misstatements and inaccurate conclusions. These issues are not minor disagreements between counsel and the Monitor. Rather they are major discrepancies noted by another correctional healthcare expert who reviewed the same documentation as the Monitor and determined that many of the Monitor's conclusions are flawed. As stated above, the Decree gives Defendants the opportunity to submit a response to the monitor's report within 30 days, but these responses are not filed with the Court. *See* Dkt. 1238, § V.E. Plaintiffs argue that Defendants only have a right to respond to any changes that have been made by the Monitor since submitting his initial report on June 22, 2022. Defendants disagree. First, it would also be extremely difficult for Defendants to determine what changes have been made to the Monitor's Fifth Report since its original submission on June 22, 2022. The Monitor's Report is over 300 pages and he has failed to provide any means for tracking those changes. Second, the Monitor's public report will serve as the official statement of Defendants' progress. Accordingly, it would be manifestly unfair for the Report to become public, without giving the Defendants' an opportunity to respond publically.

WHEREFORE, Defendants, J.B. Pritzker, Rob Jeffreys, and Steven Bowman respectfully requests that this Court grant their motion, allow them to file their response

to the Monitor's Fifth Report on the public docket, and for such further relief as this Honorable Court deems appropriate and just.

Dated: August 1, 2022           Respectfully Submitted,

KWAME RAOUL                 */s/ Nicholas S. Staley*
Attorney General of Illinois        NICHOLAS S. STALEY

Michael D. Arnold              Assistant Attorney General
Christopher R. Fletcher        General Law Bureau
Office of the Illinois Attorney General    Office of the Illinois Attorney General
100 West Randolph Street        100 West Randolph Street, 13th Floor
Chicago, Illinois 60601         Chicago, Illinois 60601
                              (312) 814-7202
                              *nicholas.staley@ilag.gov*