THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Don Lippert, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>Partha Ghosh, *et al.*,<br><br>    Defendants. | Case No. 1:10-cv-04603 (N.D. Ill.)<br><br>Judge Jorge Luis Alonso |

## MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 24 and 16, Movant John Paris, as Administrator of the Estate of Victoria Paris, by and through his undersigned counsel, respectfully move this Court (1) for leave to intervene in this case; and (2) for modification of protective orders to permit class counsel in this case, the Uptown People's Law Center ("UPLC"), to respond to a subpoena that Movant has issued to UPLC. Movant met and conferred with UPLC on January 25, 2023 regarding this motion. UPLC, with some reservations, is not opposed to Movant's request to modify the protective order. Movant understands that UPLC intends to file a response to this motion. In support of his motion, Movant states:

### BACKGROUND

Movant is the plaintiff in *Paris v. Wexford Health Sources, Inc., et al.*, No. 2:21-cv-02149-JES-JEH (C.D. Ill.) (the "*Paris* matter"), a case pending in the Central District of Illinois before Judge James E. Shadid. *See* **Ex. 1**, *Paris*, ECF 1. Movant brought the *Paris* case asserting claims under 42 U.S.C. § 1983 and state law. He is administrator of the estate of Victoria Paris, formerly

1

Victoria McCue, who was imprisoned by the Illinois Department of Corrections ("IDOC") until three days before her death. The complaint in *Paris* alleges that Ms. Paris died from cancer after Wexford and IDOC medical personnel ignored the signs of her cancer for months, ignored the recommendations of specialist doctors, failed to provide Ms. Paris with necessary medical information, and delayed treatment and diagnosis of Ms. Paris's symptoms. *See* **Ex. 1** ¶¶ 38–54. The *Paris* complaint alleges, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), that these failures were the result of widespread practices that Wexford has allowed to flourish across the IDOC, in which its employees routinely fail to act, discourage referrals to specialists, and fail to communicate important medical information. *Id.* ¶¶ 66–100, 112–118, 125–130. In support of its *Monell* allegations, the *Paris* complaint points to two expert reports submitted in this case, *Lippert*, in 2014 ([ECF 339](#)) and 2018 ([ECF 767](#)). S*ee id.* ¶¶ 72–78, 88–93. In the 2014 and 2018 reports, experts appointed by this Court pursuant to Federal Rule of Evidence 706 identified numerous cases where Wexford medical personnel were slow to diagnose and slow to treat cancer and other illnesses requiring specialized care, resulting in multiple unnecessary deaths.

      To obtain documents and information supporting his allegations, Movant (as plaintiff in *Paris*) served discovery on Wexford, asking it to produce documents in its possession regarding the care of certain patients identified in the 2014 and 2018 *Lippert* expert reports. *See* **Ex. 2** at 10–17, Nov. 25, 2022 email from A. Alsarraf. The *Lippert* experts anonymized the identity of patients discussed in the reports and do not refer to patients by name or IDOC identification number. Therefore, Movant's discovery requests to Wexford referred to patients by their descriptions in the *Lippert* reports. *Id.* Wexford initially asserted that it could not answer Movant's discovery requests because it "does not possess the names of the individuals" Movant identified by their

descriptions in the *Lippert* reports. *Id.* at 9–10, Nov. 28, 2022 email from D. Grady. Movant understood Wexford's response to mean that Wexford's position is that it does not have possession, custody, or control of documents sufficient to identify the individuals anonymously described in the *Lippert* reports, but nevertheless asked Wexford to confirm whether it had ever received versions of the 2014 or 2018 *Lippert* reports that identify the patients by name or IDOC number. *Id.* at 8–9, Dec. 5, 2022 email from M. Kang. In response, Wexford stated that it was in possession of an unredacted version of the 2014 *Lippert* report and would further investigate whether it was in possession of an unredacted version of the 2018 *Lippert* report. *Id.* at 4, Dec. 16, 2022 email from A. Ramage. However, Wexford objected to Movant's discovery requests on the basis that "the information being requested is confidential, as set forth by the Court in *Lippert*, e.g., Docs 111, 244, and 593" and refused to produce the unredacted 2014 *Lippert* report. *Id.*

Movant has served a subpoena on IDOC requesting the production of documents related to the same patients discussed in the 2014 and 2018 *Lippert* reports. Movant's subpoena on IDOC remains pending.

