**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Don Lippert *et al.*, | |
| Plaintiffs, | Case No. 1:10-cv-04603 |
| v. | Judge Jorge Luis Alonso |
| Partha Ghosh, *et al.*, | |
| Defendants. | |

**MOTION (1) TO INTERVENE AND (2) TO MODIFY PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 24 and 16, Movant Keyana Wiley, by and through her undersigned counsel, respectfully moves this Court for **(1)** leave to intervene in this case, and **(2)** for an order modifying the protective orders governing the information in the 2014 ("Shansky") and 2018 ("Puisis") expert reports so as to permit the litigants in *Wiley v. Wexford Health Sources, Inc. et al.*, No. 3:21-cv-0599 (S.D. Ill.) to use keys or "ciphers" necessary to identify patients who are described anonymously in the Shansky and Puisis reports.

Pursuant to the Court's standing order,[1] counsel for Ms. Wiley are emailing a Word version of a proposed order to chambers. The order proposed by Ms. Wiley is an adaptation of the Court's March 9, 2022 Order entered in this case with respect to the *Reed* intervenors, *see* ECF 1543, and both "redline" and "clean" versions of the proposed order will be included in the email to chambers.

The relief Ms. Wiley seeks through this motion is identical to the relief that the Court provided in its March 9, 2022 Order, which permitted the Uptown People's Law Center (counsel for the Plaintiffs in this case) to share "ciphers" with the litigants in *Reed v. Wexford Health*

---

[1] *See* U.S. District Court for the Northern District of Illinois – Chambers of Judge Jorge L. Alonso – Case Procedures – Proposed Orders (https://www.ilnd.uscourts.gov/judge-cmp-detail.aspx?cmpid=895).

*Sources, Inc.*, No. 3:20-cv-1139 (S.D. Ill.). *See* ECF No. 1543. Said relief would differ in only one respect: the law firm of Loevy & Loevy, which represents both Ms. Wiley and the *Reed* movants, is already in possession of the ciphers in question. In this case, therefore, Ms. Wiley does not seek to enforce a subpoena to the Uptown People's Law Center for access to the ciphers, but instead requests that the Court permit Loevy & Loevy to share the ciphers with the litigants in the underlying *Wiley* litigation. In support of her motion Ms. Wiley states:

## BACKGROUND

Ms. Wiley is moving to intervene in this case in order to obtain the ciphers used to identify the medical patients described in the Shansky and Puisis reports, to be used in the *Wiley*, *supra*, in which she is the plaintiff. This motion is similar to and follows on a November 29, 2021 motion to intervene in this case by litigants in *Reed*, *supra*, who likewise intervened in this case to obtain the ciphers that Ms. Wiley seeks through the present motion. *See* ECF 1484 (*Reed* motion to intervene). The *Reed* movants, like Ms. Wiley here, sought to intervene in this case in order to request that the Court modify the protective orders governing information relating to the Shansky and Puisis reports. ECF 1484 at 1. Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the *Reed* movants had alleged that the decedent, an IDOC prisoner who died of cancer, received inadequate care as a result of the policies and practices of Wexford Health Sources, Inc., which provides medical care within the IDOC. *See* ECF 1484 at 1-2. The *Reed* plaintiffs had issued discovery linked to the findings in the Shansky and Puisis reports, which identify numerous cases in which Wexford medical personnel provided inappropriate cancer care to individual patients, resulting in multiple unnecessary deaths. *Id*.

As the *Reed* movants explained in their motion to intervene, the public-facing versions of the Shansky and Puisis reports anonymized the identities of the IDOC patients whose care they

2

described.  ECF 1484 at 2.  The reports' authors, however, had provided ciphers to counsel for the *Lippert* litigants in order to identify the specific patients whose care was being reviewed.  *See* ECF 1484 at 3-4.  The protective orders governing the Shansky and Puisis reports restricted the use of those ciphers to the *Lippert* litigants.  *See* ECF 1484 at 3-4.  The *Reed* movants therefore requested that this Court modify the protective orders governing the Shansky and Puisis reports to permit the use of the ciphers in the *Reed* case.  ECF 1484 at 10.

