UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PARTHA GHOSH, *et al.*, )<br>)<br>Defendants. ) | No. 10-cv-4603<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Susan E. Cox |

**ORDER**

For the reasons set forth in the Court's May 4, 2023 Order (Dkt. 1669), the Court's April 11, 2012 Stipulated Protective Order (Dkt. 111) is hereby modified as follows: The parties to this action are permitted to produce to parties in *Paris v. Wexford Health Sources, et al.*, Case No. 21-cv-02149 (C.D. Ill.) the unredacted reports and any keys (referred to herein collectively as "unredacted reports") submitted in or created for the instant case which identify the names and identification numbers of the people discussed in the respective reports. The individual pages of these documents shall bear the designation "ATTORNEYS' EYES ONLY: CONFIDENTIAL DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDERS ENTERED IN 21-cv-02149 AND 1:10-cv-04603" or "ATTORNEYS' EYES ONLY."

The parties receiving the unredacted reports pursuant to this Order will do so subject to the following terms:

(1) The parties shall treat the information contained in the unredacted reports that is redacted in the public record as "Attorney's Eyes Only" as that term is defined in the Court's Agreed Order Appointing Expert (*See* Dkt. 244 ¶¶ 6a-b);

(2) The parties receiving the unredacted reports are subject to the terms of this Court's

April 11, 2012 Stipulated Protective Order (Dkt. 111) with respect to the unredacted reports as if they were "attorneys of record in this case" except that:

a. Where that order permits disclosure of the documents only to the "Court, its officers, and any jury seated to hear this case," that term shall be modified to refer to the Court presiding over the *Paris* litigation;

b. The parties (and non-parties covered by the protective order entered in the *Paris* litigation) receiving documents pursuant to this Order "shall use such information [received pursuant to this Order] solely for the purposes of [the *Paris*] litigation;" and

c. The parties (and non-parties covered by the protective order entered in the *Paris* litigation) receiving documents pursuant to this Order may disclose the documents to "Experts, who shall use such information solely for the purpose of [the *Paris*] litigation" provided that the parties and their experts comply with Paragraph 2(c) of the Stipulated Protective Order (Dkt. 111).

(3) The information contained in the unredacted reports that is redacted in the public record shall be treated as "PHI," as that term is defined in the HIPAA-qualified protective order entered in the *Paris* litigation, and shall also be subject to the terms of said protective order. *See* Dkt. 1601-4 in the instant matter; Dkt 36 in *Paris v. Wexford Health Sources, Inc., et al.*, Case No. 21-cv-02149 (C.D. Ill.).

It is so ORDERED.

**ENTERED: May 25, 2023**

_____
United States Magistrate Judge
Susan E. Cox