IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DON LIPPERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-4603 |
| ) | |
| J.B. PRITZKER, et al., ) | Judge Jorge L. Alonso |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of Movant Yolanda Jackson's Agreed Motion to Intervene to Modify Protective Order (Dkt. 1682), this Court GRANTS Movant's request to intervene for purposes of modifying the Court's December 19, 2013 Order, and, for good cause shown, GRANTS Movant's request to modify the Order. The Court's December 19, 2013 Order (Dkt. 244) is hereby modified as follows: Wexford and Defendants in this action are permitted to produce to parties in *Jackson v. Wexford Health Sources, Inc.*, No. 20-cv-0900-DWD (S.D. Ill.) the written responses submitted by the IDOC in response to the 2014 and 2018 reports of the court-appointed experts in this case. Wexford and Defendants in this action are similarly permitted to produce these written responses to plaintiffs in other cases if, and only if, there is a third-party HIPAA-qualified protective order entered in the case which (1) permits the plaintiff(s) (through their counsel) to obtain and possess medical and/or mental health records for third parties, and (2) dictates that such records be maintained confidentially, used only for purposes of the underlying litigation, and be returned or destroyed upon conclusion of that litigation (as dictated by HIPAA). The individual pages of any and all documents produced pursuant to this modified Order shall bear the designation "ATTORNEYS' EYES ONLY: CONFIDENTIAL DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDERS

ENTERED IN 1:10-cv-04603" or "ATTORNEYS' EYES ONLY."

The parties receiving any documents pursuant to this Order will do so subject to the following terms:

(1) The parties shall treat any information contained in them that contains protected health information ("PHI"), as that term is defined at 45 C.F.R. § 160.103, as "Attorney's Eyes Only," as that term is defined in the Court's Agreed Order Appointing Expert (*See* Dkt. 244 ¶ 6a-b);

(2) The parties receiving documents pursuant to this Order are subject to the terms of this Court's April 11, 2012 Stipulated Protective Order (Dkt. 111), with respect to those documents produced as if they were "attorneys of record in this case" except that:

   a. Where that order permits disclosure of the documents only to the "Court, its officers, and any jury seated to hear this case," that term shall be modified to refer to the Court presiding over the underlying litigation;

   b. The parties (and non-parties covered by the protective order entered in the underlying litigation) receiving documents pursuant to this Order "shall use such information [received pursuant to this Order] solely for the purposes of [the underlying] litigation;" and

   c. The parties (and non-parties covered by the protective order entered in the underlying litigation) receiving documents pursuant to this Order may disclose the documents to "Experts, who shall use such information solely for the purpose of [the underlying] litigation" provided that the parties and their experts comply with Paragraph 2(c) of the Stipulated Protective Order (Dkt. 111).

It is so ORDERED.



Honorable Jorge L. Alonso
United States District Judge
United States District Court for the Northern
    District of Illinois

Entered: November 15, 2023