**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DON LIPPERT, *et al.*, | |
| Plaintiffs, | No. 10-cv-4603 |
| v. | |
| LATOYA HUGHES, *et al.*, | Hon. Jorge Alonso |
| Defendants. | |

**DEFENDANTS' MOTION TO MODIFY CONSENT DECREE UNDER RULE 60(b)
OR IN THE ALTERNATIVE TO
TERMINATE THE IMPLEMENTATION PLAN PURSUANT TO 18 U.S.C. § 3626(b)**

A court may not "approve" relief in a prison conditions case unless that relief is "narrowly drawn, extend[s] no further than necessary to correct the violation of the Federal right, and [is] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a) ("PLRA Findings").

In 2019, the parties agreed to a Consent Decree that called for the eventual development of an "Implementation Plan," and further provided that once approved by the Court the Implementation Plan would "be incorporated into, and become enforceable as part of this Decree." Consent Decree, ECF 1557, § IV(C) (the "Incorporation Provision"). Years later, the Court substantially modified the terms of the Consent Decree over Defendants' objections by approving and entering an Implementation Plan that imposed new and detailed requirements on Defendants (collectively the Department of Corrections, or "Department"). As the Court specifically acknowledged, requirements imposed by the Implementation Plan amounted to "prospective relief" as defined by the PLRA, but these requirements were not supported by PLRA Findings. The Court's order approving the Implementation Plan had the legal effect of causing the Implementation Plan to "be incorporated into" and "become enforceable as part of" the Decree.

Despite this, the Court has repeatedly made clear that the PLRA does not allow the Implementation Plan to be treated as equivalent to, or enforceable as part of, the Consent Decree itself.

It is appropriate to modify a consent decree under Rule 60(b), when "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Here, the approval of an Implementation Plan that exceeds the bounds of the PLRA has rendered the Incorporation Provision legally improper, as the Court has observed on multiple occasions. Defendants therefore respectfully request that the Court modify the Decree by removing the Incorporation Provision (Section IV.C.), and replacing it with the following language:

> The Implementation Plan approved by the Court, and any amendment or update thereto, is not and shall not be incorporated into, or be made enforceable as part of, this Decree. The Implementation Plan shall be considered by the Parties to represent the Monitor's considered opinion as to how the Department could work toward implementation of the Decree.

In the alternative, if the Court denies 60(b) relief, the Court should order "immediate termination" of the Implementation Plan pursuant to 18 U.S.C. § 3626(b)(1), because it was "approved . . . in the absence of" PLRA Findings.

## BACKGROUND

The background of this case is well known to the Court and the parties. On May 9, 2019, the Court gave final approval to the Consent Decree, ECF 1238, which was subsequently amended by agreement on June 24, 2022 (as amended, the "Decree"). ECF 1557. The Decree states that "the parties stipulate and the Court finds that this Decree complies in all respects with the [PLRA], 18 U.S.C. § 3626(a)," ECF 1557 at 4–5. The Decree also contemplated that the Department and the Monitor (but not the Plaintiffs) would jointly develop an "Implementation Plan" to "accomplish the obligations and objectives in this Decree." ECF 1557 § IV(A). When the Court approved the Decree and its subsequent amendment, no Implementation Plan had been negotiated or presented for court approval. ECF 1612 at 2. Once approved, however, the "Implementation Plan, and all

amendments or updates thereto," would be incorporated into, and become enforceable as part of the Decree. *See id.* § IV(C).

The Department filed a proposed implementation plan in late 2021, ECF 1513, and then filed a revised plan in mid-2022. ECF 1551. Plaintiffs and the Monitor demanded entry of a revised version of the implementation plan that sought to require extensive changes in the Department's operations, prescribed at a minute level of detail.[1] The Department objected to Plaintiffs' proposed changes to the implementation plan in part because they could not be approved or implemented consistent with the PLRA. *See* Order, ECF 1612, at 6.

