# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DON LIPPERT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 10 C 4603 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| LATOYA HUGHES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs' motion to extend the consent decree [1727] is granted. The consent decree is extended to May 9, 2027. The Court enters findings of fact to support the extension, as proposed by plaintiffs. Plaintiffs' motion to file supplemental complaint [1776] is granted. Plaintiffs' motion to file amended proposed findings of fact [1783] is granted. Plaintiffs' motion for leave to file reply [1785] is granted.

## STATEMENT

On May 9, 2019, based on the agreement of the parties, this Court entered a consent decree (ECF No. 1238), which was subsequently amended in small part (ECF No. 1557). The consent decree requires defendants to implement various reforms of the Illinois Department of Corrections ("IDOC") health care system in order to provide inmates with constitutionally adequate medical and dental care. The principal issue before the Court is whether to extend the consent decree under Section IX.B.5, which provides as follows:

> 5. This Decree and the Court's jurisdiction over the Decree and underlying case shall terminate five (5) years after the Effective Date, with respect to any provisions of the Decree for which there is no outstanding determination that Defendants are not in substantial compliance. ***If the Court determines that Defendants are not in substantial compliance with any provisions of the Decree at any time during the five (5) year period of the Decree, the Court's jurisdiction with respect to such provisions shall continue*** for the remainder of the five (5) year period or for a period to be determined by the Court of not more than three (3) years from the date of the Court's finding the Defendants are not in substantial compliance. If after eight (8) years, the Court determines that the Defendants have failed to come into substantial compliance with respect to one or all provisions of the Decree, the Court's jurisdiction with respect to such provisions shall continue for a period of not more than two (2) additional years for that particular provision(s). In any event, this Decree shall terminate no later than ten (10) years after its Effective Date.

(Am. Consent Decree at 26, ECF No. 1557 (emphasis added).) Regarding "substantial compliance," the consent decree defines the term, in part, to "refer to instances in which any violations are minor or occasional and are neither systemic nor serious." (*Id.* at 4.) The consent decree provides in Section V for the selection and appointment of a "Monitor," who "shall . . . evaluate Defendants' compliance with [the] Decree," providing regular reports to the Court and the parties on whether defendants are in substantial compliance, partial compliance or non-compliance. (Am. Consent Decree at 20, ECF No. 1557.) The Monitor's most recent report was partially geared toward defendants' progress on the implementation plan entered by the Court pursuant to Section IV.A. of the consent decree. Therefore, the Court asked the parties to submit proposed findings of fact focusing more narrowly on whether defendants have achieved substantial compliance with any terms of the decree.

Plaintiffs' proposed findings of fact helpfully abstract, condense, and summarize information in the Monitor's lengthy reports, and they amply demonstrate that defendants have not achieved substantial compliance with any provisions other than Sections III.A.1, III.A.5, III.A.8, III.H.5, and III.M.1.d. Therefore, the Court grants the motion to extend the consent decree as to all other provisions.

In reaching this decision, the Court has fully considered defendants' proposed findings of fact, which, if entered, would have led to a denial of the motion to extend for failure to demonstrate that defendants have not achieved substantial compliance. The short time between the filing of these proposed findings and the deadline for extension of the decree does not allow for as full an explanation of the Court's reasoning as it would like, but the Court will explain here in brief, general terms that it rejects these proposed findings due to the following deficiencies. First, defendants' proposed findings do not account for the importance of—and their own responsibility for—tracking outcomes, measuring performance, and gathering data generally. Many of the provisions of the consent decree are interrelated in the sense that certain provisions are about tracking and generating information needed to assess compliance with other provisions, and defendants' attempt to blame plaintiffs or the Monitor for a dearth of information on certain points falls flat. *Defendants* are the ones who have or should be generating the information necessary to evaluate compliance, which they should be readily able to marshal to demonstrate substantial compliance, once they have achieved it. Regarding the Monitor's inspections turning up serious-seeming deficiencies, defendants frequently argue that these are isolated incidents that should not be deemed to demonstrate that systemic problems remain—but defendants should be able to marshal the data to put these deficiencies in their proper context, if they are truly isolated incidents.

Second, defendants do not account for the importance of not only changing policies and procedures, but *implementing* the new policies and procedures by ensuring that its staff know how to execute them and demonstrating that they are actually executing them in practice. They frequently state that they are in substantial compliance because they have formulated a new policy. While the Court is truly pleased that they have made so much progress when it comes to formulating new policies and procedures to bring the standard of medical care they provide up to constitutional standards, the job is not done until they have been implemented, and there is much to do on that front. (This is not surprising, given that the implementation plan was entered years later than the parties originally contemplated.) In the end, defendants' proposed findings amount to glorified dust-throwing, and the Court expects more from them, if they intend to demonstrate

2

that they have corrected the constitutional deficits that the consent decree is meant to remedy; it will not do to agnostically complain that no one has proved to a certainty that they have not. Therefore, plaintiffs' motion to extend the consent decree is granted. Plaintiffs' motion to file amended proposed findings is likewise granted.

That leaves the matter of plaintiffs' motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). The Court agrees with plaintiffs' argument in their reply brief (which the Court grants leave to file) that *Habitat Education Center, Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008) (citing *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226-27 (1964)), persuasively explains why plaintiffs' supplemental complaint is appropriate. If defendants still believe that the Court lacks jurisdiction to entertain any such supplemental pleading, then they can so argue in more depth in their responsive pleading, but the Court is persuaded that the motion for leave to file a supplemental complaint should be granted.

**SO ORDERED.**                                    **ENTERED: May 9, 2024**

_____
**JORGE L. ALONSO**
**United States District Judge**