**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DON LIPPERT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LATOYA HUGHES, *et al.*, <br><br> Defendants. | No. 10-cv-4603 <br><br> Hon. Jorge Alonso |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO MODIFY
CONSENT DECREE UNDER RULE 60(b) OR IN THE ALTERNATIVE TO
TERMINATE THE IMPLEMENTATION PLAN PURSUANT TO 18 U.S.C. § 3626(b)**

In their pending Rule 60(b) motion, Defendants show that modification of the Consent Decree is necessary and appropriate because, as the Court has recognized, the approval of the Monitor-designed Implementation Plan over Defendants' objections without PLRA Findings has created a fundamental and irreconcilable tension between § IV.C. of the Decree and the PLRA. On one hand, the language of § IV.C. makes the Implementation Plan enforceable as part of the Decree, meaning it could be enforced by simple contempt without any PLRA Findings. On the other hand, this Court has repeatedly recognized that the detailed terms of the Implementation Plan *cannot* be enforced without findings confirming that any terms to be enforced comply with the PLRA. To address and resolve this fundamental tension, Defendants propose a carefully tailored modification to the Decree that would bring the language of section IV.C. into alignment with the Court's prior orders interpreting the Decree. Specifically, the Decree would no longer make the Implementation Plan enforceable as an incorporated part of the Decree. Instead, the text of the Decree would accurately describe the Implementation Plan as what it is: the Monitor's considered opinion as to how compliance with the Decree might be achieved. The Implementation Plan would continue to exist as a way to achieve compliance with the Decree, but it would no longer be incorporated into and enforceable as part of the Decree.

Ignoring Defendants' actual arguments and proposed modification, Plaintiffs insist that any modification will "undo," "eviscerate," and "negate" the entire Decree. Plaintiffs have it backwards. Far from weakening the Decree, Defendants' proposed modification would *strengthen* the Decree by resolving the tension between the language in section IV.C. of the Decree and the Court's rulings interpreting the overall terms of the Decree and the requirements of the PLRA. Modification would bring the Implementation Plan into alignment with what the Court has already stated it should be—a guide to achieving compliance with the Decree, but not "a substitute for the consent decree or [an] addition to it." ECF 1768-1 at 45:13–16. The Court should therefore grant Defendants' motion and modify section IV.C. of the Decree to read:

> The Implementation Plan approved by the Court, and any amendment or update thereto, is not and shall not be incorporated into, or be made enforceable as part of, this Decree. The Implementation Plan shall be considered by the Parties to represent the Monitor's considered opinion as to how the Department could work toward implementation of the Decree.

**ARGUMENT**

The Court should grant Defendants' motion to modify the Decree because it meets the standard set by Rule 60(b) and Supreme Court precedent. Granting the proposed modification also could cure the error in the Court's summary denial of Defendants' motion to terminate the Implementation Plan pursuant to 18 U.S.C. § 3626(b).

**I.    The Court should grant Defendants' request for relief under Rule 60(b).**

Defendants' 60(b) motion, ECF 1768, shows that modification of the Decree is appropriate under Rule 60(b) and that their proposed modification is appropriately tailored under the circumstances. Plaintiffs' response, ECF 1796, attempts to refute this showing by misstating what Defendants are seeking and overstating the result. Their arguments fail.

**A.    Plaintiffs' threshold arguments should be rejected.**

Plaintiffs start by raising several threshold arguments that lack merit.

Plaintiffs first claim that 60(b) relief should be rejected because it was actually *Defendants* that created the Implementation Plan. Plaintiffs' Response, ECF 1796, at 2–6. This is revisionist history. While Defendants proposed the first iteration of what eventually became the Implementation Plan, the Monitor objected to that draft, and submitted an "Example Plan" for the Court's consideration. *See* Plaintiffs' Mem. Concerning Resolution of the Monitor's Disagreements with Defendants' Proposed Implementation Plan, ECF 1533, at 1–2. Plaintiffs supported the Monitor and filed a motion that "urge[d] the Court to adopt the Monitor's Example Plan." *Id.* at 2. The Court then ordered Defendants to use the Monitor's "Example Plan" as the basis for future drafts of the implementation plan, instructed that Defendants' next draft "should match the monitor's plan in style and in the level of detail," and directed that "the form of the example plan should serve as [Defendants'] guide." March 16, 2022 Transcript, ECF 1548, at 11:21–12:4.

