**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DON LIPPERT, *et al.*,                          )
                                                )
                    Plaintiffs,                 )          Case No. 10 C 4603
                                                )
        v.                                      )
                                                )          Judge Jorge L. Alonso
LATOYA HUGHES, *et al.*,                         )
                                                )
                    Defendants.                 )

## ORDER

Defendants' motion for interlocutory appeal [1915] is denied.

## STATEMENT

On February 10, 2025, this Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' supplemental complaint. Defendants now move for leave to file an interlocutory appeal regarding the denial of the motion as to Plaintiffs' Eighth Amendment claim.

28 U.S.C. § 1292 provides, with certain exceptions, that an appeal is available from a non-final, otherwise non-appealable order only "[w]hen a district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Defendants' request to file an interlocutory appeal is a non-starter for two reasons. First, the Court is not convinced that there is a controlling question of law as to which there is substantial ground for difference of opinion. Defendants' motion reads like a motion for reconsideration; it is essentially a critique of the Court's decision. Every defendant who loses a motion to dismiss could respond by making a similar motion for interlocutory appeal, but a party's "belief that the Court's analysis is incorrect . . . does not amount to a substantial ground" for difference of opinion, nor may a motion for interlocutory appeal be granted "merely because a party disagrees with the ruling of the district judge." *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (internal quotation marks omitted); *see Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (substantial ground for difference of opinion not established by disagreement with district judge or by showing that another judge might apply precedent differently). The Court cited binding precedent which required a ruling in Plaintiffs' favor as to *res judicata*, and it explained that, as to whether the relief requested is appropriate, a ruling is premature. Defendants ask for an interlocutory appeal so that the appellate court can consider whether the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a), which governs this case, requires a different decision, but the "mere presence of a disputed

issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Couch*, 611 F.3d at 634 (internal quotation marks omitted). And, somewhat paradoxically, Defendants also argue that numerous courts in this district *have* made a different decision, but the decisions they cite do not present the identical issue the Court considered in this case. The Court fails to see a substantial ground for difference of opinion, at least not one so weighty that it could fairly justify an interlocutory appeal here without undermining the general rule that appeals must await a final judgment.

Second, the Court fails to see how certifying an immediate appeal is likely to materially advance the ultimate termination of the litigation. Defendants claim that the matters asserted in Plaintiffs' supplemental complaint should be raised through the dispute resolution process set out in the consent decree in this case, not in a separate pleading. But the Court is under the impression that Plaintiffs *are* going to assert that Defendants are in violation of the consent decree in a forthcoming motion to enforce, and the parties will presumably engage in discovery thereafter. Since the parties will likely already be engaged in the sort of proceedings that Defendants say they should be engaged in to resolve the dispute set forth in Plaintiffs' supplemental complaint, the Court fails to see why the elimination of the supplemental pleading will materially advance the ultimate termination of the litigation, which appears likely to continue, in essentially the same form in which Defendants argue it *should* continue, for years.

For the foregoing reasons, the Court declines to certify the controlling questions cited in Defendants' motion for interlocutory appeal. Their motion [1915] is denied.

**SO ORDERED.**                                    **ENTERED:  March 12, 2025**

**JORGE L. ALONSO**
**United States District Judge**