IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> LATOYA HUGHES, *et al.*, <br><br>  Defendants. | No. 10-cv-4603 <br><br> Hon. Jorge Alonso |

**JOINT STATUS REPORT IN ADVANCE OF JUNE 18, 2025 STATUS CONFERENCE**

The parties respectfully submit the following Joint Status Report in advance of the status conference scheduled for June 18, 2025:

**Background**

1. There are three pending matters before the Court—Plaintiffs' motion to enforce, ECF 1924; Defendants' response to Plaintiffs' motion for leave to file exhibits under seal and the Court's April 22, 2025 minute entry regarding that motion, ECF 1932; and Defendants' Motion to Enforce Decree Provisions Relating to Dispute Resolution, ECF 1945. Two of these matters are briefed and ripe for decision—Plaintiffs' motion to enforce, and the Court's request for additional briefing regarding Plaintiffs' motion to file certain documents under seal.

2. The parties agree that the documents Plaintiffs sought to file under seal do not need to be filed under seal. Plaintiffs therefore withdraw their motion to file exhibits under seal (Dkt. 1921) and will re-file the exhibits to their motion on the public docket.

3. As for Plaintiffs' motion to enforce, Defendants filed their response in opposition ECF 1934, on May 19, and Plaintiffs have submitted their reply, ECF 1942.

4. On June 11, 2025, Plaintiffs contacted Defendants about a proposed schedule for further proceedings including proposed dates. Defendants responded the following day, June 12, and stated their belief that a discussion about a proposed schedule was premature. They included

a list of questions to assist them in determining "what type and scope of discovery might be appropriate, and what kind (and length) of hearing might be needed." The parties have a significant disagreement about the need for a hearing and the length of hearing needed to determine Plaintiffs' motion and whether contempt is warranted. Plaintiffs sent a response to Defendants' questions, and, as to discovery, also served their first request for production of documents relevant to their staffing motion on Defendants on June 12, 2025.

5. In preparation for this report, Plaintiffs also asked Defendants' counsel whether the Monitoring team was now able to continue with its work, whether the Monitoring team had received documents, and whether the Monitor's new team member, Dr. Kumar, had yet received a contract enabling him to be paid for work so that the entire team could commence work. Defendants confirmed that (i) the Monitor team was actively at work, (ii) Dr. Kumar had been sent a contract but had not yet returned it with his signature, and (iii) that Defendants were working to collect documents requested by the Monitor, but that the deadline to produce those documents to the Monitor had not yet arrived.

6. On June 13, 2025, Defendants filed a Motion to Enforce Decree Provisions Relating to Dispute Resolution, ECF 1945, and noticed that motion for June 18, 2025, ECF 1946.

**Defendants' statement**

7. Defendants believe the Court should summarily deny Plaintiffs' pending enforcement motion without further proceedings for the reasons stated in Defendants' opposition, ECF 1934. Defendants believe that taking up the issue of determining a discovery schedule and setting hearing on Plaintiffs' motion is unnecessary, and that the best course of action in this case is for the parties to meet and confer, in good faith, to try to eliminate or narrow the issues that may need to be addressed by the Court.

8. Defendants believe that their motion to enforce consent decree provisions relating to dispute resolution, ECF 1945, should be decided prior to considering Plaintiffs' motion to enforce the consent decree provisions relating to staffing. After Defendants' motion to enforce is resolved, Defendants believe that the Court should set a status conference to consider appropriate next steps, including (if necessary) discovery and a hearing.

**Plaintiffs' Statement**

9. Plaintiffs proposed the following briefing schedule as to their enforcement motion, ECF 1924:

    i. Document production to be made on a rolling basis and to be completed no later than **July 14**;

    ii. Parties to exchange names of witnesses by **July 15**, excluding any experts who will be providing reports;

    iii. Non-"expert" depositions to be completed by **July 25**;

    iv. Expert disclosures to be made no later than **July 31**, and expert depositions to be completed by **August 8**;

    v. **Show cause hearing to take place in second half of August, subject to the court's schedule.** Plaintiffs anticipate the hearing will take 1-2 days;

    vi. Parties to submit proposed findings of fact and conclusions of law no later than 14 days after the conclusion of the hearing, with each party permitted to respond to the other's proposed findings no later than 7 days thereafter.

10. Plaintiffs ask that, at the June 18 status conference, this Court issue a ruling finding Defendants in breach of the Consent Decree's provisions related to staffing, order Defendants to show cause why they should not be held in contempt for those breaches, set a schedule for

3

discovery, and set a show cause hearing on Defendants' contempt. If the Court should wish Plaintiffs to provide an affidavit as required by Local Rule 37.1 as part of these proceedings, Plaintiffs will gladly provide it. As to Defendants' motion to enforce the consent decree's dispute resolution provisions, Plaintiffs do not believe this motion should have priority for the reasons stated in their enforcement reply, ECF 1942 at 26-28.

| | |
|---|---|
| Dated: June 13, 2025 | Respectfully submitted, |
| By: *s/ Isaac Freilich Jones*<br>*One of the counsel for Defendants* | By: *s/ Samantha R. Reed*<br>*One of the counsel for Plaintiffs* |
| KWAME RAOUL<br>Illinois Attorney General | Harold C. Hirshman<br>Diane O'Connell<br>Dentons US LLP<br>233 S. Wacker Drive, Ste. 5900<br>Chicago, IL 60606 |
| R. Douglas Rees<br>Isaac Freilich Jones<br>Michael D. Arnold<br>Christopher Fletcher<br>Office of the Illinois Attorney General<br>115 S. La Salle Street<br>Chicago, Illinois 60603<br>(312) 814-3000<br>*richard.rees@ilag.gov*<br>*isaac.freilichjones@ilag.gov*<br>*michael.arnold@ilag.gov*<br>*Christopher.fletcher@ilag.gov* | Alan Mills<br>Nicole R. Schult<br>Alyssa Meurer<br>Uptown People's Law Center<br>4413 North Sheridan<br>Chicago, IL 60640<br><br>Camille E. Bennett<br>Samantha Reed<br>Roger Baldwin Foundation of ACLU, Inc.<br>150 N. Michigan Ave., Ste. 600<br>Chicago, IL 60601 |