**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DON LIPPERT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 10-cv-4603 |
| v. | ) | |
| | ) | Honorable Judge Jorge L. Alonso |
| LATOYA HUGHES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT IN RESPONSE TO MOVANT ANTHONY LEE'S MOTION TO INTERVENE AND MOTION TO MODIFY PROTECTIVE ORDER**

Defendants provide this statement in response to Anthony Lee's ("Movant") Motion to Intervene and Modify Protective Order pursuant to the Court's Minute Order. *See* Dkt. 2123.[1] As explained further below, Movant's motion is premature, as negotiations and/or litigation between Movant and multiple subpoena recipients regarding the appropriate scope of any discovery into *Lippert* matters in *Lee* remain ongoing. For example, Defendants understand that Wexford, a defendant in the *Lee* matter, intends to move to quash Movant's third-party subpoena to UPLC, and the court in Movant's case has not yet considered or resolved whether the discovery they seek is relevant, proportional, or otherwise meets the requirements of federal law, including Rule 26. Accordingly, the Court should defer consideration of Movant's motion to intervene and Movant's request to modify the existing *Lippert* protective order until negotiations and/or litigation as to the appropriate scope of discovery conclude in the underlying *Lee* matter, and should take up Movant's filings only once that occurs. To the extent that the Court takes up Movant's requests and modifies the protective order to authorize any discovery by Movant, the Court should make clear that the

[1] Pursuant to this Court's Order of October 5, 2026, the undersigned has reviewed Judge Susan Cox's Order of May 4, 2023 (Dkt. 1669).

same rules and restrictions that govern the use of documents produced in this action apply to documents produced to Movant, including but not limited to rules relating to confidentiality, the protection of private health information, and compliance with HIPAA.

1. On October 1, 2026, Movant Lee filed his Motion to Intervene and Motion to Modify Protective Order (Dkt. #2120).

2. Movant has served a subpoena on Uptown People's Law Center – counsel for Plaintiffs' in this action – seeking ESI and documents sufficient to identify names and IDOC numbers of all patients discussed in the Fifth, Sixth, and Eighth Monitor Reports. *See* Movant's Motion to Intervene, Ex. 3. Defendants understand that Wexford, a defendant in *Lee*, intends to file a motion to quash the subpoena served on Uptown People's Law Center.

3. Movant has also subpoenaed the Illinois Department of Corrections for multiple medical records related to the Fifth, Sixth, and Eighth Monitor Reports. *Id.* at Ex. 2.

4. On October 7, 2026, after Movant filed his motion to intervene, he served an additional subpoena on the Illinois Department of Corrections for multiple medical records of approximately 125 individuals. *See* Ex. A. That subpoena seeks thousands of pages of documents and remains unresolved by the District Court in Movant's case. As that subpoena was served after Movant filed his motion, it is not mentioned in his motion. The Department is still reviewing this subpoena, but anticipates that it will likely be necessary to challenge the subpoena or negotiate the production of documents, if any, with Movant.

5. Movant seeks intervention in this case pursuant to Federal Rules of Civil Procedure 24 and 16. Those rules allow for permissive intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); see also Order, Dkt. 1669, at 5 ("The Court adopted a "generous interpretation" of Rule 24(b)

"because of the need for an effective mechanism for third-party claims of access to information generated through judicial proceedings" [Id. (citation omitted)].").

6. Modifying a protective order requires that "courts consider the following four factors: (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Id.* at 6 (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018)).

7. Intervention and modification of the protective order in this case at this moment is premature. For example, the Court cannot yet evaluate whether good cause exists to modify the protective order in this case because Movant and Wexford remain in litigation over Movant's subpoena to UPLC, and the Department of Corrections is still reviewing the most recent subpoena from Movant seeking medical records. It is possible that these processes could narrow, or even eliminate, any need for Movant's intervention and proposed modification of the Court's existing protective orders.

8. To the extent that the Court takes up Movant's requests and modifies the protective order to authorize any discovery sought by Movant, the Court should make clear that the same rules and restrictions that govern the use of documents produced in this action apply to documents produced to Movant, including but not limited to rules relating to confidentiality, the protection of private health information, and compliance with HIPAA.

**CONCLUSION**

For these reasons, Defendants propose that the Court defer consideration of Movant Lee's Motion to Intervene and Motion to Modify Protective Order until ongoing negotiations and litigation regarding the appropriate scope of such discovery has concluded in the underlying *Lee*

case. In the alternative, the Court should make clear that the same rules and restrictions that govern the use of documents produced in this action apply to documents produced to Movant, including but not limited to rules relating to confidentiality, the protection of private health information, and compliance with HIPAA.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

s/*Christopher Ryan Fletcher*
Christopher Ryan Fletcher
Deputy Chief
General Law Bureau
Government Representation Division
115 S. LaSalle Street
Chicago, Illinois 60603
(312) 814-5131
Christopher.Fletcher@ilag.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 19, 2026, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Christopher Ryan Fletcher*