In light of Wexford's initial representation that it was unable to identify the patients described in the 2014 and 2018 *Lippert* reports, Movant served a subpoena on counsel for one of the *Lippert* litigants, the UPLC. *See* **Ex. 3**. The subpoena asks UPLC to produce documents sufficient to identify the patients discussed in the 2014 and 2018 *Lippert* reports. Movant intends to provide Wexford with the responsive information produced by UPLC so that Wexford will be able to gather documents and information responsive to Movant's discovery requests. *See* **Ex. 2** at 9–10, Nov. 28, 2022 email from D. Grady.

Movant has obtained a HIPAA-qualified protective order from Magistrate Judge Hawley in the *Paris* matter. *See* **Ex. 4**, *Paris*, ECF 81. That order, which was entered pursuant to 45

C.F.R. § 164.512, protects the private health information of individuals who are not parties to the *Paris* litigation ("non-parties."). *Id.* at 2. It provides that all protected health information of non-parties and all documents regarding medical care or medical conditions of non-parties must be designated "Attorneys' Eyes Only" and viewed only by counsel of record, paralegals and investigators, and retained expert witnesses. *Id.* The parties may not use any such information for any other purpose other than the *Paris* matter and must return or destroy any such information at the end of the *Paris* litigation. *Id.* at 2–3. Movant, as plaintiff in *Paris*, sought entry of a HIPAA protective order so that he could conduct discovery regarding his *Monell* allegations, including the medical cases of other prisoners identified by the *Lippert* experts. All parties in *Paris* agreed that a "Protective and Confidentiality Order for documents regarding third parties is necessary to allow the parties to this litigation to obtain and use protected health information of third parties for the purpose of this litigation while preventing unauthorized disclosure of said protected health information." *See* **Ex. 5** at 1, *Paris*, ECF 79.

UPLC responded to Movant's subpoena that it possesses documents responsive to the subpoena but believes that the production of those documents is prohibited by this Court's protective orders entered with respect to Rule 706 experts and reports. *See* **Ex. 6**. UPLC stated that it is unable to produce the responsive documents unless the protective orders in this case are modified. *Id.*

Movant brings the present motion to seek two items of relief. First, he seeks leave from the Court to intervene in this case pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). Second, he seeks an order permitting UPLC to respond to Movant's subpoena (**Ex. 3**), either by modification of the Court's protective orders or by way of other relief the Court may deem appropriate.

4

**ARGUMENT**

Mr. Paris's request to intervene and modify the protective order in this case is appropriate, and this Court has previously granted a similar request. In 2022, this Court granted a motion to intervene and modify the protective order in *Lippert* by the plaintiff in *Reed v. Wexford Health Sources, Inc., et al*. See [ECF 1534](#) (Feb. 24, 2022). In granting that motion, Magistrate Judge Susan E. Cox found that "there exists no good reason to deny [the *Reed*] Movants the modification to the protective order they seek." *Id.* at 9. Similarly, Movant's request to intervene and request to modify the protective order are appropriate.

The *Reed* plaintiffs served discovery on Wexford in their underlying lawsuit seeking documents in Wexford's possession regarding the care of certain patients anonymously described in the *Lippert* reports. *Id.* at 2. Wexford asserted that it could not respond to the discovery requests because it did not have possession, custody, or control of documents that identify the patients anonymously described in the *Lippert* expert reports. *Id.* The *Reed* plaintiffs subpoenaed UPLC for documents sufficient to identify by name the patients discussed in the *Lippert* expert reports, with the intention of providing UPLC's response to Wexford so that Wexford would be able to gather documents and information responsive to the discovery requests. *Id.* at 3. UPLC responded that it possessed documents responsive to the *Reed* plaintiffs' subpoena but believed that it was barred from producing those documents by the protective orders in *Lippert*. *Id.* at 2.