As a predicate to their request, the *Reed* litigants obtained a HIPAA-qualified protective order pursuant to 45 C.F.R. § 164.512.  *See* ECF 1484 at 3.  The HIPAA order would protect the identities of the patients listed in the cipher, providing that they be kept confidential and used only in the *Reed* action.  *Id*.  This Court granted the *Reed* movants' motion: it permitted them to intervene, and it modified the protective orders governing the Shansky and Puisis reports, permitting disclosure of the ciphers to the *Reed* litigants for use in that case.  *See* ECF 1534 (order granting motion); ECF 1543 (order modifying existing protective orders).

Ms. Wiley seeks the same relief as the *Reed* litigants, and she does so on the same grounds.  Ms. Wiley's complaint alleges that the decedent, a man imprisoned by the IDOC, died of cancer after numerous Wexford medical care providers made little effort to diagnose the cause of his repeated complaints of abdominal pain.  *See* **Ex. 1** (*Wiley* complaint) ¶¶ 56-63.  The complaint alleges that these failures were caused by widespread practice that Wexford allowed to flourish in which its employees failed to take appropriate steps to diagnose patients with persistent symptoms.  *Id*.  To gather evidence to support her allegations, Ms. Wiley obtained a HIPAA-qualified protective order.  *See* **Ex. 2** (*Wiley* HIPAA order).  The *Wiley* HIPAA order is substantively identical to the HIPAA protective order in *Reed*.  *Compare* Ex. 2 (*Wiley* HIPAA order) *with* ECF 1484-4 (*Reed* HIPAA order).  Ms. Wiley has also served Rule 34 request on

Wexford (*see* **Ex. 3**), which calls for production of documents regarding anonymized patients in the two *Lippert* reports. *See* Ex. 3 ¶¶ 47, 54. Indeed, these are the same patients whose information was at issue in the *Reed* movants' discovery. *Compare* Ex. 3 ¶¶ 47, 54 *with* ECF 1484-2 ¶¶ 47, 54 (*Reed* discovery regarding *Lippert* report patients).

In the underlying *Wiley* litigation, Ms. Wiley moved to compel Wexford's responses to the discovery set forth in Exhibit 3, including the "*Lippert*" discovery. The *Wiley* Court granted Ms. Wiley's motion, and ordered Wexford specifically to produce documents relating to "individuals described within the Lippert report[s] whose cancer diagnoses were . . . delayed in a series of events similar to the alleged events leading to [the *Wiley* decedent's] cancer diagnosis." **Ex. 4** at 7 (*Wiley* court's order on Ms. Wiley's motion to compel). On February 14, 2023, following issuance of the *Wiley* court's order on Plaintiff's motion to compel, Wexford counsel emailed counsel for Ms. Wiley to ask for the names of the patients identified anonymously in the Shansky and Puisis reports, explaining that the names were necessary to identify responsive documents to comply with the order granting Plaintiff's motion to compel. Ms. Wiley's counsel responded that both sets of counsel (*i.e.*, Loevy & Loevy for Ms. Wiley, and the Cassiday Schade firm for Wexford, which also represents Wexford in the *Reed* litigation) possessed the ciphers necessary to identify the patients in the Shansky and Puisis reports, but they had permission to use those ciphers only in the *Reed* litigation. As such, Ms. Wiley's counsel sought Wexford's agreement to a motion to intervene in this case (*Lippert*) in order to seek a modification of the protective order so as to permit the use of the Shansky and Puisis "ciphers" in the *Wiley* litigation. Wexford stated that it did not consent to such an intervention. This motion follows.

4

**ARGUMENT**

The April 11, 2012 Stipulated Protective Order in this case limits the dissemination of information underlying the Shansky and Puisis reports to certain participants in the *Lippert* litigation. *See* ECF 1534 at 3 (describing the April 11, 2012 *Lippert* Stipulated Protective Order). In ECF 1534, this Court permitted the *Reed* movants to intervene in this case to seek modification of the April 11, 2012 order, and it modified that order in order to permit the "ciphers" for the Shansky and Puisis reports to be produced to the *Reed* movants, to be governed by the HIPAA protective order that had been issued in the underlying *Reed* litigation. *Id.* at 9.

The Court should grant the same relief to Ms. Wiley now. Ms. Wiley has sought *Monell* discovery identical to the discovery sought by the *Reed* movants, and indeed the *Wiley* court has specifically ordered production of information about particular patients described anonymously in the Shansky and Puisis reports. *See* Ex. 4 at 7. Ms. Wiley has also obtained the HIPAA protective order in her underlying case, which will protect the privacy of the patients whose care is described in the Shansky and Puisis reports. *See* Ex. 2. An order permitting use of the "ciphers" is entirely appropriate.