On February 21, 2023, the Court rejected the Department's arguments and adopted (with minor modifications) the implementation plan proposed by Plaintiffs and the Monitor. *Id.* at 3–6. In its order approving this implementation plan (which operated to make the Plan "enforceable" as part of the Decree), the Court specifically acknowledged that Plaintiffs' and the Monitor's proposed implementation plan imposed requirements that would require PLRA Findings to be enforceable. *See id.* at 6 (recognizing "the Court cannot enforce specific reform requirements, such as specific staffing requirements, without" PLRA Findings). The Court recognized that it had "not made narrowness-need-intrusiveness findings required by the PLRA on any . . . matters that amount to 'prospective relief'." ECF 1612 at 6. The Court's reason for declining to make PLRA findings was practical, rather than legal: "As a practical matter, it will be difficult, if not impossible, to determine the narrowest, least intrusive means of doing something outside a precise factual context. Realistically, the Court cannot determine now the narrowest, least intrusive means of accomplishing the multitude of tasks recited in the implementation plan . . . ." *Id.*

---

[1] Details regarding the requirements of the Implementation Plan are contained in the Background section of Defendants Opposition to Plaintiffs' Motion to Extend Consent Decree, ECF 1747, which Defendants incorporate here by reference.

Given this concern, the Court declined to take on the task of making PLRA Findings until such a time as Plaintiffs attempted to actually enforce the Decree and the Implementation Plan, cautioning that "any attempt to enforce a provision of the implementation plan, certainly to the extent it concerns a matter such as a particular staffing requirement, will likely require supporting evidence on which the Court can base" PLRA Findings. *Id.* A final version of the approved implementation plan was filed on August 1, 2023. ECF 1688 (the "Implementation Plan").

On January 3, 2024, the Monitor filed his Seventh Report, ECF 1710, which was unsealed on February 2, 2024, ECF 1723. In this report, the Monitor noted that he had changed his methodology for evaluating compliance with the Decree following the rejection of the Department's proposed implementation plan and the approval and entry of the Implementation Plan proposed by Plaintiffs and the Monitor. ECF 1723 at 5. Where the Monitor previously sought to evaluate the Department's compliance with the terms of the underlying Decree itself, in his Seventh Report the Monitor disclosed that the "evaluation of Defendant's progress [was] measured in relation to the Implementation Plan since these are the steps necessary to achieve compliance." *Id.* In other words, the Monitor ceased to directly evaluate compliance with the terms of the Decree actually negotiated by the Parties. Instead, the Monitor shifted focus from those negotiated terms to the far more specific terms of the Implementation Plan, which were entered over the Department's objections, and without the necessary PLRA Findings. *Id.* at 5.

On April 11, 2024, the Court addressed two previously filed motions in open Court: Plaintiffs' motion to extend the Consent Decree, ECF 1727, and Defendants' Motion under Rule 60(b) to modify the Consent Decree by deleting the statement that the Decree "complies in all respects with the [PLRA], 18 U.S.C. § 3626(a)," ECF 1748. *See* Ex. 1, April 11, 2024 Transcript, at 39:6–51:3. Denying Defendants' Rule 60(b) motion and taking Plaintiffs' motion to extend

4

under advisement, the Court made the following observations:

*First*, the Court reiterated its prior statement that "the Court cannot enforce the many obligations of the implementation plan in all its detail, all its minute detail, as if each and every obligation were, in fact, really part of the consent decree, without making the narrowness/need/intrusiveness findings that the PLRA requires." Ex. 1 at 39:18–22.

*Second*, the Court recognized that "the many obligations of the implementation plan cannot be enforced without narrowness/need/intrusiveness findings," and that "this does create tension between that understanding, that ruling, and the language of the decree, to the extent that the decree states that the implementation plan is incorporated into the decree and is, quote, enforceable as part of, closed quote, the decree under Part IV.C. *Id.* at 44:17–23.

*Third*, the Court stated that "[i]f any modification made sense, then that modification should be to the implementation plan incorporation provision in Part IV.C of the consent decree, which, again, may present enforceability issues and which may clearly be problematic in light of *Rasho*." *Id.* at 45:8–12.

*Fourth*, the Court concluded that "the implementation plan should be regarded as a blueprint for achieving compliance with the consent decree, not as a substitute for the consent decree or in addition to it." *Id.* at 45:13–16.

*Fifth*, the Court reaffirmed that "defendants have recourse here. They can move to terminate or modify the decree under 18 USC 3626(b)(2), (3) and (e)(1). Together, these sections provide that the defendants can file a motion to terminate any prospective relief, including a consent decree if the relief was approved or granted in the absence of PLRA findings." *Id.* at 42:24–43:5.