After Defendants complied with the Court's order and submitted a new draft based on the Monitor's Example Plan, Plaintiffs and the Monitor insisted that the substance of this draft be completely rewritten to conform to the steps the Monitor felt necessary to achieve substantial compliance with the underlying Consent Decree. *See* Order, ECF 1612. The Monitor submitted more than 600 specific criticisms of and edits to the Department's proposed plan. *See* Redlined Proposed Implementation Plan, ECF 1588; Sept. 26, 2022 Transcript, ECF 1587. Defendants objected to most of these proposed changes and comments, *id.*, but the Court again sided with Plaintiffs and the Monitor and ordered Defendants to submit a substantially revised implementation plan that conformed to the Monitor's proposed changes. Order, ECF 1612, at 7–8. In doing so, the Court rejected only seven of the Monitor's more than 600 comments and edits and accepted all others. *Id.*; *see also* Redlined Proposed Implementation Plan, ECF 1588. As a

3

result, the final Implementation Plan the Court approved retained almost nothing from Defendants' original proposed draft. This record shows that the Implementation Plan, far from being the work of Defendants, was nearly exclusively the Monitor's product, and was supported by Plaintiffs and approved by the Court and incorporated into the Decree without PLRA Findings over Defendants' repeated objections.

Next, Plaintiffs say 60(b) relief should be denied because Defendants supposedly "agreed" that PLRA Findings would never be necessary for the entry or approval of any prospective relief relating to the Implementation Plan. Plaintiffs' Response, ECF 1796, at 3–5, 7–8, 9–14. Their sole support for this assertion is the Consent Decree's statement that "the parties stipulate and the Court finds that *this Decree* complies in all respects with the [PLRA]" (the "PLRA Statement") (emphasis added). ECF 1557 at 4–5. According to Plaintiffs, this statement means that the Seventh Circuit's decisions in *Rasho* and *Doe* have no application here. Plaintiffs' Response, ECF 1796, at 9–13. Plaintiffs are incorrect, and as Plaintiffs are aware, the Court has already rejected this argument on more than one occasion.

In approving the Implementation Plan, the Court interpreted the Decree and the Seventh Circuit's ruling in *Rasho* and similar decisions to mean that the Implementation Plan could *not* be enforced as if it were a typical part of the Decree precisely because the prospective relief it imposed was unsupported by specific PLRA Findings. Order, ECF 1612, at 6. On April 11, 2024, the Court reiterated this point, again stating that "the Court cannot enforce the many obligations of the implementation plan . . . as if each and every obligation were, in fact, really part of the consent decree, without making" PLRA Findings. ECF 1768-1 at 39:18–22. In other words, the Court has specifically ruled that prospective relief in the Plan cannot be enforced unless the Court finds that failure to execute such requirements amounts to the violation of a federal right, and the provision

4

being enforced "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See* 18 U.S.C. 3626(a)(1)(A). The Court's orders thus make clear that prospective relief in the Implementation Plan *cannot* be enforced through a motion for simple contempt.

Plaintiffs implicitly ask the Court to reconsider its prior determinations on these points. They attempt to distinguish *Rasho* and *Doe* by saying that "[w]hile the Seventh Circuit took issue with specific staffing requirements in *Rasho*, it does not follow that the parties to a Consent Decree may not agree to have specific requirements be enforceable." Plaintiffs' Response, ECF 1796, at 10; *see also id.* at 13. The problem for Plaintiffs, however, is that *Defendants never agreed to the specific requirements in the Implementation Plan*. As described above, *the Monitor* developed both the form and the substance of Plan, which the Court approved at Plaintiffs' urging and over Defendants' objections, without the entry of any PLRA Findings. The Court was therefore correct to recognize that Seventh Circuit precedent requires the entry of new PLRA Findings prior to the enforcement of prospective relief in the Implementation Plan.

**B.    Defendants have shown that modification of the Decree is appropriate.**

Plaintiffs' response fails to refute Defendants' showing that modification of the Decree is appropriate. Plaintiffs do not (and cannot) dispute that a consent decree should be modified when "applying it prospectively is no longer equitable," or for "any other reason that justified relief." *See* Plaintiffs' Response, ECF 1796, at 6–9; Fed. R. Civ. P. 60(b).[1] Plaintiffs also do not dispute that the Supreme Court has made clear that "a flexible approach is often essential to achieving the goals of reform litigation." *Rufo v. Inmates of Suffolk County*, 502 U.S. 367, 381 (1992). And

---

[1] Plaintiffs expressly concede that modification of a consent decree is warranted when (a) "changed factual conditions make compliance with the decree substantially more onerous," (b) "when enforcement of the decree without modification would be detrimental to the public interest." Plaintiffs' Response, ECF 1796, at 6–7.