The *Reed* plaintiffs therefore sought to modify the Court's April 11, 2012 Stipulated Protective Order ([ECF 111](#)) to permit UPLC to respond to the subpoena seeking the identities of patients discussed in the 2014 and 2018 *Lippert* reports. *Id.* at 1, 3. Judge Cox held that the *Reed* plaintiffs were appropriate intervenors under Federal Rule of Civil Procedure 24(b)(1)(B). *Id.* at 7; *see also* [ECF 653](#) at 7 (holding that plaintiff in another case, *Burks v. Soto*, was an appropriate

5

intervenor under Rule 24(b)). Judge Cox also granted the *Reed* plaintiffs' request to modify the protective order to allow them to access the documents underlying the *Lippert* expert reports, holding that the HIPAA-qualified protective order in the *Reed* litigation would "adequately protect the privacy interests of the inmates listed by description in the public versions of the" *Lippert* expert reports. *See* ECF 1534 at 8.

Movant seeks the same discovery as the *Reed* plaintiffs and has similarly obtained a HIPAA order in the *Paris* matter that will prevent public disclosure of any individual's protected health information. Moreover, Movant has properly served a subpoena on UPLC and seeks to intervene in *Lippert* for the limited purpose of obtaining necessary information responsive to that subpoena.

> **A. Movant's request to intervene for the purpose of modifying the protective order is appropriate under Rule 24(b)(1)(B).**

Movant's request to intervene for the purpose of modifying the protective order is appropriate for the same reasons the Court has granted permissive intervention in this case on two prior occasions. Rule 24(b)(1)(B) allows for permissive intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The language of Rule 24(b)(1)(B) "is broad enough to encompass a third-party challenge to a protective order." ECF 1534 at 5; *see also* ECF 653 at 4 (quoting *Bond v. Utreras, 585 F.3d 1061, 1070 (7th Cir. 2009)*). "[W]hen a nonparty seeks to intervene for the sole purpose of gaining access to documents subject to a protective order 'no particularly strong nexus of fact or law need exist between the two suits.'" ECF 1534 at 5; *see also* ECF 653 at 5 (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

First, the plaintiff in *Burks v. Soto*, Kenneth Burkes, sought to intervene in this case in March 2018. This Court held that Mr. Burks's intervention was proper because the plaintiff had

an interest in gathering discovery from a *Lippert* expert that met the requirements of Rule 24(b)(1)(B). ECF 653 at 6. This Court elaborated that intervention for the limited purpose of modifying the *Lippert* protective order, rather than seeking to become a party in the action to litigate a claim or defense, would not cause undue delay or prejudice to the original parties. *Id.* at 7. Similarly, as noted above, this Court has held that the *Reed* plaintiffs met the requirements for permissive intervention under Rule 24(b). ECF 1534 at 7. This Court held that "permitting intervention will not unduly delay this case or prejudice the adjudication of the rights of the original parties" because the *Reed* plaintiffs sought to "litigate only the issue of the modification of Stipulated Protective Order and not to intervene on the merits." *Id.* This Court also held that allowing third parties to access the documents underlying the *Lippert* expert reports was "not a concern" where the third party has obtained a HIPAA-qualified protective order in their underlying case. *Id.* at 6. This Court noted that it was "unlikely that future third-parties seeking the confidential *Lippert* reports would be denied intervention." *Id.* at 7 n.7.

Movant's intervention interest is identical with the *Burks* and *Reed* plaintiffs for the purpose of Rule 24(b)(1)(B). Movant seeks to intervene for the limited purpose of modifying the protective order in this case and has obtained a HIPAA-qualified protective order in the *Paris* matter, therefore intervention will not cause undue delay or prejudice to the *Lippert* parties.

      **B.**      **Movant's request to modify the protective order is appropriate so that UPLC can respond to the subpoena.**

Movant's request to modify the Court's April 11, 2012 Stipulated Protective Order (ECF 111) is appropriate for the same reasons this Court granted the *Reed* plaintiffs' request to modify the protective order. Movant has served a subpoena on UPLC to further *Monell* discovery in the *Paris* matter, which names Wexford as a defendant, and has obtained a HIPAA-qualified

7

protective order in that case which will prevent public disclosure of any individual's protected health information.