**A.    The request to intervene is appropriate under Rule 24(b)(1)(B).**

This Court held that the *Reed* movants should be allowed to intervene under Rule 24(b)(1)(B), which "encompass[ed] . . . . third-party claims of access to information generated through judicial proceedings," ECF 1534 at 5, and because there was no support that the limited intervention sought by the *Reed* movants would interfere with the management of this case. *Id.* at 7. Indeed in granting the *Reed* movants' request to intervene, the Court noted:

> [T]he Court notes that while the question of modification requires more
> individualized analysis, it is unlikely that future third-parties seeking the
> confidential *Lippert* reports would be denied intervention (i.e., future litigants
> addressing the issue of intervention for the purpose of modifying the Stipulated

5

Protective Order to seek the confidential Shansky and Puisis reports would do well to limit their arguments on intervention and instead focus on whether modification is appropriate).

*Id.* at 7 n.7. Ms. Wiley seeks to intervene in this case for the same purpose as the *Reed* movants, on the same basis as the *Reed* movants. Ms. Wiley respectfully submits that permissive intervention should be allowed in this case, for the reasons set forth by this Court in ECF 1534.

**B.      The Court should modify the protective order to permit use of the "ciphers" among the *Wiley* litigants.**

This Court, in deciding the request filed by the *Reed* movants, held that modification of the April 11, 2012 protective order governing the "ciphers" was appropriate in light of the *Reed* plaintiffs' underlying *Monell* allegations regarding Wexford's widespread failure to diagnose and treat cancer, and the numerous instances identified in the Shansky and Puisis reports in which such failures had occurred. ECF 1534 at 2. Indeed in this case, the *Wiley* court has held specifically that such instances in the Shansky and Puisis reports are relevant to Ms. Wiley's claims and are the appropriate subject of discovery, and it has already ordered Wexford to produce documents relating to such patients. *See* Ex. 4 at 7. All that is left is to identify those patients, for which the *Lippert* report "ciphers" are required.

In granting the *Reed* movants' request, this Court rejected Wexford's argument that modifying the protective order would vitiate the confidentiality interests of the patients identified in the Shansky and Puisis reports. ECF 1534 at 8. Such concerns were illusory, the Court held, because disclosure of the ciphers would be covered by the HIPAA-qualified protective order that had been issued in *Reed*. *Id.* The same is true here: Ms. Wiley has obtained a HIPAA-qualified protective order in the *Wiley* litigation, which will protect the privacy of patients identified in the two reports. Privacy simply is not a concern.

6

**CONCLUSION**

Ms. Wiley respectfully submits that the foregoing is good cause to modify the existing protective orders in this case, or for the Court otherwise to issue an order permitting Loevy & Loevy to produce the ciphers in its possession for use in the *Wiley* matter. *See* Fed. R. Civ. P. 16(d) (permitting modification of pretrial orders). The ciphers will not be disclosed publicly, but rather will be held in confidence pursuant to the HIPAA-qualified protective order that has been entered in the underlying *Wiley* litigation.

**WHEREFORE**, Movant Keyana Wiley respectfully request that the Court:

**(1)** grant Ms. Wiley leave to intervene in this matter pursuant to Rule 24(b)(1)(B) for the limited purpose of seeking modification of the protective orders in this case to permit disclosure of the *Lippert* report "ciphers", and

**(2)** issue an order modifying the existing protective orders or otherwise permitting the Loevy & Loevy law firm to produce the ciphers for use by the litigants in the *Wiley* case, to be governed by the HIPAA order entered in that case.

March 1, 2023

Respectfully submitted,

/s/ Stephen H. Weil
Stephen H. Weil
Attorney for Plaintiff

Jon I. Loevy
Stephen H. Weil
Maria Makar
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
weil@loevy.com

7

## CERTIFICATE OF SERVICE

I, Stephen Weil, an attorney, hereby certify that on March 1, 2023, I filed a copy of the

foregoing via the CM/ECF system, which effected service on all counsel of record.

I further certify that I caused a copy of the foregoing to be transmitted via email to the

following persons:


Jaclyn A. Kinkade - jkinkade@cassiday.com
Timothy P. Dugan - tdugan@cassiday.com
Cassiday Schade LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377

*Counsel for Wexford Health Sources, Inc. in the Wiley litigation*




/s/ *Stephen Weil*
Stephen Weil
Attorney for Plaintiff