5

## ARGUMENT

### I.     The Court should modify the Consent Decree pursuant to Rule 60(b).

"A court has the authority to alter the prospective effect of an injunction to reflect a change in circumstances, whether of law or fact, that has occurred since the injunction was entered." *Miller v. French*, 530 U.S. 327, 347–48 (2000) (internal citation omitted). The PLRA allows for the modification of prison conditions consent decrees pursuant to Rule 60(b). *See* 18 U.S.C. § 3636(b)(4) ("Nothing in this section shall prevent any party or intervener from seeking modification . . . to the extent that modification . . . would otherwise be legally permissible.").

It is appropriate to modify a consent decree where "applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A party seeking modification of a previously entered consent decree "bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *O'Sullivan v. City of Chi.*, 396 F.3d 843, 861 (7th Cir. 2005) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992)); *see also Buck v. Davis*, 580 U.S. 100 (2017) (discussing Rule 60(b)(6) standard). If "the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 383. The standard for modification in institutional reform litigation is "flexible." *Id*. at 381 (*quoting Heath v. De Courcy*, 888 F.2d 1105, 1109 (6th Cir. 1989)). A 60(b) motion must be filed within a "reasonable" time of the changed in circumstances warranting the revision to the decree. See *Shakman v. City of Chicago*, 426 F.3d 925, 927–30 (7th Cir. 2005) (ruling a 60(b) motion filed years after change in circumstances is timely).

The approval of the Monitor's Implementation Plan over Defendants' objections without PLRA Findings, the incorporation of that Plan into the Decree, and the Court's repeated

recognition that the Implementation Plan is *not* enforceable, together constitute a "significant change in circumstances" justifying modification of the Decree. *Rufo*, 502 U.S. at 383. Retaining the Incorporation Provision in the Decree under these circumstances is no longer equitable or justified. As the Court has repeatedly made clear, fundamental "tension" exists between the facts that (a) the Implementation Plan imposed new obligations without the support of PLRA Findings and is therefore not directly enforceable, and (b) the Implementation Plan has been "incorporated into the decree and is . . . enforceable as part of . . . the decree." Ex. 1 at 44:13–23. Modification is particularly critical given that the *Lippert* Decree, like other institutional reform decrees, "reach[es] beyond the parties involved directly in the suit and impact on the public's right to the sound and efficient operation of its institutions." *Rufo*, 502 U.S. at 381 (*quoting Heath v. De Courcy*, 888 F.2d 1105, 1109 (6th Cir. 1989)).

The proposed modification is also suitably tailored to the changed circumstances. The Supreme Court has instructed that when a court considers modification of an order under Rule 60(b), it should determine "whether the proposed modification is tailored to resolve the problems created by the change in circumstances." *Rufo*, 502 U.S. at 391. Here, Defendants have proposed that the Incorporation Provision in Section IV.C. of the Decree be deleted, and replaced with the following language:

> The Implementation Plan approved by the Court, and all amendments or updates thereto, is not and shall not be incorporated into, or be made enforceable as part of, this Decree. The Implementation Plan shall be considered by the Parties to represent the Monitor's considered opinion as to how the Department could work toward implementation of the Decree.

This proposed modification is narrowly tailored to address the inconsistencies and tensions the Court has repeatedly highlighted to the parties. The Department is merely seeking to amend the Decree so that it conforms to the reality the Court has already recognized—the Implementation Plan details how compliance with the Decree might be achieved, but is not enforceable and should

not be considered as part of the Decree itself because it lacks the support of PLRA Findings. *See* ECF 1612 at 6 (recognizing the Court has "not made narrowness-need-intrusiveness findings required by the PLRA on any . . . matters that amount to 'prospective relief'"); Ex. 1 at 43:19–25, 44:14–23. In other words, Defendants' 60(b) Motion simply seeks to modify the Consent Decree to reflect the undisputed reality already recognized by the Court. *See* ECF 1612 at 6 (recognizing the Court has "not made narrowness-need-intrusiveness findings required by the PLRA on any … matters that amount to 'prospective relief'"); Ex. 1 at 43:19–25, 44:14–23.