5

Plaintiffs do not refute that keeping the Implementation Plan in place as the Monitor's considered opinion as to how compliance with the Decree might be achieved provides the Department with the appropriate flexibility to determine how best to achieve compliance with *the Decree*.

Despite this, Plaintiffs never even try to explain how it *is* equitable to inflexibly continue Decree section IV.C. even though it contradicts the Court's repeated orders that new PLRA Findings are necessary to enforce prospective relief in the Implementation Plan. Rather than acknowledge this central flaw in their opposition, Plaintiffs attempt to obfuscate the issues. Plaintiffs rely on the Decree's statement that it "complies in all respects with the [PLRA]," ECF 1557 at 4–5, and Decree § IV.B., under which any disagreements regarding the plan between Defendants and the Monitor are "submitted to the Court for prompt resolution." Plaintiffs' Response, ECF 1796, 3, 12–13. Plaintiffs say these two provisions granted the Court authority to approve the Implementation Plan without making additional PLRA Findings. In particular, Plaintiffs insist that Defendants' motion should be denied because the approval process was laid out in the Decree, and was therefore anticipated when the Decree was signed. *Id*. at 7–9.

Plaintiffs miss the point. Defendants' 60(b) motion is based on the change in circumstances caused by the Court's recognizing the "tension" that results from having an Implementation Plan incorporated into and directly "enforceable" as part of the Consent Decree, while also acknowledging that the terms of Implementation Plan *cannot be enforced* without PLRA Findings. *See* Order, ECF 1612 (citing 18 § U.S.C. 3626(a)(1)(A)). It is this *outcome* of the approval of the Implementation Plan without the entry of PLRA Findings that justifies 60(b) relief. Plaintiffs do not point to any evidence suggesting this was an "anticipated" feature of the Decree, nor do they explain how it is appropriate to maintain a Decree provision that is legally improper.

Plaintiffs' final "response" to Defendants' motion is to quote Defendants' motion out of

context and accuse Defendants of mischaracterizing the Court's comments recognizing its inability to enforce the terms of the Implementation Plan without those terms being supported by PLRA Findings. *See* Plaintiffs' Response, ECF 1796, at 9. But as Defendants repeatedly made clear, their motion is premised on the Court's recognition that the detailed provisions in the Implementation Plan cannot be enforced absent PLRA Findings, and the tension this has created with Decree section IV.C. *See*, *e.g.*, Motion, ECF 1768, at 5.

### C. The proposed modification is "suitably tailored."

Plaintiffs' last argument is that Defendants' proposed modification is not "suitably tailored." Plaintiffs' Response, ECF 1796, at 14–15. Plaintiffs say the proposed modification would "negate," "undo" and "eviscerate" the Implementation Plan, rendering it "useless." *Id*. at 1, 2, 14. But the proposed modification would do no such thing. If the Court grants Defendants' requested 60(b) relief, **the Implementation Plan will remain in existence**, can be modified over time as circumstances evolve, and will continue to be respected by the parties as representing "the Monitor's considered opinion as to how the Department could work toward implementation of the Decree." ECF 1768 at 2. Defendants are not seeking to change any other provisions in the Decree related to the Implementation Plan, and Plaintiffs retain their right to enforce the terms of the Decree consistent with the Decree's dispute resolution process. *See* Am. Consent Decree, ECF 1557, § X.

Plaintiffs next feign ignorance of Defendants' argument, asserting that "Defendants still have not identified what these 'problems' are" that would justify 60(b) relief under *Rufo*, 502 U.S. at 383. Plaintiffs' Response, ECF 1796, at 14–15. But as Defendants have made clear in multiple filings, the "problem" to be resolved through 60(b) relief is the approval of an Implementation Plan substantially designed by the Monitor over Defendants' objections without PLRA Findings,

7

the incorporation of that Plan as an enforceable part of the Decree, the Court's repeated recognition that the terms of the Implementation Plan are *not* enforceable absent PLRA findings, and the fundamental tension between the requirements of the PLRA and section IV.C. of the Decree. *See*, *e.g.*, Motion, ECF 1768, at 6–7. The Court itself explained this very point when it stated during the April 11, 2024 hearing that section IV.C. of the Decree "may clearly be problematic in light of *Rasho*" after the approval of the Implementation Plan over Defendants' objections without PLRA Findings. *See* April 11, 2024 Transcript, ECF 1768-1 at 45:8–12.