In the *Paris* matter, Movant alleges, pursuant to *Monell*, that Wexford's widespread practices resulted in the violation of Ms. Paris's constitutional rights and untimely death due to cancer. *See* **Ex. 1** ¶¶ 66–100. The Seventh Circuit has made clear that plaintiffs alleging *Monell* claims must provide substantive evidence that a pattern or practice violated the constitutional rights of others, not just the plaintiff's own constitutional rights. *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 237 (7th Cir. 2021). Movant cited to the *Lippert* expert reports in support of his *Monell* claims, *see* **Ex. 1** ¶¶ 72–78, 88–93, and seeks to obtain the documents underlying the *Lippert* expert reports to provide the substantive pattern or practice evidence the Seventh Circuit requires.

Multiple courts have recognized that the documents underlying the *Lippert* reports are an appropriate subject of discovery to support *Monell* claims like the ones Movant has brought in the *Paris* matter. *See Lymon v. Chamberlain*, No. 17 CV 50093, 2020 WL 6940985, at *6 (N.D. Ill. Nov. 24, 2020) (granting motion to compel Wexford and IDOC to produce documents underlying *Lippert* reports); *Wilkerson v. Chovinard*, No. 17-cv-50046, ECF 206 at 2–3 (N.D. Ill. Mar. 29, 2021) (granting motion to compel Wexford to produce documents underlying *Lippert* reports); *Arsberry v. Wexford Health Sources, Inc.*, No. 3:17-CV-50044, 2021 WL 5232733, at *8 (N.D. Ill. Nov. 10, 2021) (granting motion to compel Wexford and IDOC to produce documents underlying *Lippert* reports); *Reed v. Wexford Health Sources, Inc.*, No. 20-CV-01139-SPM, 2022 WL 4483949, at *6 (S.D. Ill. Sept. 27, 2022) (granting motion to compel IDOC to produce documents underlying *Lippert* reports); *see also* ECF 653 at 3 n.3 ("The originals of the documents

relied on by Dr. Shansky remain with IDOC or Wexford. Mr. Burks could have pursued their production directly in his case if they were essential to his claim.").

The purpose of Movant's subpoena to UPLC is to enable him to gather such discovery in the *Paris* matter. The HIPAA-qualified protective order in the *Paris* matter treats all protected health information as "Attorneys' Eyes Only," *see* **Ex. 4**, which "comports with the level of protection offered to those documents in" *Lippert*. ECF 1534 at 8. Therefore, *Paris* matter's HIPAA-qualified protective order will adequately protect the privacy interests of the individuals described in the public versions of the *Lippert* reports. *See id.*

Movant respectfully submits that the foregoing is good cause to modify the existing protective order in this case or for the Court to otherwise issue an order permitting UPLC to respond to Movant's subpoena.

**WHEREFORE**, Movant John Paris respectfully requests that the Court:

**(1)** Grant Movant leave to intervene in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) for the limited purpose of seeking modification of the protective orders in this case to permit UPLC to respond to the subpoena issued in the *Paris* matter; and

**(2)** Issue an order modifying the existing protective orders or otherwise permitting UPLC to respond to the subpoena issued to it by Movants.

9

Dated: January 27, 2023            Respectfully submitted,

           Jenner & Block LLP
           Attorneys for John Paris

           By:    /s/ Michael A. Doornweerd_____
                   Michael A. Doornweerd
                   Ali I. Alsarraf
                   Lina R. Powell
                   Elena M. Olivieri
                   Jenner & Block LLP
                   353 N. Clark Street
                   Chicago, IL 60654-3456
                   Telephone: +1 312 222 9350
                   Facsimile: +1 312 527 0484
                   mdoornweerd@jenner.com
                   aalsarraf@jenner.com
                   linapowell@jenner.com
                   eolivieri@jenner.com

                   *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I, Michael A. Doornweerd, hereby certify that on January 27, 2023, I caused copies of the foregoing document to be filed with the Clerk for the District Court for the Northern District of Illinois and to be served upon all counsel of record through the CM/ECF system.

                                                    /s/ Michael A. Doornweerd
                                                    Michael A. Doornweerd