## II. In the alternative, the Court should terminate the Implementation Plan pursuant to 18 U.S.C. § 3626(b).

If the Court does not grant the relief requested under Rule 60(b), the Court should terminate the implementation plan under § 3626(b) of the PLRA. "In any civil action with respect to prison conditions, a defendant . . . shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of" PLRA Findings. 18 U.S.C. § 3626(b)(2); *see also Berwanger v. Cottey*, 178 F.3d 834, 836 (7th Cir. 1999). "The court shall promptly rule on any motion to modify or terminate prospective relief . . . . Mandamus shall lie to remedy any failure to issue a prompt ruling on such a motion." 18 U.S.C. § 3626(e). The filing of a motion under § 3626(b)(2) "shall operate as a stay [of the relief] beginning on the 30th day after such motion is filed." 18 U.S.C. § 3626(e)(2)(a). "The court may postpone the effective date of an automatic stay specified in subsection (e)(2)(A) for not more than 60 days for good cause. No postponement shall be permissible because of general congestion of the court's calendar." 18 U.S.C. § 3626(e)(3).

As the Supreme Court has ruled, "Section 3626 prohibits the continuation of prospective relief that was approved or granted in the absence of" PLRA Findings. *Miller v. French*, 530 U.S. 327, 346–47 (2000) (cleaned up). "Accordingly, if prospective relief under an existing decree had

been granted or approved absent such findings, then that prospective relief must cease, unless and until the court makes findings on the record that such relief" is justified by PLRA Findings. *Id.* "The PLRA's automatic stay provision assists in the enforcement of §§ 3626(b)(2) and (3) by requiring the court to stay any prospective relief that, due to the change in the underlying standard, is no longer enforceable, *i.e.*, prospective relief that is not supported by the findings specified in §§ 3626(b)(2) and (3)." *Id.*

Here, the terms of the Implementation Plan qualify as "prospective relief" under the PLRA. The PLRA defines the term "relief" to mean "all relief in any form that may be granted or approved by the court." 18 U.S.C. § 3626(g)(9). The PLRA also defines the term "prospective relief" to mean "all relief other than compensatory money damages." 18 U.S.C. § 3626(g)(7). The terms of the Implementation Plan, which has been "incorporated into, and become enforceable as part of" the Decree, Ex. 1 at 44:14–23, plainly fall within the definition of "prospective relief." *See Doe v. Cook Cnty.*, 798 F.3d 558, 566 (7th Cir. 2015) (holding that staffing plan drafted by a court "administrator" pursuant to a consent decree qualified as "prospective relief" under the PLRA); *see also Rasho v. Walker*, 2022 U.S. Dist. LEXIS 129805, at *13 (C.D. Ill. July 21, 2022) (discussing definition of "prospective relief" under the PLRA). Additionally, there can be no doubt that the terms of the Implementation Plan were "approved" in the absence of PLRA Findings, as the Court has already acknowledged on at least two occasions. *See* Order, ECF 1612, at 6 (acknowledging that "defendants are correct that the Court has not made narrowness-need-intrusiveness findings required by the PLRA"); Ex. 1 at 39:6–51:3.

Defendants are therefore "entitled to the immediate termination of" each term of the Implementation Plan, unless the Court enters factual and legal findings sufficient to show that each such term "remains necessary to correct a current and ongoing violation of [a] Federal right,

extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." 18 U.S.C. § 3626(b)(3); *see also Doe*, 798 F.3d at 566. That said, after any termination of the Implementation Plan, the Department will continue to take the Plan into consideration as representing the considered opinion of the Monitor as to how the Department could work toward implementation of the Decree.

## CONCLUSION

For these reasons, the Court should grant Defendants' Motion To Modify Consent Decree Pursuant to Rule 60(b). In the alternative, the Court should terminate the Implementation Plan.

Dated: April 18, 2024

R. Douglas Rees
Isaac Freilich Jones
Christopher R. Fletcher
Michael D. Arnold
Assistant Attorneys General
Office of the Illinois Attorney General
115 S. La Salle Street
Chicago, Illinois 60603
(312) 814-3720
*richard.rees@ilag.gov*
*isaac.freilichjones@ilag.gov*
*christopher.fletcher@ilag.gov*
*michael.arnold@ilag.gov*

Respectfully submitted,

Defendants Latoya Hughes, *et al*.

KWAME RAOUL
Illinois Attorney General

By: *s/ Isaac Freilich Jones*