Finally, Plaintiffs' argument fails to recognize that Defendants' proposed modification is consistent with the Court's prior orders regarding the proper role of the Implementation Plan. As the Court stated on April 11, 2024, "the Court cannot enforce the many obligations of the implementation plan in all its detail . . . as if each and every obligation were, in fact, really part of the consent decree, without making" PLRA Findings, and "the implementation plan should be regarded as a blueprint for achieving compliance with the consent decree, not as a substitute for the consent decree or in addition to it." Transcript, ECF 1768-1 at 39:18–22, 45:13–16; *see also id.* at 39:18–45:16. Defendants' proposed modification is carefully tailored to conform the Decree to what the Court has already recognized to be true.

## II. The Court's summary denial of Defendants' request for relief under 18 U.S.C. § 3626(b) was legal error.

Granting Defendants' Rule 60(b) motion could also cure the issue created when the Court summarily denied Defendants' request for § 3626(b) relief seeking termination of the Implementation Plan, ECF 1768 at 8–10, without requiring Plaintiffs to file a response or allowing Defendants to provide further argument. *See* April 29, 2024, Minute Entry, ECF 1773. That decision constituted legal error in two respects.

*First*, the Supreme Court has ruled that "Section 3626 prohibits the continuation of

8

prospective relief that was approved or granted in the absence of" PLRA Findings. *Miller v. French*, 530 U.S. 327, 346–47 (2000) (cleaned up). "Accordingly, if prospective relief under an existing decree had been granted or approved absent such findings, *then that prospective relief must cease, unless and until the court makes findings on the record that such relief*" is justified by PLRA Findings. *Id.* (emphasis added). Here, it is undisputed that: (a) the order approving the Implementation Plan, and the Plan itself, both constitute "prospective relief" as defined in the PLRA; (b) the Implementation Plan was approved in the absence of PLRA Findings; and (c) the Court denied Defendants' request for § 3626(b) relief without making the required PLRA Findings on the record. *See* Order, ECF 1612, at 6 (recognizing the Implementation Plan is prospective relief, and "approving" that relief without PLRA Findings); Minute Entry, ECF 1773 (denying § 3626(b) relief without making PLRA Findings). The Court thus committed legal error by denying Defendants' request for 3626(b) without making any PLRA Findings.

*Second*, when the Court denied Defendants' request for §3626(b) relief, Minute Entry, ECF 1773, the effect of the Court's ruling was to block the automatic stay of the enforceability of the Implementation Plan triggered by Defendants' motion for § 3626(b) relief. As the Supreme Court has made clear, the PLRA requires that once a party has filed a motion to terminate prospective relief under § 3626(b), the challenged prospective relief "must be stayed" starting 30 days after the filing of such a termination request "[i]f the prospective relief under the existing decree is not supported by" PLRA Findings. *Miller*, 530 U.S. at 348; *see also Berwanger v. Cottey*, 178 F.3d 834, 840 (7th Cir. 1999). This stay must remain in effect until the court enters a final order ruling on the termination motion by either granting the termination motion, or entering PLRA Findings that allow the prospective relief to continue. 18 U.S.C. § 3626(e). The Court's summary rejection of Defendants' request for § 3626(b) relief denied Defendants the benefit of the automatic stay.

9

The Department has deferred seeking an appeal of the Court's denial of its motion to terminate the Implementation Plan under 18 U.S.C. § 3626(b) pending the Court's decision on its Rule 60(b) motion.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion and modify the Decree by replacing the current language in section IV.C. with the following language:

> The Implementation Plan approved by the Court, and any amendment or update thereto, is not and shall not be incorporated into, or be made enforceable as part of, this Decree. The Implementation Plan shall be considered by the Parties to represent the Monitor's considered opinion as to how the Department could work toward implementation of the Decree.

| | |
|---|---|
| Dated: May 22, 2024 | Respectfully submitted, |
| R. Douglas Rees<br>Isaac Freilich Jones<br>Christopher R. Fletcher<br>Michael D. Arnold<br>Assistant Attorneys General<br>Office of the Illinois Attorney General<br>115 S. La Salle Street<br>Chicago, Illinois 60603<br>(312) 814-3720<br>*richard.rees@ilag.gov*<br>*isaac.freilichjones@ilag.gov*<br>*christopher.fletcher@ilag.gov*<br>*michael.arnold@ilag.gov* | Defendants Latoya Hughes, *et al*.<br><br>KWAME RAOUL<br>Illinois Attorney General<br><br>By: *s/ Isaac Freilich Jones* |